KENNETH B. WILSON, State Bar No. 130009
    kwilson@perkinscoie.com
DIETER H. HELLMOLDT, State Bar No. 221498
    dhellmoldt@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131
Telephone:   (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Defendants
SIMMONS BEDDING COMPANY
and DREAMWELL, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SIMMONS BEDDING COMPANY, an Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada <br><br> Defendants. | CASE NO. 07-CV-03012-PVT <br><br> **DECLARATION OF KENNETH B. WILSON IN SUPPORT OF DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT** <br><br> The Honorable Patricia V. Trumbull |

I, Kenneth B. Wilson, declare:

1. I am an attorney with the law firm of Perkins Coie, counsel of record for defendants Simmons Bedding Company and Dreamwell, Ltd. (collectively referred to as "Defendants"), and I am personally the lead counsel for Defendants in this lawsuit. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.

2. Defendants have requested an extension of time to respond to plaintiff Zinus, Inc.'s ("Zinus") Complaint in this action. Defendant Dreamwell's response is currently due on Thursday, July 12, and defendant Simmons Bedding Company's response is currently due on Tuesday, July 17. Defendants need this extension because I am out of state on a family vacation

1  for the next several days, and because it will take some time for me and my firm to investigate
2  the factual and legal issues in this case before a response to the Complaint can be filed in
3  accordance with Federal Rule of Civil Procedure 11.

4      3. As an initial matter, there is insufficient time for counsel for Defendants to properly
5  investigate and prepare a response to Plaintiff's Complaint by the current deadlines. Perkins Coie
6  was only selected to represent Defendants on Thursday, July 5, 2007. There are a number of
7  substantive and tactical issues that Perkins Coie must investigate and analyze before a response
8  can be filed on behalf of Defendants, and that investigation and analysis cannot be performed
9  before July 12.

10      4. For example, Plaintiff's Complaint for Declaratory Judgment and Unfair Competition
11  contains 53 paragraphs of relatively detailed factual allegations. Counsel for Defendants has an
12  obligation under Federal Rule of Civil Procedure 11 to investigate these allegations before
13  responding to the Complaint.

14      5. Plaintiff's Complaint contains a claim for declaratory relief of patent non-infringement
15  and invalidity. Regardless of the analysis done by prior counsel, I have an independent
16  obligation under Federal Rule of Civil Procedure 11 to analyze Plaintiff's infringement and any
17  invalidity issues Plaintiff has raised before filing a response to the Complaint on behalf of
18  Defendants. As this Court is well aware, such analysis requires counsel to review and analyze
19  the patent at issue; obtain, review and analyze the prosecution history; and obtain information
20  about, review and analyze the apparatus or method in dispute. This is not a task that can be
21  performed in a couple of days.

22      6. Plaintiff's Complaint also contains a claim for false advertising that does not appear to
23  state a claim upon which relief can be granted. Defendants' counsel needs to analyze and
24  research those allegations, decide whether to raise the apparent deficiencies in the claims by a
25  motion to dismiss, and prepare the motion if necessary.

26      7. Plaintiff's Complaint also raises issues of personal jurisdiction and subject matter
27  jurisdiction that must be investigated before a response to the Complaint can be filed. There is

28

simply not time to perform the required analysis of these an other issues before the current deadlines for responding to the Complaint.

8. In addition, on Sunday, July 8, 2007 I left for a long-planned family vacation to Massachusetts, which is where I am preparing this Declaration. I will not be back into the office until Monday, July 15, and I will only be in the office for a relatively small portion of that week. As a result, it is not feasible for me to investigate and prepare the response for filing until the first part of August.

9. On July 5, 2007 in the afternoon, I was advised by Defendants that Perkins Coie had been selected to represent Defendants in this litigation. I was out of the office that day, but the next morning, July 6, I telephoned Darien Wallace, counsel for Plaintiff, with the intention of asking him for an extension of time to respond to the Complaint until August 8. However, nobody at Mr. Wallace's office answered the phone, so I left him a message asking him to call me back. I did not hear anything back from Mr. Wallace that day.

10. On July 9, 2007 at approximately 10:30 a.m., while on vacation, I e-mailed Mr. Wallace to request an extension of time for Defendants to respond to the Complaint. Attached to this Declaration as Exhibit A is a true and correct copy of that e-mail.

11. On July 9, 2007 at approximately 5:00 p.m. (actually 8:00 p.m. EST, which is the time zone in which I am currently located), I received an e-mail from Mr. Wallace refusing to grant the requested extension. Attached to this Declaration as Exhibit B is a true and correct copy of that e-mail.

12. There have been no previous time modifications in the case, either by stipulation or by Court order. The proposed enlargement of time to respond to the Complaint would have no impact on the remainder of the schedule for the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

- 3 -
DECLARATION OF KENNETH B. WILSON IN SUPPORT OF
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
CASE NO. 07-CV-03012-PVT
91004-0014/LEGAL13384737.1

1
2   Executed this 10th day of July, 2007 in Lexington, Massachusetts.
3
4                                        /s/
                                    Kenneth B. Wilson
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -
DECLARATION OF KENNETH B. WILSON IN SUPPORT OF
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
CASE NO. 07-CV-03012-PVT
91004-0014/LEGAL13384737.1

# EXHIBIT A

DECLARATION OF KENNETH B. WILSON IN SUPPORT OF
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
CASE NO. 07-CV-03012-PVT

**From:** Wilson, Kenneth (Perkins Coie)
**Sent:** Monday, July 09, 2007 10:37 AM
**To:** Darien@ImperiumPW.com
**Cc:** Hellmoldt, Dieter (Perkins Coie)
**Subject:** Simmons adv. Zinus

Darien:

I hope all is well with you. I wanted to let you know that we will be representing Dreamwell and Simmons Bedding in the lawsuit you recently filed on behalf of Zinus.

We are still in the process of being formally retained, and have not been able to thoroughly analyze the allegations of the Complaint yet. In addition, I am out of the office on vacation this week. Therefore, I'd like to ask for an extension of time to respond to the Complaint on behalf of both defendants until August 8. We do not intend to ask for another extension with respect to the Complaint, and we do not propose moving any of the other dates in the case.

Please get back to me as soon as you get a chance.

Thanks,

Ken

# EXHIBIT B

DECLARATION OF KENNETH B. WILSON IN SUPPORT OF
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
CASE NO. 07-CV-03012-PVT

**From:** darien [mailto:darien@imperiumpw.com]
**Sent:** Monday, July 09, 2007 5:01 PM
**To:** Wilson, Kenneth (Perkins Coie)
**Cc:** Hellmoldt, Dieter (Perkins Coie); 'Lester Wallace'
**Subject:** Zinus v. Simmons

Ken,

Zinus is losing money each day that goes by because of the effect on Wal-Mart of Dreamwell's statements that Zinus is infringing a Simmons patent. Therefore, we cannot agree to extend beyond Thursday the date on which Dreamwell must respond to the complaint. Doing so would adversely affect our client because the contents of Dreamwell's answer will be a factor in determining whether Wal-Mart will buy products from Zinus. For example, Zinus might be able to stop its daily losses if the answer does not deny Zinus' statement of non-infringement and if Wal-Mart is not joined in a counter-claim.

Sorry not to be able to extend you the professional courtesy of an extension in this instance. We look forward to receiving the answer and learning whether Dreamwell's cease-and-desist letter had any basis.

Regards,

Darien


Darien K. Wallace
Imperium Patent Works
P.O. Box 587
Sunol, CA 94586
Tel: (925) 550-5067

---

**From:** Wilson, Kenneth (Perkins Coie) [mailto:KWilson@perkinscoie.com]
**Sent:** Monday, July 09, 2007 10:37 AM
**To:** Darien@ImperiumPW.com
**Cc:** Hellmoldt, Dieter (Perkins Coie)
**Subject:** Simmons adv. Zinus

Darien:

I hope all is well with you. I wanted to let you know that we will be representing Dreamwell and Simmons Bedding in the lawsuit you recently filed on behalf of Zinus.

We are still in the process of being formally retained, and have not been able to thoroughly analyze the allegations of the Complaint yet. In addition, I am out of the office on vacation this week. Therefore, I'd like to ask for an extension of time to respond to the Complaint on behalf of both defendants until August 8. We do not

intend to ask for another extension with respect to the Complaint, and we do not propose moving any of the other dates in the case.

Please get back to me as soon as you get a chance.

Thanks,

Ken

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.