DARIEN K. WALLACE (Bar No. 139798)
T. LESTER WALLACE (Bar No. 159967)
IMPERIUM PATENT WORKS
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com.com
Telephone:  925-862-9972
Facsimile:   925-835-5804

Attorneys for Plaintiff
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>            Plaintiff,<br>   v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br>            Defendants. | Case No.: C07-03012 PVT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**<br><br><br><br>The Honorable Patricia V. Trumbull |

Plaintiff Zinus, Inc. ("Zinus") hereby opposes the motion by defendants Dreamwell, Ltd. and Simmons Bedding Company (collectively "Defendants") for an enlargement of time to respond to the Complaint in this action.  This opposition is accompanied by a (i) a Declaration of Darien Wallace in Support of Zinus' Opposition to the Motion to Extend ("Wallace Declaration"), (ii) a Declaration of Scott Reeves in Support of Zinus' Opposition to the Motion to Extend ("Reeves Declaration") and (iii) a [Proposed] Order Denying Defendants' Motion for Enlargement of Time to Respond to Complaint ("Proposed Order").

The deadline for filing defendant Dreamwell's answer is July 12, and the deadline for filing Simmons' answer is July 17.  Defendants' motion requests postponing the July 12 deadline by 27 days until August 8, 2007.  In their motion, the Defendants have given no

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                     Case No. C07-03012 PVT
MOTION FOR ENLARGEMENT OF TIME TO
RESPOND TO THE COMPLAINT     1

reasons for extending their time to answer the Complaint other than for the convenience of their newly selected counsel who, according to the motion, "was only selected to represent Defendants on Thursday, July 5, 2007", seven days before the Defendants' answer is due.

Defendant Simmons is a big company with an in-house legal department and adequate financial resources to be able to hire a team of competent attorneys who could answer the Complaint in this case by the deadline set by the Federal Rules.  Defendants sent a cease-and-desist letter to Wal-Mart dated May 18, 2007, bragging that Simmons "is one of the world's largest manufacturers of bedding products." [See Declaration of Scott Reeves in Support of Zinus' Opp. to Defs' Motion to Extend Time, ¶ 2, Exh. R-B]  Defendants have had adequate time and resources to answer the Complaint in a timely manner particularly in this situation where the Complaint is a request for a declaratory judgment that was filed in response to a seriously worded cease-and-desist letter the Defendants themselves generated.  Even before the law firm of Ropes & Gray LLP sent the Defendants' cease-and-desist letter dated May 18, 2007, Defendants' in-house attorneys were well aware of the patent and how it relates to Zinus allegedly infringing product. [See Declaration of Darien Wallace in Support of Zinus' Opp. to Defs' Motion for Enlargement of Time, ¶ 3].  Simmons' in-house attorneys had analyzed Zinus' allegedly infringing product with relation to the claims of United States Patent Number Re. 36,142 at least as early as March 2007. [Id.]  Simmons' in-house attorneys have stated that Simmons made a thorough and deliberate decision before sending out the cease-and-desist letter of May 18, 2007. [Id.]  If these statements by Simmons' in-house attorneys are incorrect and Defendants have not yet investigated the factual and legal issues surrounding the declaratory judgment action, then Defendants did not investigate those issues before sending the seriously worded cease-and-desist letter to Wal-Mart, which has harmed and continues to harm Zinus.  Defendants should not be permitted both to claim that they made a thorough analysis before sending out their cease-and-desist letter as well as be allowed to pursue a litigation strategy based on a claim that their litigation counsel has not had an opportunity to investigate the factual and legal issues of a declaratory judgment action that resulted from their sending the cease-and-desist letter.

Waiting 23 days (June 12 until July 5) to select litigation counsel is a delay tactic on the part of Defendants that should not be allowed to harm Zinus.  Not only did Defendants select outside counsel at the last moment on July 5, but the counsel Defendants selected was about to leave on "a long-planned family vacation".  Without obtaining an extension of time in which to file Defendants' answer, the newly selected counsel then left on his long-planned vacation three days later on July 8.  This particular attorney's alleged inability to answer the Complaint due to his desire to vacation cannot be an adequate and just reason to extend the July 12 deadline for answering in this case because: 1) Plaintiff will likely be seriously harmed by the delay, 2) there are other attorneys at the Perkins Coie LLP law firm, in-house at Defendants' offices, and at the Ropes & Gray LLP law firm, who can prepare the answer, and 3) Defendants Simmons and Dreamwell are to blame for their late selection of counsel who would then be unable to meet the deadline.  Defendants' motion contains no declaration from Defendant Simmons or from Defendant Dreamwell as to any excuse or reason for Defendants' conduct.

Moving the July 12 deadline for Defendant Dreamwell's answer will likely seriously harm Zinus as set forth in the attached declaration of Scott Reeves, President of Zinus.  As explained in the declaration, Zinus and Wal-Mart have set up a "sales plan" whereby Zinus' revolutionary "Mattress-in-a-Box" product will be sold in Wal-Mart stores. [Id., ¶ 7]  Wal-Mart is the world's largest company and largest retailer, and the "sales plan" represents a valuable opportunity for Zinus.  [Id., ¶ 8]  In the opinion of Mr. Reeves, if the sales plan is carried out, then Wal-Mart could sell $1 billion annually of Zinus product.  [Id.]  The head of all merchandise at Wal-Mart, Mr. John Flemming, told Mr. Reeves in a face-to-face conversation that Mr. Flemming also believed that Wal-Mart could sell $1 billion dollars of Zinus product annually if the sales plan were to be carried out [Id.].  Mr. Flemming indicated that Wal-Mart liked the sales plan and that the sales plan was to be carried out. [Id., ¶ 9]

After being very positive about carrying out the sale plan with Zinus, Wal-Mart then informed Zinus that the sales plan was on hold specifically due to the cease-and-desist letter from Simmons dated May 18, 2007. [Id., ¶ 10]  Wal-Mart stated that all that was necessary to go forward with the plan to sell Zinus' Mattress-in-a-Box product in Wal-Mart stores was

PLAINTIFF'S OPPOSITION TO DEFENDANTS'  
MOTION FOR ENLARGEMENT OF TIME TO     3  
RESPOND TO THE COMPLAINT

Case No. C07-03012 PVT

approval from Wal-Mart's legal department, which had not been obtained due to the cease-and-desist letter from Simmons. [Id.]  Zinus then received a letter dated July 6, 2007 from Mr. Michael Li, Assistant General Counsel, in Wal-Mart's legal department. [Id., ¶ 12, Exh. R-G]  The letter states that Wal-Mart's internal review of the matter is not complete, and "we expect that it will not be ***until such time as the defendants answer the declaratory judgment action filed by Zinus***" (emphasis added).  The letter from Michael Li states that Wal-Mart will not go forward with the plans of its sales people to sell Zinus' Mattress-in-a-Box product until Defendants file their answer. [Id.]

Zinus believes that the infringement charge in Simmons' cease-and-desist letter of May 18, 2007 is entirely baseless, and that Rule 11 will prevent Dreamwell's answer from containing an infringement claim.  Zinus has therefore been anxiously awaiting July 12th and Dreamwell's answer in the hope that the content of the answer will satisfy Wal-Mart's legal department such that Wal-Mart's legal department will allow the Zinus sales plan to go forward.

There are lead times involved in obtaining component materials required to make the Zinus Mattress-in-a-Box product. [Id., ¶ 14]  If Zinus does not begin preparations by about July 18, 2007, then Zinus will not be able to fulfill a substantial stage in the sales plan set up with Wal-Mart.  Mr. Reeves believes that the entire sales plan would then most likely not be included in Wal-Mart's next 6-month planning period and perhaps not even in the following 6-month planning period. [Id., ¶ 13]  If the sales plan does not go forward in the very near future, then Wal-Mart will likely commit to placing other products in the store space that was tentatively reserved for Zinus products. [Id.]   Mr. Reeves states, "In my opinion, allowing Simmons until August 8, 2007, to answer Zinus' Complaint will effectively terminate the sales plan" [Id., ¶ 15].

Defendants cannot be allowed to harm Zinus to this degree, where the excuse given is that Dreamwell's in-house counsel delayed in selecting outside counsel until one week before the answer was due, and that then three days later the selected outside counsel went on a vacation. For the foregoing reasons, the Court should deny Defendants' Motion For

PLAINTIFF'S OPPOSITION TO DEFENDANTS'  
MOTION FOR ENLARGEMENT OF TIME TO     4  
RESPOND TO THE COMPLAINT

Case No. C07-03012 PVT

1  Enlargement of Time to Respond to the Complaint.

2

3  Dated: July 11, 2007                    By:      /s/ Darien K. Wallace

4                                                       Darien K. Wallace
                                                    IMPERIUM PATENT WORKS
5                                                   Attorneys for Plaintiff
                                                    ZINUS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28