Kenneth B. Wilson, Bar No. 130009
KWilson@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant
DREAMWELL, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>Defendants. | Case No. 07-CV-03012-PVT<br><br>**DEFENDANT AND COUNTER-CLAIMANT DREAMWELL'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| DREAMWELL, LTD., a limited liability company of Nevada,<br><br>Counterclaimant,<br><br>v.<br><br>ZINUS, Inc., a California Corporation,<br><br>Counterclaim Defendant. | |

Defendant and counterclaimant Dreamwell, Ltd. ("Dreamwell") hereby answers the Amended Complaint for Declaratory Judgment, Unfair Competition and Breach of Contract (the "Complaint" or "Amended Complaint") of plaintiff and counterclaim defendant Zinus, Inc.

("Zinus"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

### RESPONSES TO SPECIFIC ALLEGATIONS

### COMPLAINT AND JURY DEMAND

1. Answering the allegations of Paragraph 1, Dreamwell admits that this lawsuit purports to be a civil action arising under the Patent Laws of the United States, and that a copy of U.S. Patent No. Re. 36,142 (the "'142 Patent") is attached to the Complaint as Exhibit A. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 1.

2. Answering the allegations of Paragraph 2, Dreamwell admits that the Complaint purports to arise under Sections 43(a) of the Lanham Act of 1946, and that it requests as relief damages and an injunction preventing defendants from making false marketplace statements that Zinus' products infringe the '142 Patent. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 2.

3. Answering the allegations of Paragraph 3, Dreamwell admits that Zinus purports to include a breach of contract cause of action under California law. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 3.

### THE PARTIES

4. Dreamwell lacks sufficient knowledge to admit or deny the allegations of Paragraph 4, and on that basis denies those allegations.

5. Answering the allegations of Paragraph 5, Dreamwell admits that it is the owner of the '142 Patent, and that Dreamwell is a wholly-owned subsidiary of Simmons Bedding Company ("Simmons"). Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 5.

6. Dreamwell admits the allegations of Paragraph 6.

7. Dreamwell admits the allegations of Paragraph 7.

**JURISDICTION AND VENUE**

8. Answering the allegations of Paragraph 8, Dreamwell admits that Zinus purports to bring a patent action seeking certain declaratory judgments as remedies. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 8.

9. Answering the allegations of Paragraph 9, Dreamwell admits that this Court has jurisdiction over the subject matter of this action to the extent that the allegations of the Complaint are directed at Dreamwell. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 9.

10. Answering the allegations of Paragraph 10, Dreamwell admits that The Simmons Manufacturing Company ("TSMC") has a facility at 1700 Fairway Dr., San Leandro, California, and that TSMC manufactures, sells and ships mattresses in this judicial district. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 10.

11. Dreamwell denies the allegations of Paragraph 11, as they are not directed toward Dreamwell.

12. Answering the allegations of Paragraph 12, Dreamwell admits that it is a wholly-owned subsidiary of Simmons. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 12.

13. Dreamwell denies the allegations of Paragraph 13.

14. Dreamwell denies the allegations of Paragraph 14.

15. Dreamwell denies the allegations of Paragraph 15.

**INTRADISTRICT ASSIGNMENT**

16. Dreamwell admits the allegations of Paragraph 16.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

17. Dreamwell denies the allegations of Paragraph 17.

18. Dreamwell denies the allegations of Paragraph 18.

19. Answering the allegations of Paragraph 19, Dreamwell admits that Zinus manufactures a bedding product called "Mattress-in-a-Box," which includes a mattress stored in a

1  box. Except as thus expressly admitted, Dreamwell lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and on that basis denies those allegations.

20. Dreamwell lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and on that basis denies those allegations.

21. Dreamwell lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and on that basis denies those allegations.

22. Answering the allegations of Paragraph 22, Dreamwell denies that Simmons manufactures a "comparable mattress" to the Mattress-in-a-Box product. Except as thus expressly denied, Dreamwell lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and on that basis denies those allegations.

23. Answering the allegations of Paragraph 23, Dreamwell admits that in March 2007 Simmons discussed with Zinus the possibility of Simmons purchasing components from Zinus, and that Simmons expressed an interest in visiting the Zinus factory. Except as thus expressly admitted, Dreamwell lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and on that basis denies those allegations.

24. Answering the allegations of Paragraph 24, Dreamwell admits that on or about March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which speak for themselves. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 24.

25. Dreamwell admits the allegations of Paragraph 25.

26. Answering the allegations of Paragraph 26, Dreamwell admits that on or about May 18, 2007, Dreamwell's outside counsel sent a cease and desist letter to Zinus, a copy of which is attached to the Complaint as Exhibit C, and the terms of which speak for themselves. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 26.

27. Answering the allegations of Paragraph 27, Dreamwell admits that its outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the

Complaint as Exhibit D, and the terms of which speak for themselves; that Dreamwell is located in Nevada; and that Wal-Mart is located in Arkansas. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 27.

28. Answering the allegations of Paragraph 28, Dreamwell admits that its outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the Complaint as Exhibit D, and the terms of which speak for themselves; and that the Mattress-in-a-Box product is covered by claim 1 of the '142 Patent. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 28.

29. Answering the allegations of Paragraph 29, Dreamwell admits that its outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the Complaint as Exhibit D, and the terms of which speak for themselves. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 29.

30. Dreamwell denies the allegations of Paragraph 30.

31. Dreamwell denies the allegations of Paragraph 31.

32. Dreamwell denies the allegations of Paragraph 32.

## FIRST COUNT

(Declaratory Judgment of Non-Infringement)

33. Dreamwell incorporates its responses to Paragraphs 1-32 of the Complaint as if fully set forth in response to Paragraph 33.

34. Answering the allegations of Paragraph 34, Dreamwell admits that Zinus purports to bring a patent action seeking certain declaratory judgments as remedies. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 34.

35. Dreamwell denies the allegations of Paragraph 35.

36. Answering the allegations of Paragraph 36, Dreamwell admits that it owns the '142 Patent, and that Dreamwell's outside counsel mistakenly referred to Simmons as Dreamwell's licensee in correspondence with Zinus. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 36.

37. Dreamwell admits the allegations of Paragraph 37.

38. Dreamwell denies the allegations of Paragraph 38.

39. Answering the allegations of Paragraph 39, Dreamwell admits that Zinus purports to seek a judicial determination and declaration that Zinus has not infringed and is not infringing any valid claim of the '142 Patent.

## SECOND COUNT

(Declaratory Judgment of Invalidity)

40. Dreamwell incorporates its responses to Paragraphs 1-39 of the Complaint as if fully set forth in response to Paragraph 40.

41. Answering the allegations of Paragraph 41, Dreamwell admits that Zinus purports to bring a patent action seeking certain declaratory judgments as remedies. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 41.

42. Dreamwell denies the allegations of Paragraph 42.

43. Dreamwell denies the allegations of Paragraph 43.

44. Dreamwell denies the allegations of Paragraph 44.

45. Answering the allegations of Paragraph 45, Dreamwell admits that Zinus purports to seek a judicial determination and declaration that all claims of the '142 Patent are invalid.

## THIRD COUNT

(Unfair Competition — Product Disparagement)

46. Dreamwell incorporates its responses to Paragraphs 1-45 of the Complaint as if fully set forth in response to Paragraph 46.

47. Dreamwell denies the allegations of Paragraph 47.

48. Dreamwell denies the allegations of Paragraph 48.

49. Dreamwell denies the allegations of Paragraph 49.

50. Dreamwell denies the allegations of Paragraph 50.

51. Dreamwell denies the allegations of Paragraph 51.

52. Dreamwell denies the allegations of Paragraph 52.

1   53.   Dreamwell denies the allegations of Paragraph 53.

2   54.   Dreamwell denies the allegations of Paragraph 54.

### FOURTH COUNT

(Breach of Contract)

55.   Dreamwell incorporates its responses to Paragraphs 1-54 of the Complaint as if fully set forth in response to Paragraph 55.

56.   Answering the allegations of Paragraph 56, Dreamwell admits that on or about March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which speak for themselves. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 56.

57.   Answering the allegations of Paragraph 57, Dreamwell admits that Zinus led representatives of Simmons, including Sheri Harms and Bob Carroll, on a tour of the Zinus factory in China; that during the tour, Zinus showed the representatives of Simmons the manufacturing process of the Mattress-in-a-Box product; and that representatives of Simmons took photographs during the tour. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 57.

58.   Answering the allegations of Paragraph 58, Dreamwell admits that on or about March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which speak for themselves. Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 56.

59.   Dreamwell denies the allegations of Paragraph 59.

60.   Dreamwell denies the allegations of Paragraph 60.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

61. Zinus' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Bona Fide Competition)

62. The claims of Zinus' Complaint are barred because Dreamwell has done nothing more than engage in bona fide competition.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

63. The claims of Zinus' Complaint are barred because of Zinus' unclean hands.

## COUNTERCLAIMS

Dreamwell alleges for its Counterclaims against Zinus, on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

### THE PARTIES

64. Dreamwell is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Dreamwell is in the business of licensing its intellectual property, including its patent portfolio relating to bedding products.

65. Zinus is a California corporation, with its principal place of business in Pleasanton, California. Zinus is in the business of manufacturing and distributing, among other things, a mattress product known as "Mattress in a Box."

### JURISDICTION AND VENUE

66. This Court has jurisdiction over the subject matter of Dreamwell's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the patent and trademark laws of the United States.

67.    Venue is proper in this judicial district under 28. U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b), because, among other reasons, Zinus resides in this judicial district and filed the underlying action in this venue.

## FACTUAL BACKGROUND

68.    It appears that Zinus manufactures and sells bedding products, including the Mattress-in-a-Box product, both through retail channels and through original equipment manufacturer (OEM) arrangements, in which its products are sold under separate label.

69.    The Mattress-in-a-Box product is marketed, at least in part, on Zinus' website. Zinus marketing literature, including but not limited to the website text and in packaging, includes a circular logo that sets out the term "POCKET COIL" as stylized text. POCKET COIL® is a federally registered trademark owned by Dreamwell (Reg. No. 2,304,404).

## FIRST COUNTERCLAIM

(Infringement of U.S. Patent No. Re. 36,142)

70.    Dreamwell repeats and realleges the allegations of Paragraphs 1 through 69 of the Answer and Counterclaims as if fully set forth herein.

71.    Dreamwell is the sole owner and assignee of the U.S. Patent No. Re. 36,142, entitled Method of Packaging Resiliently Compressible Articles, which originally issued on April 22, 1997, was re-issued on March 16, 1999, and names C. Edward Steed and Ricky F. Gladney as inventors ("the '142 Patent").

72.    Zinus has infringed and is continuing to infringe the '142 Patent, in violation of 35 U.S.C. § 271, by manufacturing, making, using, importing, offering for sale and/or selling without authority bedding products, including the Mattress-in-a-Box, that are manufactured using the methods disclosed in one or more claims of the '142 Patent.

73.    The activities of Zinus have been without express or implied license from Dreamwell.

74.    Zinus continues to infringe the '142 Patent and, unless enjoined by this Court, will continue to infringe the '142 Patent, and Dreamwell has suffered and will continue to suffer

irreparable harm for which there is no adequate remedy at law. Accordingly, Dreamwell is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

75. As a result of Zinus' infringement of the '142 Patent, Dreamwell has been and will be damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

76. Dreamwell is informed and believes that Zinus' past and continuing infringement of the '142 Patent has been deliberate and willful, and this case is therefore an exceptional case which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

(Infringement of Federally Registered Trademark)

77. Dreamwell repeats and realleges the allegations of paragraphs 1 through 76 of its Answer and Counterclaims as if fully set forth herein.

78. Dreamwell is the sole owner of the federal trademark registration for the trademark POCKET COIL, which it and its licensees have been using in commerce to describe their mattress products exclusively and continuously for more than a decade. Because of this long and continuous use of the mark, Dreamwell owns an incontestable U.S. trademark registration for POCKET COIL.

79. As a result of its and its licensees' use and promotion of POCKET COIL, Dreamwell has built up and now owns valuable goodwill that is symbolized by this trademark.

80. Zinus has used reproductions, counterfeits, copies and/or colorable imitations of Dreamwell's federally registered trademark POCKET COIL in commerce on its Web site, in packaging and in other efforts to market its own products, with the intent to capitalize on Dreamwell's built up goodwill therein and to attract consumers to purchase Zinus' own mattress products.

81. Zinus' activities have been undertaken without express or implied license by Dreamwell.

82. Zinus' use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of Dreamwell's federally registered POCKET COIL trademark, and other acts as alleged herein, are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of such products. The acts alleged herein are further likely to cause confusion as to the affiliation, connection or association between Zinus and its products and Dreamwell.

83. Zinus' past and continuing infringement of the POCKET COIL trademark has been deliberate and willful, and was calculated to harm the goodwill of the POCKET COIL mark and Dreamwell's business, reputation and goodwill.

84. Zinus' acts of trademark infringement have caused and will continue to cause irreparable harm to Dreamwell's business and reputation. It would be difficult to ascertain the amount of compensation that would afford Dreamwell relief for such continuing acts, and Dreamwell's remedy at law is not adequate to compensate Dreamwell for the injuries suffered and/or threatened. Accordingly, Dreamwell is entitled to temporary, preliminary and/or permanent injunctive relief against future infringement pursuant to 15 U.S.C. § 1116.

### THIRD COUNTERCLAIM

(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*)

85. Dreamwell repeats and realleges the allegations of paragraphs 1 through 84 of its Answer and Counterclaims as if fully set forth herein.

86. By the acts described above, Zinus has engaged in unlawful and unfair business practices and has committed unfair, deceptive and misleading acts which have injured and threaten to continue to injure Dreamwell in its business, goodwill and property.

87. As a consequence of Zinus' acts described above, Dreamwell is entitled to an injunction and other relief as specified under California Business and Professions Code Section 17200 *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Dreamwell requests entry of judgment in its favor and against Zinus on both Zinus' Amended Complaint and Dreamwell's Counterclaims as follows:

A. Dismissing Zinus' Amended Complaint with prejudice;

B. Declaring that the '142 Patent is valid and enforceable and that Zinus has infringed one or more claims of the '142 Patent;

C. Granting temporary, preliminary, and/or permanent injunctive relief enjoining Zinus, its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, parent or subsidiary corporations, and affiliates, and all persons in active concert or participation with Zinus, from engaging in further acts of infringement, contributing to or inducing the infringement of the '142 Patent;

D. Awarding damages to Dreamwell in an amount adequate to compensate Dreamwell for Zinus' infringement of the '142 Patent, together with interest thereon, in an amount to be proven at trial;

E. Increasing the damages to three times the amount found or assessed by the Court by virtue of the deliberate and willful nature of Zinus' infringement of the '142 Patent;

F. Granting temporary, preliminary, and/or permanent injunctive relief enjoining Zinus, its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, parent or subsidiary corporations, and affiliates, and all persons in active concert or participation with Zinus, from using the POCKET COIL trademark, or any other copy, reproduction, colorable imitation or simulation thereof, on or in connection with Zinus' goods or services, or from otherwise engaging in acts of unfair competition with respect to that trademark;

G. Awarding Dreamwell its costs incurred in connection with this action, including reasonable attorneys' fees; and

H. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Dreamwell, Inc. hereby demands a trial by jury of all issues so triable.

DATED: August 24, 2007

**PERKINS COIE** LLP

By: _____/s/_____
Kenneth B. Wilson

Attorneys for Defendant and Counterclaimant
DREAMWELL, LTD