1  Kenneth B. Wilson, Bar No. 130009
   KWilson@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA 94111-4131
   Telephone: 415.344.7000
4  Facsimile: 415.344.7050

5  Attorneys for Defendant
   SIMMONS BEDDING COMPANY
6  and Defendant and Counterclaimant
   DREAMWELL, LTD.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 | ZINUS, INC. a California Corporation, | Case No. 07-CV-03012-PVT

13 |            Plaintiff,                 | **DEFENDANT SIMMONS' NOTICE OF MOTION AND MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

14 |     v.                                |

15 | SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada, | Date: October 9, 2007
                                            | Time: 10:00 a.m.
                                            | Before: The Honorable Patricia V. Trumbull
                                            | Location: Courtroom 5

17 |
18 |            Defendants.                 |

19 | AND RELATED COUNTERCLAIMS             |

20

21                **NOTICE OF MOTION AND MOTION**

22 TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

23     PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 12(b)(6),

24 defendant Simmons Bedding Company ("Simmons") will move, and hereby moves, to dismiss

25 plaintiff Zinus, Inc.'s ("Zinus") Amended Complaint for Declaratory Judgment, Unfair

26 Competition and Breach of Contract ("Complaint" or "Amended Complaint") against Simmons.

27 The motion will be heard on October 9, 2007 at 10:00 a.m., or as soon thereafter as the matter

28

may be heard, before the Honorable Patricia V. Trumbull in Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California. Simmons' motion is made on the grounds that the Amended Complaint fails to state a claim on which relief can be granted against Simmons.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the Declaration of Clara DeQuick in Support of Simmons' Motion to Dismiss, the [Proposed] Order Granting Simmons' Motion to Dismiss, the materials on file in this action, and any argument submitted at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Plaintiff Zinus, Inc. ("Zinus") has dragged defendant Simmons Bedding Company ("Simmons") into the middle of this patent dispute by naming Simmons as a defendant, but Zinus has not alleged and cannot allege any facts to suggest that Simmons is even a proper party to this lawsuit. In particular, while Zinus has asserted two declaratory relief claims pertaining to United States Patent Number Re. 36,142 (the "'142 Patent"), the Amended Complaint asserts only that there is "an actual, justiciable controversy between Zinus and [co-defendant] Dreamwell;" there is no averment of any case or controversy between Zinus and Simmons. The absence of such allegations is not surprising, however, as Simmons is neither an assignee nor a licensee of the '142 Patent and has no rights to file suit under that patent.

Similarly, Zinus has asserted a Lanham Act unfair competition claim based on a cease and desist letter sent to one of Zinus' customers. However, Zinus acknowledges in the Amended Complaint that the letter was sent by and behalf of co-defendant Dreamwell, Ltd. ("Dreamwell"). There is no allegation of any conduct by Simmons that might give rise to a claim for Lanham Act violations.

In sum, it is clear from the Amended Complaint that the real dispute here is between Zinus and Dreamwell, and that Simmons is not a proper party to that dispute. Accordingly, Simmons respectfully requests that it be dismissed from this action.

**Statement of Facts**

Background of the Parties and this Lawsuit

Defendant Simmons is a Delaware corporation with its principal place of business in Atlanta, Georgia. [Amended Complaint ¶ 7] According to the Amended Complaint, Simmons is one of the world's largest manufacturers of bedding products. [Amended Complaint ¶ 5]

Defendant Dreamwell is a wholly owned subsidiary of Simmons. [Amended Complaint ¶ 4] Dreamwell is also the sole assignee of the '142 Patent. [*Id.*; Declaration of Clara DeQuick in Support of Simmons' Motion to Dismiss ("DeQuick Decl."), ¶ 3]

Zinus has not alleged and cannot allege that Simmons is an assignee or exclusive licensee of the '142 Patent, or otherwise has standing to bring a suit for infringement of that patent. To the contrary, although Dreamwell's outside counsel mistakenly referred to Simmons as a licensee of the '142 Patent (although not an exclusive licensee) in correspondence to Zinus and one of Zinus' customers, Simmons is neither an assignee nor a licensee of that patent, and has no right to assert the patent in litigation against Zinus or anyone else. [DeQuick Decl. ¶¶ 4-5]

Plaintiff Zinus, Inc. manufactures and sells specialty sleep, travel, and home care products. [Amended Complaint ¶ 4] One of Zinus' products is the "Mattress-in-a-Box" product at issue in this case. [*Id.*]

Allegations of the Amended Complaint

Zinus' first two causes of action are claims for declaratory relief regarding the validity and Zinus' infringement of the '142 Patent. Specifically, Zinus alleged that on May 18, 2007, "Zinus received a cease-and-desist letter from [Dreamwell]" that accused Zinus of infringing the '142 Patent, and requested "an accounting of all sales of Mattress-in-a-Box Products that have occurred within the United States, in order for Dreamwell to determine the monetary damages due for infringing sales." [Amended Complaint ¶ 26] Zinus further alleged that "[i]n addition, Dreamwell sent a letter dated May 18, 2007 to Wal-Mart," a Zinus customer. [*Id.* at ¶ 27] Based on this correspondence, Zinus asserted that it "has an objectively reasonable apprehension that ***Dreamwell*** will bring a patent infringement lawsuit against Zinus and/or Zinus' customers." [*Id.*

at ¶¶ 35, 42 (emphasis added)] Accordingly, Zinus claimed that "there exists an actual, justiciable controversy between Zinus and **Dreamwell**" relating to the validity and Zinus' infringement of the '142 Patent. [*Id.* at ¶¶ 38, 44 (emphasis added)] These two causes of action do not assert that there is a case or controversy between Zinus and Simmons; in fact, Simmons is not so much as mentioned in either of these counts.

Zinus' Third Count for product disparagement in violation of 15 U.S.C. § 1125(a) is based exclusively on "***Dreamwell's*** cease and desist letter to Wal-Mart." [Amended Complaint ¶¶ 47, 49-50 (emphasis added)] As Zinus repeatedly makes clear, the purportedly actionable conduct consists solely of "***Dreamwell's*** false and misleading statements" in that letter. [*Id.* at ¶¶ 46-54 (emphasis added)] There is no suggestion that Simmons made any of the statements on which this claim is based. Indeed, aside from the conclusory assertion in Paragraph 52 that "Simmons caused Dreamwell to make the false and misleading statements regarding products of Zinus," there are no allegations in the Third Cause of Action that relate to Simmons.[1]

Finally, Zinus has asserted a Fourth Count for Breach of Contract in which it alleges that Simmons breached a confidentiality agreement between Zinus and Simmons. But the Amended Complaint contains no allegation that Zinus performed its own obligations under the contract at issue.

## Argument

I. **ZINUS' CLAIMS AGAINST SIMMONS MUST BE DISMISSED BECAUSE ZINUS HAS NOT ALLEGED AND CANNOT ALLEGE A CLAIM ON WHICH RELIEF CAN BE GRANTED AGAINST SIMMONS.**

A. **Legal Standard for Motion to Dismiss for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted without leave to amend if it appears

---

[1] In Paragraph 29 of the Amended Complaint, Zinus does assert that Simmons knew that the statements made by Dreamwell were inaccurate, but it is unclear how that knowledge could support a Lanham Act cause of action in the absence of false statements that were actually made by Simmons. Zinus also alleges in Paragraph 29 that Simmons somehow conspired with Dreamwell to make the statements at issue by providing Dreamwell with confidential information of Zinus, but even if that happened (which Simmons vehemently denies), the Complaint provides no connection between the alleged provision of presumably accurate confidential information about Zinus's manufacturing process and Dreamwell's purported false statements about that same process.

that the plaintiff can plead no set of facts in support of its claim which would entitle it to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In evaluating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *See Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003); *see also Shwarz v. U.S.*, 234 F.3d 428 (9th Cir. 2000). However, it is not proper for the court "to assume that [the plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Counsel of Carpenters*, 459 U.S. 519, 526 (1983).

While the court's consideration of a motion to dismiss is generally confined to the allegations of the pleadings, when the pleading is accompanied by attached documents, those exhibits are deemed part of the pleading and may be considered in assessing a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). In addition, "a document is not 'outside' the [pleading] if the [pleading] specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (citation omitted).

**B. Zinus' Claims for Declaratory Relief Must Be Dismissed as to Simmons Because There is No Case or Controversy Between Zinus and Simmons.**

It is unclear from the text of Zinus' first two causes of action for declaratory relief regarding the validity and Zinus' infringement of the '142 Patent whether Zinus even intended to assert these claims against Simmons. There are no allegations in the first two causes of action that are directed at Simmons; in fact, Simmons is not even mentioned in those causes of action.

Moreover, Simmons is not (and is not alleged to be) an owner, assignee or exclusive licensee of the '142 Patent, or otherwise entitled to bring suit on that patent. [*See* DeQuick Decl.] As a result, Zinus has not alleged and cannot allege the existence of a justiciable case or controversy between Zinus and Simmons with respect to the patent claims. In fact, Zinus clearly and expressly alleges that the case or controversy is with Dreamwell, not Simmons.

To be clear, the Declaratory Judgment Act gives "any court of the United States" subject matter jurisdiction to "declare the rights and other legal relations of any interested party seeking such a declaration," but only where "a case of actual controversy" exists. 28 U.S.C. § 2201(a).

This jurisdiction is limited to matters that are "cases or controversies" pursuant to Article III of the Constitution. *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007). To satisfy the constitutional "case or controversy" requirement, the plaintiff must show that the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests," and "real and substantial," as opposed to "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007); *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, No. 06-1122, slip op. at 5-6 (Fed. Cir. July 20, 2007). Thus, in the patent context, the case or controversy requirement is satisfied "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk*, 480 F.3d at 1381.

The allegations of Zinus' Amended Complaint demonstrate that as defined by the relevant case law, no justiciable case or controversy exists between Simmons and Zinus with regards to Zinus's patent-based claims. Simply put, and in the language of *SanDisk*, Zinus has not alleged and cannot allege that Simmons has asserted rights against Zinus under the '142 Patent.[2] Rather, as Zinus' own pleadings make clear, it is co-defendant Dreamwell that owns the '142 Patent, and that sent the cease and desist letter to Zinus. Accordingly, Zinus cannot maintain claims for declaratory relief against, and those claims should be dismissed with prejudice.

---

[2] Only a patentee can enforce a patent, not a licensee. 35 U.S.C. § 281. Though an exclusive, territorial license might confer standing upon a licensee to sue for patent infringement, Simmons is not such a licensee of the patent; in fact, Simmons does not hold any license to the patent-in-suit. [DeQuick Decl. ¶ 4] Moreover, even if Simmons was a licensee with rights to sue, Simmons has made no efforts to enforce the patents. As the court in *Sandisk* made clear, simply owning the right to assert a patent is not enough to create a case or controversy. *Sandisk*, 480 F.3d at 1381

C. **Zinus Has Not Stated a Lanham Act Violation Against Simmons**

Zinus' Amended Complaint fails to state a claim for a violation of the Lanham Act on the part of Simmons because it does not allege any direct violations of the Lanham Act by Simmons and has not plead the required elements of secondary liability under the Lanham Act.

As is clear from the Amended Complaint, Zinus' Lanham Act claim is based exclusively on statements made by Dreamwell in cease and desist letters that Dreamwell sent to Zinus and its customer Wal-Mart. Indeed, Zinus makes only one allegation related to the purported Lanham Act violation that implicates Simmons in any way. Specifically, Zinus vaguely alleges that "Simmons caused Dreamwell to make the false and misleading statements regarding products of Zinus." This allegation cannot constitute a direct violation of the Lanham Act by Simmons, since Simmons is not alleged to have made the statements at issue.

To the extent Zinus is attempting to rely on some sort of secondary or vicarious liability theory, such a claim also must fail. Zinus appears to believe that it can impose liability on Simmons merely by alleging in conclusory fashion that Simmons somehow caused the allegedly actionable statements to be made. However, Simmons is unaware of any authority that would impose Lanham Act liability on one company for another company's statements under these circumstances. Indeed, to the extent vicarious liability is recognized under the Lanham Act in the trademark context, it requires the primary and secondary tortfeasor "have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over" the actionable conduct. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. 05-15170, ___ F.3d ___, 2007 WL 1892885 (9th Cir. July 3, 2007). Zinus has not made any allegations of this sort with respect to Simmons. Accordingly, the Lanham Act claims against Simmons must also be dismissed.

D. **Zinus Has Not Plead a Required Element of Its Breach of Contract Claim**

It is basic hornbook law that to state a breach of contract claim under California law, a plaintiff must allege four elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau &*

1  *Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1389, 272 Cal.Rptr. 387 (1990). Failure to allege any one of those elements renders a claim subject to dismissal. *Id.* 1990 regarding products of Zinus." *See id.* at 1390 (sustaining demurrer to contract claim where plaintiff failed to allege it had performed its obligations); *see also* Cal. Code Civ. Proc., § 457.

Zinus' Amended Complaint lacks any allegation that Zinus performed its obligations under the contract at issue. This omission is sufficient to warrant dismissal of Zinus' Fourth Count for Breach of Contract.

## Conclusion

For the foregoing reasons, Simmons respectfully requests that this court dismiss Zinus's Amended Complaint against Simmons with prejudice, except for the Fourth Count for Breach of Contract, which should be dismissed with leave to amend.

Dated: August 24, 2007

**PERKINS COIE** LLP

By: _____/s/_____
Kenneth B. Wilson

Attorneys for Defendant
SIMMONS BEDDING COMPANY