IMPERIUM PATENT WORKS
DARIEN K. WALLACE (State Bar No. 139798)
T. LESTER WALLACE (State Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone: 925-862-9972
Facsimile: 925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>　　　　　Defendants.<br><br>DREAMWELL, LTD., a limited liability company of Nevada,<br><br>　　　　　Counterclaimant,<br>　　v.<br><br>ZINUS, INC., a California corporation,<br><br>　　　　　Counterdefendant. | Case No. 07-CV-03012 PVT<br><br>**PLAINTIFF AND COUNTER-DEFENDANT ZINUS, INC.'S OPPOSITION TO DEFENDANT SIMMONS' MOTION TO DISMISS**<br><br>Date:　　October 9, 2007<br>Time:　　10:00 a.m.<br>Location:　Courtroom 5<br>Judge:　　Hon. Patricia V. Trumbull |

　　　Plaintiff and Counterdefendant Zinus, Inc. ("Zinus") hereby opposes Defendant Simmons Bedding Company's ("Simmons") Motion to Dismiss Zinus' Amended Complaint ("Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). This opposition is accompanied by a [Proposed] Order Denying Defendant Simmons' Motion to Dismiss.

I. **LEGAL STANDARD FOR EVALUATING A MOTION TO DISMISS**

The standard governing a Rule 12(b)(6) motion is well settled. Under the federal notice pleading standard, a court may not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); Fed. R. Civ. P. 8(a). In analyzing a motion to dismiss, all material allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1989). A complaint or any claim therein should be dismissed without leave to amend only if the deficiencies of the complaint cannot possibly be cured by amendment. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

II. **COUNTS ONE AND TWO**

The first two counts of the Amended Complaint seek a declaratory judgment that United States Patent Number Re. 36,142 ("the '142 Patent") is invalid and not infringed by Zinus. Zinus acknowledges that Zinus has not alleged that a case or controversy exists between Zinus and Simmons with regard to either of these first two patent-based counts.

III. **COUNT THREE - LANHAM ACT COUNT AGAINST SIMMONS**

The third count of the Amended Complaint is based on a cease-and-desist letter dated May 18, 2007, that contained marketplace statements of fact that were false and misleading and that disparaged Zinus' products in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)). In its motion to dismiss, Simmons argues that it cannot be held directly liable because the cease-and-desist letter was sent by Dreamwell as opposed to Simmons. Simmons further argues that it cannot be held vicariously liable and states that it is unaware of any authority imposing Lanham Act liability on one company for another company's statements.

Contrary to Simmons arguments, the allegations in the Amended Complaint support causes of action for both <u>vicarious liability</u> and <u>direct liability</u> on the part of Simmons for violating section 43(a) of the Lanham Act. A parent corporation may not escape liability for acts that it has directed its subsidiary to take. *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655,

663 (6th Cir. 1979), cert. denied, 444 U.S. 836, 100 S. Ct. 71, 62 L. Ed. 2d 47 (1979); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486-487 (3rd Cir. 2001); *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1309 (S.D. Fla. 2003); *Cattie v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 19980 at 11 (S.D. Cal. Mar. 16, 2007) ("It is well-established that a parent-subsidiary relationship alone is an insufficient basis on which to hold a parent liable for a subsidiary's actions. [citations omitted] There are two exceptions, however: 'a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent.' [citations omitted] <u>Of course, a parent can also be directly liable if it participates in the wrongdoing</u>."(emphasis added)); *Esmark, Inc. v. N.L.R.B.*, 887 F.2d 739, 756-757 (7th Cir. 1989) ("The observations made by Justice Douglas and Judge Hand sixty years ago are still valid today—<u>a parent corporation may be held liable for the wrongdoing of a subsidiary where the parent directly participated in the subsidiary's unlawful actions</u>. Under this "transaction-specific" theory of direct participation, parent companies have been held liable for a wide variety of misconduct by subsidiaries: patent or copyright infringement, false advertising, fraud, conversion, and the creation of a nuisance."(emphasis added)).

In the present case, Simmons is <u>directly liable</u>[1] because, as properly alleged in the Amended Complaint, "Simmons caused Dreamwell to make the false and misleading statements regarding products of Zinus . . .." [Amended Complaint, ¶ 52] Zinus also alleged in paragraph 27 of the Amended Complaint that "a company located in Georgia (Simmons) caused Dreamwell to send the letter." [Amended Complaint, ¶ 27] If this material allegation in Zinus' Amended Complaint is accepted as true, which the standard governing a Rule 12(b)(6) motion requires, then Simmons caused tortious actions to occur, and Simmons can be held

---

[1] In addition, an independent basis for Simmons' liability is vicarious liability. Through discovery, Zinus may establish that Simmons so utterly dominates and controls Dreamwell that Dreamwell is a mere puppet and alter ego of its parent, Simmons. Simmons admits that the *Perfect 10* authority it cites for the showing required to establish vicarious liability under the Lanham Act applies in the trademark context. *Perfect 10* is not on point because Zinus has not alleged trademark infringement.

PLAINTIFF AND COUNTERDEFENDANT ZINUS, INC.'S OPPOSITION TO DEFENDANT SIMMONS' MOTION TO DISMISS     3     Case No. C07-03012 PVT

directly liable for its conduct as a joint tortfeasor. Simmons is liable regardless of whether Simmons actually sent the cease-and-desist letter itself or caused the cease-and-desist letter to be sent by someone else. Accordingly, the allegations in the Amended Complaint that "Simmons caused Dreamwell to make the false and misleading statements regarding products of Zinus" constitute sufficient notice pleading that Simmons' conduct contributed to the Lanham Act violation and/or that Simmons actually participated in the Lanham Act violation.

Rule 8 of the Federal Rules of Civil Procedure merely requires a complaint to contain "a short and plain statement" of the pleader's claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Therefore, Zinus' pleadings need not allege detailed facts[2] constituting the Lanham Act violation on the part of Simmons, but need only give fair notice of Zinus' claim so that Simmons can respond, undertake discovery, and prepare for trial. Id.

## IV. COUNT FOUR - BREACH OF CONTRACT COUNT AGAINST SIMMONS

The fourth count of the Amended Complaint is for breach by Simmons of the Confidentiality and Non-Disclosure Agreement executed by Zinus and Simmons on March 30, 2007. Although Simmons maintains that Zinus' Amended Complaint contains no allegation that Zinus performed its own obligations under the agreement, the Amended Complaint does allege that Zinus performed its contractual obligations in part by disclosing confidential information to Simmons.

---

[2] For example, Zinus need not allege that an employee of Simmons instructed Ropes & Gray to draft and send the cease-and-desist letter dated May 18, 2007, to Wal-Mart on behalf of Dreamwell. Zinus need not allege that it was an employee of Simmons, as opposed to an employee of Dreamwell, who made the objectively baseless determination that at least one claim of the '142 Patent reads on Zinus' Mattress-in-a-Box product. Zinus need not allege that it was Simmons and not Dreamwell that bought the Mattress-in-a-Box product depicted in the cease-and-desist letter and referred to as the "sample Zinus Product that we purchased" (emphasis added). Zinus is entitled to establish these facts through discovery.

Simmons argues that Zinus has not alleged all of the elements of a breach of contract claim under California law. Under California law, a breach of contract claim requires the plaintiff to prove the following elements: (1) existence of the contract, (2) performance by the plantiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *Tom Trading, Inc. v. Better Blue, Inc.*, 26 Fed. Appx. 733, 735 (9th Cir. 2002). Zinus' performance obligation under the Confidentiality and Non-Disclosure Agreement was to provide Simmons "access to secret and confidential information of Zinus". [Zinus' Amended Complaint, Exhibit B.]

Simmons asserts that Zinus' Amended Complaint does not allege that Zinus performed its obligations under the Confidentiality and Non-Disclosure Agreement. Simmons states that the purported omission of the second element of a breach of contract cause of action warrants dismissal of the breach of contract claim against Simmons. Zinus' Amended Complaint does, however, allege that Zinus performed its contractual obligation to provide Simmons access to secret and confidential information of Zinus. Paragraph 57 of the Amended Complaint alleges: "Soon after entering into the Confidentiality and Non-Disclosure Agreement, Zinus led representatives of Simmons, including Ms. Sheri Harms and Bob Carroll on a tour of the Zinus factory in China. During the factory tour, <u>Zinus showed the representatives of Simmons confidential information</u>, including confidential business methods and the manufacturing process of the Mattress-in-a-Box product. During the factory tour, the representatives of Simmons acquired digital photographs of the confidential manufacturing process of the "Mattress-in-a-Box" product." [Amended Complaint, ¶ 57 (emphasis added)]

Simmons' assertion that Zinus has not plead that Zinus performed its contractual obligations is false. Thus, there is no basis for Simmons' motion to dismiss Zinus' breach of contract count against Simmons.

## V.    CONCLUSION

Zinus' Lanham Act and breach of contract counts satisfy the notice pleading requirements under Rule 8 of the Federal Rules of Civil Procedure and have properly stated claims against Simmons upon which relief can be granted. For the foregoing reasons, Zinus

respectfully requests that the Court DENY Simmons' Motion to Dismiss the Amended Complaint against Simmons.

Dated: September 18, 2007    By:      /s/
                                  Darien K. Wallace
                                  IMPERIUM PATENT WORKS
                                  Attorneys for Plaintiff and Counterdefendant
                                  ZINUS, INC.