1  Kenneth B. Wilson, Calif. Bar No. 130009
   KWilson@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorneys for Defendant
   SIMMONS BEDDING COMPANY
6  and Defendant and Counterclaimant DREAMWELL, LTD.

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12  ZINUS, INC. a California Corporation,         Case No. 07-CV-03012-PVT

13              Plaintiff,                        **DEFENDANT SIMMONS BEDDING
                                                  COMPANY'S REPLY MEMORANDUM IN
14        v.                                      SUPPORT OF MOTION TO DISMISS**

15  SIMMONS BEDDING COMPANY, a
    Delaware corporation, and DREAMWELL,          **Date**: October 16, 2007
16  LTD., a limited liability company of          **Time**:  10:00 a.m.
    Nevada,                                       **Before**:  The Honorable Patricia V. Trumbull
17                                                **Location**:  Courtroom 5
                Defendants.
18

19
    AND RELATED COUNTERCLAIMS
20

21                            **Introduction**

22        In its Opposition papers, plaintiff Zinus, Inc. ("Zinus") concedes that it has not properly

23  alleged its first two causes of action for declaratory relief against defendant Simmons Bedding

24  Company ("Simmons").  Zinus also effectively acknowledges that it has failed to set forth all of

25  the elements of a breach of contract claim by admitting that it has alleged only that it has

26  performed its contractual obligations "in part."  [Opposition Memo at 4]  Finally, Zinus has failed

27  to offer any authority that would suggest that a conclusory allegation that Simmons somehow

28

REPLY ISO MOTION TO DISMISS
07-CV-03012-PVT

1  "caused" its subsidiary, defendant Dreamwell Ltd. ("Dreamwell"), to make misleading statements

2  is sufficient to permit its Lanham Act false advertising claim to proceed against Simmons.

3  Accordingly, Simmons respectfully submits that Zinus' Complaint against Simmons must be

4  dismissed.

5  **Argument**

6  I.    **ZINUS HAS FAILED TO ARTICULATE ANY LEGAL BASIS FOR
7        PERMITTING ITS CLAIMS AGAINST SIMMONS TO PROCEED.**

       A.    **Zinus Admits that Its Claims for Declaratory Relief Must Be Dismissed as to**
8            **Simmons.**

9          In Zinus' own words, "Zinus acknowledges that Zinus has not alleged that a case or

10  controversy exists between Zinus and Simmons with regard to either of [its] first two patent based

11  counts." [Opposition Memorandum at 2.]  Thus, by Zinus' own admission, the First and Second

12  Causes of Action for Declaratory Relief must be dismissed with prejudice as to Simmons. *See*

13  *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007) (declaratory

14  relief jurisdiction exists only where there is an actual case or controversy between the parties).

15       B.    **Zinus Has Failed to Allege Facts Sufficient to Impose Lanham Act Liability**
16            **Against Simmons.**

17         To establish its claim for violation of the false advertising prong of Section 1125(a) of the

18  Lanham Act, Zinus must plead and prove: "1) that *the defendant* made a false statement of fact in

19  a commercial advertisement or promotion about its own or another's product;[1] 2) that the

20  statement actually deceived or has the tendency to deceive a substantial segment of its audience;

21  3) that the deception is material, in that it is likely to influence the purchasing decision; 4) that the

22  defendant caused its false statement to enter interstate commerce; and 5) that the plaintiff has

23  been or is likely to be injured as the result of the foregoing either by direct diversion of sales from

24  itself to defendant, or by lessening of the good will which its products enjoy with the buying

25  public." *Mintel Learning Technology, Inc. v. Beijing Kaidi Education & Technology*

26  *Development Co.*, 2007 WL 2288329 (N.D. Cal. 2007, per Judge Hamilton) (emphasis added)

27         [1] Indeed, under this standard, it does not appear that Zinus has alleged a viable Lanham Act claim
28  against any defendant, since (among other deficiencies) there is no allegation that the alleged
    misrepresentations were made in a "commercial advertisement."

1   (citing 15 U.S.C. § 1125(a) and *Cook, Perkiss & Leihe, Inc. v. Northern California Collection*
2   *Service, Inc.*, 911 F.2d 242, 244 (9th Cir. 1990)).

3          There can be no question that Zinus has failed to directly allege the presence of each of
4   these elements with respect to Simmons.  In fact, Zinus' Opposition effectively concedes that the
5   only allegation against Simmons is the amorphous assertion that Simmons somehow "caused"
6   Dreamwell to make the statements on which the claim is based.  Such an allegation is insufficient
7   as a matter of law to impose liability on Simmons under Section 43(a) of the Lanham Act.  *See,*
8   *e.g., Mintel Learning, supra* (granting motion to dismiss Section 43(a) false advertising claim
9   against two defendants where the only allegation against them was the conclusory assertion that
10  those defendants "conspired with [the two primary defendants] to commit the false
11  advertisement").  Not surprisingly, Zinus has failed to cite a single case to support its theory that
12  such an allegation is sufficient to support a Lanham Act claim.

13         Instead, Zinus relies on generic cases that hold that a parent corporation can at times be
14  held liable for the actions of its subsidiaries.  But these cases do not support Zinus' theory that
15  liability could be imposed on Simmons based on the facts alleged in the Amended Complaint.
16  None of Zinus' cases involve a Lanham Act claim, let alone a motion to dismiss in the Lanham
17  Act context.  Moreover, aside from the *Cattie* case, none of Zinus' cases are even from this
18  Circuit, nor do they involve the application of California law.  *See, e.g., Boggs v. Blue Diamond*
19  *Coal Co.*, 590 F.2d 655 (6th Cir. 1979) (denying parent corporation's request to take advantage of
20  subsidiary's immunity under Kentucky worker's compensation statute); *Pearson v. Component*
21  *Technology Corp.*, 247 F.3d 471 (3rd Cir. 2001) (analyzing whether a multi-factor test
22  promulgated by the U.S. Department of Labor is the appropriate standard for assessing affiliated
23  corporate liability under the Worker Adjustment and Retraining Notification Act of 1988 (the
24  WARN Act)); *Esmark, Inc. v. NLRB*, 887 F.2d 739 (7th Cir. 1989) (vacating determination that
25  parent was liable for a subsidiary's NLRA violation under a "direct participation" theory).[2]

26  _____

27         [2] In *Esmark*, the 7th Circuit further noted that to the extent the "direct participation" theory of
    corporate liability is recognized, it is a subspecies of the "alter ego" or "piercing the corporate veil"
28  doctrines and requires that the parent's power of control was exercised through improper means.  887 F.2d
    at 759.  The 3rd Circuit reached the same conclusion in *Pearson*.  *See* 247 F.3d at 487.

1    The *Cattie* case actually supports Simmons' position.  In that case plaintiff's claims

2    against the parent corporation were dismissed because (like here) there were no allegations that

3    the parent had directly participated in the wrongdoing, and (like here) the Complaint contained no

4    specific allegations that would establish alter ego or agency liability.  *Cattie v. Wal-Mart Stores,*

5    *Inc.*, 2007 WL 935582 (S.D. Cal. 2007).  Indeed, the *Cattie* court dismissed plaintiff's claims

6    against the parent with prejudice, noting that "[i]n California, a party seeking to pierce a corporate

7    veil and hold a parent entity derivatively liable under the alter ego theory must show that two

8    conditions are met:  1) there must be such a unity of interest and ownership between the

9    corporation and its equitable owner that the separate personalities of the corporation and the

10   shareholder do not in reality exist; and 2) there must be an inequitable result if the acts in question

11   are treated as those of the corporation alone."  As was the case in *Cattie*, Zinus' Amended

12   Complaint lacks any factual allegations that would sustain a "direct participation" or alter ego

13   theory of liability.

14        In sum, Zinus has failed to state facts sufficient to constitute a Lanham Act false

15   advertising cause of action against Simmons.  As a result, Zinus' Third Cause of Action should be

16   dismissed to the extent it is directed against Simmons.

17   **C.    Zinus Has Admittedly Failed to Allege that It Has Fully Performed Its Own**
       **Contractual Obligations.**

18

19        Zinus acknowledges, as it must, that California law requires a breach of contract plaintiff

20   to affirmatively allege that it has performed its contractual obligations.  Zinus also has not

21   disputed (and cannot dispute) that its Amended Complaint does not affirmatively allege that

22   Zinus has performed all of its contractual obligations.  Indeed, Zinus admits that at most it has

23   only addressed this required element "in part" by alleging that it performed a single contractual

24   obligation.  [Opposition Memo at 4]  Unfortunately for Zinus, California law does not require a

25   plaintiff to allege that it has partially performed its contractual obligations; it requires an

26   allegation that all such obligations were fully performed.  Accordingly, Zinus' breach of contract

27   must be dismissed unless and until Zinus can satisfy this legal pleading requirement.

28

1

## Conclusion

2       For the foregoing reasons, Simmons' motion to dismiss Zinus' Complaint against

3   Simmons should be granted.

4

5   Dated:  October 2, 2007                    **PERKINS COIE** LLP

6

                                              By: _____/s/_____
7                                                    Kenneth B. Wilson

8                                              Attorneys for Defendant
                                               SIMMONS BEDDING COMPANY
9                                              and Defendant and Counterclaimant
                                               DREAMWELL, LTD.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28