UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS INC., a California Corporation,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIMMONS BEDDING CO, a Delaware Corporation, and DREAMWELL, LTD, a limited liability company of Nevada<br>　　　　　Defendants.<br>_____<br><br>DREAMWELL, LTD, a limited liability company of Nevada<br>　　　　　Counterclaimant<br><br>　　v.<br><br>ZINUS INC., a California Corporation,<br>　　　　　Counterclaim Defendant<br>_____ | Case No.: C 07- 3012  PVT<br><br>**ORDER FOR SUR-REPLY BRIEF TO SIMMONS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

　　Plaintiff Zinus Ltd. ("Zinus") manufactures and sells a bedding product called "Mattress -in-a-box." The "Mattress -in-a-box" can be sold in a transportable package at mass retail stores. Defendant Simmons Bedding Co. ("Simmons") is a manufacturer of bedding products. Defendant Dreamwell, Ltd ("Dreamwell") is a wholly owned subsidiary of Simmons and owns the rights to U.S. Patent No. Re. 36,142, entitled Method of Packaging Resiliently Compressible Articles ("the '142 patent"). Dreamwell also owns the rights to the federal trademark

1  "POCKET COIL ."  As part of a pilot program, Wal-Mart sold the Zinus "Mattress -in-a-box"
2  product in some of its stores in late 2006 and early 2007.  In March of 2007, Simmons and Zinus
3  entered into a Confidentiality and Non-Disclosure Agreement prior to a visit by Simmons to the
4  Zinus factory in China.  In May, Dreamwell sent Zinus and Wal-Mart "cease and desist" letters,
5  claiming that the "Mattress -in-a-box" infringes the '142 patent and the "POCKETCOIL"
6  trademark.

7  Zinus filed the instant complaint for Declaratory Judgment of Non-Infringement and
8  invalidity of the '142 patent, Violation of the Lanham Act, 15 U.S.C. § 1125(a) by false
9  advertising, and breach of the Confidentiality and Non-Disclosure contract.

10  On August 24, 2007, Simmons filed a Motion to dismiss for failure to state a claim.
11  Simmons argued that Zinus had not stated a claim for False Advertising against it because the
12  only communication at issue was authored by Defendant Dreamwell, Ltd ("Dreamwell"), a
13  wholly owned subsidiary of Simmons.  Simmons also argued that Zinus had failed to allege all
14  of the elements for a claim of breach of contract.  In Reply, Simmons asserted for the first time
15  that the cease and desist letter could not form the basis of the false advertising claim under the
16  Lanham act because the letters were not statements "in commercial advertising or promotion" as
17  required by the act.  Simmons also argued for the first time in Reply that Zinus' allegation of
18  partial performance of the Confidentiality and Non-Disclosure Agreement is insufficient to state
19  a claim for breach of the contract.

20  Because these claims were first raised in Reply, IT IS HEREBY ORDERED that no later
21  than October 17, 2007, Zinus shall file a Sur-Reply brief addressing only these two issues.

23  IT IS SO ORDERED
24  Dated: October  9, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*