1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IMPERIUM PATENT WORKS
DARIEN K. WALLACE (State Bar No. 139798)
T. LESTER WALLACE (State Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:  925-862-9972
Facsimile:  925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>          Defendants.<br>_____<br>DREAMWELL, LTD., a limited liability company of Nevada,<br><br>          Counterclaimant,<br><br>    v.<br><br>ZINUS, INC., a California corporation,<br><br>          Counterdefendant. | Case No. 07-CV-03012 PVT<br><br>**PLAINTIFF AND COUNTER-DEFENDANT ZINUS, INC.'S SUR-REPLY TO DEFENDANT SIMMONS' MOTION TO DISMISS**<br><br>Date:       October 30, 2007<br>Time:      10:00 a.m.<br>Location:  Courtroom 5<br>Judge:    Hon. Patricia V. Trumbull |

In response to an Order For Sur-Reply Brief dated October 9, 2007, Plaintiff and Counterdefendant Zinus, Inc. ("Zinus") hereby files its Sur-Reply brief addressing two issues first raised in defendant Simmons Bedding Company's ("Simmons") Reply to Zinus' Opposition to Simmons' Motion to dismiss Zinus' Amended Complaint ("Amended Complaint").

## I.   INFRINGEMENT LETTERS ARE CONSIDERED COMMERCIAL ADVERTISING OR PROMOTION UNDER THE LANHAM ACT

The Court has requested that Zinus file a sur-reply brief addressing the issue of whether the cease-and-desist letter to Wal-Mart dated May 18, 2007, can form the basis of a false advertising claim under the Lanham Act considering that "the letters were not statements 'in commercial advertising or promotion' as required by the act." (Order for Sur-Reply Brief, p. 2, lines 16-17). In response, Zinus submits that a cease-and-desist letter qualifies as "commercial advertising or promotion" for purposes of establishing a claim under § 43(a) of the Lanham Act. More specifically, a marketplace representation of patent infringement can be a proper basis for a "product disparagement" type claim[1] under § 43(a) under the theory that disparaging one product promotes competing products in the marketplace.

Simmons argues in its Motion to dismiss that "Zinus' Third Count <u>for product disparagement</u> in violation of 15 U.S.C. § 1125(a) should be dismissed because the count is based exclusively on Dreamwell's cease-and-desist letter to Wal-Mart." (Simmons' Motion to Dismiss, p. 4, lines 6-7) (emphasis added). Then in its Reply, Simmons asserts for the first time that Zinus has brought a Lanham Act claim <u>for false advertising</u>. Simmons asserts that Zinus has not stated a claim for false advertising under the Lanham Act because the cease-and-desist letter was not a statement "in a commercial advertisement or promotion" and recites the elements of a "claim for violation of the <u>false advertising prong of Section 1125(a)</u> of the Lanham Act". (Simmons' Reply, p. 2, lines 16-17) (emphasis added). The concepts of "commercial advertisement or promotion" are mentioned for the first time in the first element of the false advertising prong of Section 1125(a) that Simmons quotes from *Mintel Learning Technology, Inc. v. Beijing Kaidi Education & Technology Development Co.*, 2007 U.S. Dist. LEXIS 59946, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007). (Simmons' Reply, p. 2, line 18).

The Third Count of Zinus' amended complaint, however, alleges a claim for product

---

[1] There are three types of claims under § 43(a) of the Lanham Act: "false advertising," "trade libel," and "product disparagement." *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-48, 51 USPQ2d 1337, 1343 (Fed. Cir. 1999).

disparagement, as opposed to false advertising, under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Although section 43(a)(1)(B) of the Lanham Act broadly refers to "commercial advertising or promotion," the Court of Appeals for the Federal Circuit has held that this portion of § 43(a) provides the basis for three types of claims generally known as "false advertising," "trade libel," and "product disparagement." *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-48, 51 USPQ2d 1337, 1343 (Fed. Cir. 1999).  Section 43(a) of the Lanham Act states:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> * * *
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).  In addition to misleading commercial advertising, cease-and-desist letters sent to potential customers of an alleged patent infringer can also be the basis for a claim under § 43(a) of the Lanham Act.  Even where no commercial advertising is involved, <u>marketplace representations of patent infringement</u> have often been the basis for claims under § 43(a) of the Lanham Act.[2]  For example, in *Brandt Consolidated, Inc. v. Agrimar Corp.*, 801 F.Supp. 164, 174, 24 USPQ2d 1341 (C.D. Ill. 1992), the Court recognized that "[t]he Lanham Act is designed to, among other things, protect competitors from <u>misrepresentations</u> which a defendant makes <u>about its own or another's products</u> and which relate to the principal bases of <u>competition among sellers</u> . . .. These types of misrepresentations are likely to have a direct and major impact in <u>diverting sales</u> from the plaintiff to the defendant" (emphasis added).  A patentee who disparages an allegedly infringing product promotes competing products in the marketplace.

     In *Zenith Electronics*, the Federal Circuit held that statements by the plaintiff that the

---

[2] The authority cited by Simmons for the proposition that commercial advertisement or promotion must be alleged under the false advertising prong of § 43(a) relates to trademarks and copyrights as opposed to patents. *Mintel Learning Technology, Inc. v. Beijing Kaidi Education & Technology Development*

defendant's product infringed the plaintiff's patents, if made in bad faith, are actionable under § 43(a) of the Lanham Act. The Federal Circuit affirmed the district court's denial of a patentee's motion to dismiss a Lanham Act claim where the plaintiff alleged that the patentee had falsely stated to the plaintiff's potential customers that the plaintiff infringed the patentee's patent. As a consequence of the holding in *Zenith Electronics*, bad faith allegations of patent infringement fall within the scope of the "commercial advertising or promotion" that is actionable under § 43(a)(1)(B). The Federal Circuit did not require the bad faith allegations of patent infringement to be made specifically in commercial advertising in order to be actionable under § 43(a) of the Lanham Act.[3]

In *Reid-Ashman Manufacturing, Inc. v. Swanson Semiconductor Service, LLC*, 2007 U.S. Dist. LEXIS 37665, at *29 (N.D. Cal. 2007), the accused infringer sufficiently alleged bad faith to survive a 12(b)(6) motion to dismiss a Lanham Act claim that was based on statements regarding patent infringement made to a potential customer of the accused infringer, despite the patentee's statements not being commercial advertising. The plaintiff made two marketplace statements: (i) that the defendant's product infringed the plaintiff's patents and (ii) that the defendant could not manufacture a noninfringing product. The Court in *Reid-Ashman* acknowledged that in *Zenith Electronics* "[t]he Federal Circuit held that both statements, if made in bad faith, could be reached by § 43(a) of the Lanham Act."[4]

---

*Co.*, 2007 U.S. Dist. LEXIS 59946, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007).

[3] In one instance, a marketplace communication was disqualified from being the basis for a Lanham Act claim because the communication was not "in commercial advertising or promotion". *Multivideo Labs, Inc. v. Intel Corp.*, 2000 U.S. Dist. LEXIS 110, at *43-44, 2000 WL 12122, at *16 (S.D.N.Y. Jan. 7, 2000) *Multivideo Labs* did not, however, involve patent infringement, and the marketplace communication was a letter to manufacturers stating that an electronic part was not compliant with an industry standard.

[4] See also *Ilan Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) (Patentee acting in bad faith is not insulated from liability under Lanham Act for statements made to potential infringer.); *Fisher Tooling Co., Inc. v. Gillet Outilliage*, 2006 U.S. Dist. LEXIS 38908, *20 (C.D. Cal. 2006) (Claim under § 43(a) of the Lanham Act was based on patentee's letters to potential customers of accused infringer.); *Eastman Outdoors, Inc. v. Blackhawk Arrow Co.*, 329 F. Supp. 2d 955, 959, 72 USPQ2d 1581 (E.D. Mich. 2004) ("Marketplace representations of patent infringement may form the basis of a claim under the § 43(a), but only if such marketplace representations were made in 'bad faith.'"); *Mitsubishi Electric Corp. v. IMS Technology Inc.*, 44 USPQ2d 1904, 1910 (N.D. Ill. 1997) ("The Lanham Act prescribes limitations on infringement letters. Specifically, patent holders cannot send infringement letters which contain false statements, or that are issued in bad faith."); *MPT, Inc. v.*

A consequence of requiring claims under § 43(a) to be based on statements literally advertising one's own products would be to insulate patentees with no products from such claims. But there is no apparent prohibition in the caselaw against bringing a claim under § 43(a) of the Lanham Act against a patentee who has no product to advertise, but yet who makes statements regarding his patent rights in bad faith. However, even a patentee with no product to advertise or promote nevertheless promotes competing products in the marketplace when the patentee disparages the products of an accused infringer.

The First Amended Complaint alleges that Simmons, in bad faith, caused Dreamwell to make false and misleading marketplace statements in Dreamwell's cease-and-desist letter to Wal-Mart. (First Amended Complaint, ¶¶ 29, 48). These allegations are sufficient to form the basis for a product disparagement claim under § 43(a) of the Lanham Act, regardless of whether the cease-and-desist letter to Wal-Mart constitutes advertising for Simmons' own sales to Wal-Mart by disparaging a competing product. In any event, the cease-and-desist letter to Wal-Mart was a marketplace representation of patent infringement that promoted the large bulky mattresses that compete with Zinus' Mattress-in-a-Box product, as alleged in paragraph 18 of the First Amended Complaint.

## II.    ZINUS' ALLEGATION OF PERFORMANCE IS SUFFICIENT TO STATE A CLAIM FOR BREACH OF CONTRACT

The Court has requested that Zinus file a sur-reply brief addressing the issue of whether "Zinus' allegation of partial performance of the Confidentiality and Non-Disclosure Agreement

---

*Marathon Labels, Inc.*, 2005 U.S. Dist. LEXIS 18270, at *21 (N.D. Ohio 2005) (Court found that an accused infringer adequately pled bad faith sufficient to survive a 12(b)(6) motion to dismiss a claim under the § 43(a) of the Lanham Act based on a cease-and-desist letter sent to customers of the accused infringer.); *Ren Judkins v. HT Window Fashions Corp.*, 2007 U.S. Dist. LEXIS 42468, at *17, *28 (W.D. PA 2007) ("Before a patentee may be held liable under section 43(a) of the Lanham Act for unfair competition based on communications to the marketplace regarding potential infringement, there must be proof that the communication was undertaken in bad faith. . . . [D]efendant has not established bad faith on the ground that the [patent notification] letters were sent to defendant's customers, or potential customers, instead of to manufacturers and distributors."); *Lawman Armor Corp. v. Master Lock Co.*, 76 USPQ2d 1624, 2004 U.S. Dist. LEXIS 2905, at *9 (E.D. Pa. Feb. 27, 2004).

is insufficient to state a claim for breach of contract." Zinus' First Amended Complaint does not, however, allege "partial performance" on Zinus' part, regardless of how Simmons has chosen to characterize the allegations in the First Amended Complaint. In its Motion to dismiss, Simmons initially stated that Zinus' Amended Complaint lacks "<u>any</u> allegation that Zinus performed its obligations under the contract at issue" (Simmons' Motion to Dismiss, p. 8, lines 5-6 (emphasis added)). Zinus therefore responded in its Opposition by pointing out that "the Amended Complaint does allege that Zinus performed its contractual obligations <u>in part by</u> disclosing confidential information to Simmons" (Zinus' Opposition, p. 4, lines 20-22 (emphasis added)). Zinus used the words "in part by" in its Opposition in order to point out a specific allegation of a condition precedent that had been satisfied. This specific allegation was referenced in Zinus' Opposition in order to expose the falsehood of Simmons' statement that the "Amended Complaint <u>contains no allegation</u> that Zinus performed its own obligations under the contract". (Simmons' Motion to Dismiss, p. 4, lines 15-16). Zinus was not stating that it was pursuing a "partial performance" theory. In fact, Zinus has performed all of its obligations under the Confidentiality and Non-Disclosure Agreement dated March 30, 2007.

The issue of partial performance has arisen due to Simmons' mischaracterization of the statement in Zinus' Opposition described above. It was Simmons' Reply that alluded to partial performance:

> "Indeed, Zinus admits that at most it has only addressed this required element 'in part' by alleging that it performed a single contractual obligation. [Opposition Memo at 4] Unfortunately for Zinus, California law does not require a plaintiff to allege that it has <u>partially performed</u> its contractual obligations; it requires an allegation that all such obligations were fully performed."

(Simmons' Reply, p. 4, lines 22-26 (emphasis added)) Zinus' First Amended Complaint does not, however, use the term "partial performance."

Under California contract law, the doctrine of "partial performance" is used in connection with contracts called "divisible contracts." A contract is divisible where the whole performance is divided into two or more parts, where the number of parts due from each party is the same, and where the performance of each part by one party is the agreed exchange for a corresponding part by the other party. <u>See</u> *Marcus Lowy v. United Pacific Insurance*, 67 Cal.

2d 87, 92, 429 P.2d 577, 580, 60 Cal. Rptr. 225, 228 (1967) (quoting 6 Williston, Contracts (3d ed. 1962) §860, pp. 252-254). Ordinarily, where a first party agrees to do a thing in return for a second party's performance, the first party is not entitled to recovery under the contract until the first party has fully performed all its obligations under the contract. (*Id.*) Under the doctrine of "partial performance," however, if the first party substantially performs a first severable division of the contract, then the second party is liable for non-performance of the first divisible part of the contract. Zinus' First Amended Complaint does not raise the issue of "partial performance."

Contrary to Simmons' assertion in its Reply, a complaint for breach of contract under California law need not plead that the plaintiff has "fully performed" its contractual obligations. Instead, the plaintiff need only allege the performance or occurrence of all conditions precedent to the accrual of defendant's duty of performance. There are two ways that a plaintiff can allege that a condition precedent has been satisfied: 1) the complaint can contain a "general allegation" that the plaintiff has "duly performed all the conditions on his part", or 2) the complaint can contain a "specific allegation" of actions that constitute evidence of satisfaction of the condition precedent. Although it is sufficient generally to plead that the plaintiff has "fully performed" all contractual obligations, such a general pleading is not necessary. A plaintiff may instead allege specific facts that constitute the performance or occurrence of all conditions precedent to the defendant's performance under the contract. Paragraph 57 of Zinus' First Amended Complaint contains a specific allegation of the occurrence of all conditions precedent to the accrual of Simmons' duty of performance. Although Zinus had no contractual obligation under the Confidentiality and Non-Disclosure Agreement to disclose any confidential information to Simmons, once Zinus did disclose confidential information to Simmons, all conditions precedent to Simmons' duty of performance under the contract were satisfied. Thus, the only condition precedent that gave rise to Simmons' obligation to keep Zinus' confidential information confidential was the disclosure of confidential information by Zinus to Simmons.

Zinus has adequately pled satisfaction of the condition precedent that gave rise to

Simmons' obligations under the Non-Disclosure Agreement. The following allegations from paragraph 57 of Zinus' First Amended Complaint constitute specific allegations of facts that satisfy all conditions precedent to Simmons' duty of performance:

> "During the factory tour, Zinus showed the representatives of Simmons confidential information, including confidential business methods and the manufacturing process of the Mattress-in-a-Box product. During the factory tour, the representatives of Simmons acquired digital photographs of the confidential manufacturing process of the 'Mattress-in-a-Box' product."

(First Amended Complaint, ¶ 57).

The authority cited by Simmons relating to pleading a breach of contract claim under California law does not support Simmons' position that: "Unfortunately for Zinus, California law . . . requires an allegation that all such obligations were fully performed." In *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1389, 272 Cal. Rptr. 387 (1990), the Court acknowledged that although a general allegation that the plaintiff "duly performed all the conditions on his part" often suffices, a specific allegation of the happening of a condition precedent is sometimes necessary. It follows from the holding in *Careau & Co.* that a specific allegation of the happening of all conditions precedent to the defendants' duty of performance is always sufficient for pleading a breach of contract claim.

## III.    ZINUS CAN AMEND ITS COMPLAINT TO ALLEGE THAT ZINUS HAS "FULLY PERFORMED" ITS CONTRACTUAL OBLIGATIONS

If, despite the explanation of the law above, the Court finds that the specific allegations in Zinus' First Amended Complaint are insufficient and that a general allegation of full performance would adequately plead Zinus' breach of contract claim, then Zinus respectfully requests leave of Court to file a Second Amended Complaint containing the following general allegation: "Zinus fully performed, on its part, all of its obligations under the Confidentiality and Non-Disclosure Agreement, and all conditions precedent to the obligations of Simmons have been satisfied or have occurred." Attached hereto as Exhibit A is a stipulation and proposed order granting leave to Zinus to file a Second Amended Complaint containing the above-mentioned general allegation. (The proposed Second Amended Complaint is attached

without exhibits.)  Zinus, Simmons and Dreamwell have agreed to the stipulation, and the stipulation has been filed.  Amending Zinus' complaint in this way would resolve the issue of whether Zinus has pled all required elements of its breach of contract claim.  Under conditions such as these, where mere technicalities of pleading related to satisfaction of conditions precedent to a breach of contract claim are involved, permission to amend is to be freely given.[5]  Zinus requests permission to file the second amended complaint.

## IV.    CONCLUSION

First, Zinus has alleged a claim for product disparagement under § 43(a) of the Lanham Act.  The cease-and-desist letter Simmons caused to be sent to Wal-Mart is "commercial advertising or promotion" for purposes of § 43(a) of the Lanham Act.  Second, Zinus has sufficiently alleged a claim for breach of the Confidentiality and Non-Disclosure Agreement because Zinus has not alleged "partial performance," but rather has specifically alleged the satisfaction of all conditions precedent to the accrual of Simmons' duty of performance.  Thus Zinus' Lanham Act and breach-of-contract counts satisfy the notice pleading requirements under Rule 8 of the Federal Rules of Civil Procedure and have properly stated claims against Simmons upon which relief can be granted.  Zinus respectfully requests that the Court deny Simmons' Motion to dismiss the First Amended Complaint against Simmons.

Dated:  October 17, 2007            By:  _____/s/_____
                                          Darien K. Wallace
                                     IMPERIUM PATENT WORKS
                                     Attorneys for Plaintiff and Counterdefendant
                                     ZINUS, INC.

---

[5] Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003) (Granting leave to amend a pleading shall be freely given when justice so requires. This policy is to be applied with extreme liberality.); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *PLS-Pacific Laser Sys. v. TLZ Inc.*, 2007 U.S. Dist. LEXIS 53176, at *34 (N.D. Cal. 2007) (Leave to amend a breach of contract claim was freely given in a patent infringement suit where defendant brought a 12(b)(6) motion to dismiss the breach of contract claim.)