# EXHIBIT A

IMPERIUM PATENT WORKS
DARIEN K. WALLACE (State Bar No. 139798)
T. LESTER WALLACE (State Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:  925-862-9972
Facsimile:  925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>    Defendants. | Case No. 07-CV-03012 PVT<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION AND BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL** |
| DREAMWELL, LTD., a limited liability company of Nevada,<br><br>    Counterclaimant,<br><br>  v.<br><br>ZINUS, INC., a California corporation,<br><br>    Counterdefendant. | The Honorable Patricia V. Trumbull |

STIPULATION AND [PROPOSED] ORDER
GRANTING LEAVE TO FILE SECOND   1
AMENDED COMPLAINT         Case No. C07-03012 PVT

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff and counterclaim defendant Zinus, Inc. ("Zinus"), defendant Simmons Bedding Company ("Simmons"), and defendant and counterclaimant Dreamwell Ltd. ("Dreamwell") (Simmons and Dreamwell hereinafter will be referred to collectively as "Defendants") hereby stipulate and agree that Zinus may have leave to file the Second Amended Complaint that is attached to this Stipulation as Exhibit 1.  The parties further stipulate and agree that Defendants' response to the Second Amended Complaint shall be due ten court days after either issuance of the Court's Order on Simmons' Motion to Dismiss or, if the motion is granted in whole or in part, ten court days after the deadline for Zinus to file any amended pleading required by that Order.

Dated: October 17, 2007                     IMPERIUM PATENT WORKS


                                            By: _____/s/_____
                                                    Darien K. Wallace

                                            Attorneys for Plaintiff and Counterdefendant
                                            ZINUS, INC.


Dated: October 17, 2007                     PERKINS COIE LLP


                                            By:_____/s/_____
                                                   Kenneth B. Wilson

                                            Attorneys for defendant SIMMONS
                                            BEDDING COMPANY and defendant
                                            and counterclaimant DREAMWELL, LTD.

**ATTESTATION OF CONCURRENCE IN FILING**

The undersigned declares that concurrence in the filing of this document has been obtained from Kenneth B. Wilson.  The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 17, 2007, in Sunol, California.

By:  _____/s/_____
Darien K. Wallace


**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____, 2007          _____
Patricia V. Trumbull
United States Magistrate Judge

# EXHIBIT 1

IMPERIUM PATENT WORKS
DARIEN K. WALLACE (Bar No. 139798)
T. LESTER WALLACE (Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:  925-862-9972
Facsimile:  925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-CV-03012 PVT<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>The Honorable Patricia V. Trumbull |

Plaintiff Zinus, Inc. ("Zinus"), for its complaint against Simmons Bedding Company ("Simmons") and Dreamwell, Ltd. ("Dreamwell"), states as follows:

## **COMPLAINT AND JURY DEMAND**

1.     This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking declaratory judgment that United States Patent Number Re. 36,142 ("the '142 Patent") is invalid and not infringed by Zinus.  A copy of the '142 Patent is attached hereto as Exhibit A.

2.     This civil action also arises under section 43(a) of the Lanham Act of 1946, 15 U.S.C. §1225(a), seeking damages and an injunction preventing defendants from making

1  false marketplace statements that Zinus' products infringe the '142 Patent.

2       3.    This civil action also includes a breach of contract cause of action under

3  California law.

4  **THE PARTIES**

5       4.    Plaintiff Zinus, Inc. ("Zinus") is a corporation organized and existing under the

6  laws of the State of California.  Zinus maintains its principal place of business at 7068 Koll

7  Center Parkway, Suite 245, Pleasanton, California 94566.  Zinus manufacturers and sells

8  specialty sleep, travel, and homecare products.

9       5.    Defendant Simmons Bedding Company ("Simmons") is one of the world's

10  largest manufacturers of bedding products and controls its wholly-owned subsidiary

11  Dreamwell, Ltd. ("Dreamwell").  Simmons licenses its trademarks, patents and other

12  intellectual property to various domestic and foreign manufacturers principally through its

13  wholly-owned subsidiary Dreamwell.   Dreamwell is the alleged owner of the '142 Patent

14  and has licensed the '142 Patent to Simmons.

15       6.    Dreamwell is a limited liability company of Nevada and has a principal place of

16  business at 2325-B Renaissance Dr., Suite 15, Las Vegas, Nevada 89119.

17       7.    Simmons Bedding Company is a corporation organized under the laws of

18  Delaware and has a principal place of business at One Concourse Parkway, Suite 800,

19  Atlanta, Georgia 30328.

20

21  **JURISDICTION AND VENUE**

22       8.    Zinus brings this complaint against Dreamwell pursuant to the patent laws of

23  the United States, Title 35 of the United Stated Code, with a specific remedy sought based

24  upon the laws authorizing actions for declaratory judgment in the courts of the United States,

25  28 U.S.C. §§2201 and 2202.

26       9.    This Court has subject matter jurisdiction over the patent counts, which arise

27  under the patent laws of the United States, pursuant to 28 U.S.C. §§1331, 1338 and 2201.

28  This Court has subject matter jurisdiction over the Lanham Act count (Count 3) pursuant to

the provisions of 15 U.S.C. §§1121 and section 43(a) of the Lanham Act of 1946, 15 U.S.C. §1225(a).

10.    Upon information and belief, Simmons has ongoing and systematic contacts with this Judicial District.  Simmons sells mattresses in this Judicial District.  Upon information and belief, Simmons manufactures, sells and ships bedding products within this Judicial District through its subsidiary The Simmons Manufacturing Co., LLC at 1700 Fairway Dr., San Leandro, CA 94577.

11.    Upon information and belief, this Court has general personal jurisdiction over Simmons pursuant to Fed. R. Civ. P. 4, and therefore has personal jurisdiction over Simmons with respect to all counts (Counts 1-4).

12.    Upon information and belief, Dreamwell is a wholly-owned subsidiary of, is controlled by, and is an alter ego of, Simmons.  This Court therefore has general personal jurisdiction over Dreamwell with respect to all counts (Counts 1-4).

13.    Upon information and belief, Dreamwell knew or should have known that the brunt of the harm caused by Dreamwell's actions of unfair competition would be felt by Zinus in this Judicial District.  Upon information and belief, Dreamwell has purchased products manufactured by Zinus from walmart.com in this Judicial District.  Wal-Mart.com USA, LLC operates the on-line store walmart.com and is located at 7000 Marina Blvd., Brisbane, CA 94005.  This Court therefore has specific personal jurisdiction over Dreamwell with respect to the Lanham Act count (Count 3).

14.    Upon information and belief, this Court has supplemental personal jurisdiction over Dreamwell Ltd. with respect to Counts 1, 2 and 4 pursuant to 28 U.S.C. §1367(a).

15.    Upon information and belief, venue in this District is proper because Simmons and Dreamwell reside in this Judicial District pursuant to 28 U.S.C. §§1391 and 1400.

## **INTRADISTRICT ASSIGNMENT**

16.    Pursuant to Civil Local Rule 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

## **FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

17.    There exists an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202.

18.    Heretofore, bedding manufacturers have achieved high margins by distributing mattresses through dedicated bedding stores.  Mattresses have traditionally not been sold in mass market retail stores, such as Wal-Mart, Kmart, and Target, due to the large amount of floor space required to display and shelve mattresses.  Moreover, prospective customers cannot transport large bulky mattresses from retail stores to their homes using the types of transportation commonly used by customers to frequent a retail store.  Through this business model of selling through dedicated bedding stores, Simmons has achieved annual sales of about one billion dollars.

19.    Zinus recently began manufacturing a revolutionary bedding product called "Mattress-in-a-Box".  This product enables a mattress to be sold in a readily transportable box.  Consequently, it will be possible for consumers to purchase mattresses in mass market retail stores.   Zinus believes that if mattresses are manufactured and sold in this fashion, then the logistics and economies of scale of large retails stores such as Wal-Mart will enable mattresses to be sold at a lower price to end customers.

20.    In a pilot sales project in late 2006 and early 2007, Wal-Mart sold the Mattress-in-a-Box product in approximately one hundred Wal-Mart stores.  It is believed that as consumers adopt the newer mode of purchasing mattresses, Zinus will sell hundreds of millions of dollars worth of the Mattress-in-a-Box product each year.  Wal-Mart currently sells the Mattress-in-a-Box product through its affiliated company Wal-Mart.com USA, LLC, located near San Francisco, California, and Wal-Mart is planning to include the Mattress-in-a-Box product in a new sales plan and marketing campaign to sell bedding products through its stores.

21.    In addition to selling the Mattress-in-a-Box product through walmart.com and in Wal-Mart stores, Zinus intends to sell the Mattress-in-a-Box product in Kmart and Target

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT, UNFAIR
COMPETITION AND BREACH OF CONTRACT

4

Case No. C07-03012 PVT

1    retail stores.

2         22.    For one model of the Mattress-in-a-Box product, Zinus' sales price is generally

3    about $100, and the Wal-Mart retail price to consumers for the same product is generally

4    about $250.  A comparable mattress manufactured by Simmons and sold through a dedicated

5    bedding store retails for generally about $600.

6         23.    In March 2007, Simmons approached Zinus to discuss the possibility of

7    purchasing product from Zinus.  Simmons expressed an interest in visiting the Zinus factory

8    in Xiamen, China.  Zinus believed that Simmons was interested in purchasing the Mattress-

9    in-a-Box product for reselling through dedicated bedding stores under a Simmons brand.

10        24.    Before a factory visit could occur, Zinus required Simmons to execute a

11   Confidentiality and Non-Disclosure Agreement (attached hereto as Exhibit B).  On March

12   30, 2007, Ms. Sheri Harms, Director Supply Chain and National Purchasing, executed the

13   agreement on behalf of Simmons.  The agreement specifically lists the principal office of

14   Zinus being located in Pleasanton, California.  Pursuant to the agreement, Simmons agreed

15   not to use confidential information, other than as authorized by Zinus, in any manner

16   whatsoever.  The agreement specifically states that Confidential Information will be

17   transmitted only to those who need to know such information for purpose of evaluating a

18   contemplated future business arrangement.  The entire pretext of Simmons' visiting the Zinus

19   factory in China was to evaluate products that Simmons would potentially purchase.

20        25.    Thereafter representatives of Simmons visited the Zinus factory in China.  The

21   Simmons representatives were shown the manufacturing process of the "Mattress-in-a-Box"

22   product.  The Simmons representatives took photographs.

23        26.    Rather than receiving an order from Simmons to purchase Zinus products, Zinus

24   received a cease-and-desist letter from a third party, Dreamwell, Ltd. (attached hereto as

25   Exhibit C).  The cease-and-desist letter dated May 18, 2007, states that "the Mattress-in-a-

26   Box Product is the very subject matter of claim 1 of [the '142 Patent]."  The cease-and-desist

27   letter demands that Zinus provide "an accounting of all sales of Mattress-in-a-Box Products

28   that have occurred within the United States, in order for Dreamwell to determine the

SECOND AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT, UNFAIR                    5                    Case No. C07-03012 PVT
COMPETITION AND BREACH OF CONTRACT

1   monetary <u>damages due for infringing sales</u>" (emphasis added).

2       27.   In addition, Dreamwell sent a cease-and-desist letter dated May 18, 2007, to

3   Wal-Mart (attached hereto as Exhibit D).  The letter was sent on behalf of a company located

4   in Nevada (Dreamwell) to a company in Arkansas (Wal-Mart).  On information and belief, a

5   company located in Georgia (Simmons) caused Dreamwell to send the letter.

6       28.   The cease-and-desist letter to Wal-Mart makes false and misleading statements

7   and disparages Zinus' Mattress-in-a-Box product.  In particular, the letter states that the

8   Mattress-in-a-Box product "is the very subject matter of claim 1 of [the '142 Patent]."  This is

9   untrue, and Simmons knew or should have known it to be untrue.  The letter also states that

10  "The sample Zinus Product that we purchased from Wal-Mart . . . Please see the attached

11  image."  Simmons knew that the attached image was not a photograph of a Mattress-in-a-

12  Box product purchased from Wal-Mart.  The attached image is a photograph that was taken

13  in the Zinus factory in China, presumably by the Simmons representatives who visited the

14  Zinus factory after Simmons signed the Confidentiality and Non-Disclosure Agreement of

15  Exhibit B.  Objects from the factory are visible in the background of the photograph.

16  Simmons provided the photograph to the third party Dreamwell for purposes of preparing the

17  cease-and-desist letter (Exhibit D), thereby knowingly violating the Confidentiality and Non-

18  Disclosure Agreement (Exhibit B).

19      29.   The cease-and-desist letter to Wal-Mart states that the Mattress-in-a-Box

20  product "is an innerspring mattress inserted into a tube of plastic material.  That tube is

21  sealed at one end and <u>the mattress is vacuum compressed</u> within the tube" (emphasis added).

22  Simmons knew that the Mattress-in-a-Box product is not vacuum compressed because the

23  Simmons representatives witnessed Zinus mattresses being mechanically compressed without

24  the use of any vacuum equipment.  Simmons knew or should have known that the Mattress-

25  in-a-Box product is not "the very subject matter of claim 1 of [the '142 Patent]" because

26  claim 1 and each of the other independent claims of the '142 Patent require "evacuating air

27  from said tube through said second end thereby . . . causing said mattress assembly to

28  compress".  The statement made to Wal-Mart that the Mattress-in-a-Box product infringes

the '142 Patent was made by Dreamwell and Simmons in bad faith because Simmons

disregarded the knowledge of the Simmons representatives who witnessed Zinus mattresses

being mechanically compressed without the use of any vacuum equipment.  Moreover,

Simmons conspired in bad faith to enable Dreamwell to make the false statement by

providing Dreamwell with Zinus' confidential information in violation of the Confidentiality

and Non-Disclosure Agreement.  Dreamwell's false and misleading marketplace statement

made in the cease-and-desist letter to Wal-Mart had a damaging impact on Zinus.

    30.    Dreamwell knew that the brunt of the injury caused by the cease-and-desist

letter to Wal-Mart would be felt in California because Dreamwell acknowledged in the

cease-and-desist letter that Zinus is from Pleasanton, California.

    31.    The false and misleading statement disparaged the Mattress-in-a-Box product

had an impact on Wal-Mart.  The impact on Wal-Mart is evidenced by a letter sent by Wal-

Mart to Zinus on May 29, 2007 (attached hereto as Exhibit E).  The letter indicates that Zinus

is likely to be damaged by the statement of alleged infringement because Wal-Mart implied

that it would discontinue sales of the Mattress-in-a-Box product unless Zinus took certain

actions to resolve the alleged infringement.  On information and belief, Wal-Mart will be

dissuaded from including the Mattress-in-a-Box product in its new sales plan for bedding

products because of the misleading marketplace statements by Dreamwell that disparage the

Mattress-in-a-Box product.

    32.    Zinus has a reasonable apprehension that Dreamwell will make similar false and

misleading statements regarding the Mattress-in-a-Box product to other prospective

customers, such as Kmart and Target.  If Dreamwell makes similar disparaging statements to

Kmart or Target, it is likely that Zinus will be damaged by losing prospective sales.

## **FIRST COUNT**

### (Declaratory Judgment of Non-Infringement)

    33.    Zinus hereby restates and realleges the allegations set forth in paragraphs 1

through 32 above and incorporates them by reference.

34.   This is an action for declaratory judgment of non-infringement of any and all valid claims of the '142 Patent.

35.   Zinus has an objectively reasonable apprehension that Dreamwell will bring a patent infringement action against Zinus and/or Zinus' customers.

36.   Dreamwell has alleged that it owns the '142 Patent and that Simmons is Dreamwell's licensee.

37.   Dreamwell has alleged that the sale of Zinus' Mattress-in-a-Box product infringes the '142 Patent.

38.   Accordingly, there exists an actual, justiciable controversy between Zinus and Dreamwell relating to whether the claims of the '142 Patent are infringed by Zinus or Zinus' customers.

39.   Zinus requests a judicial determination and declaration (pursuant to 28 U.S.C. §§2201 and 2202) that Zinus has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any valid claim of the '142 Patent.

## SECOND COUNT

### (Declaratory Judgment of Invalidity)

40.   Zinus hereby restates and realleges the allegations set forth in paragraphs 1 through 39 above and incorporates them by reference.

41.   This is an action for declaratory judgment of invalidity of any and all claims of the '142 Patent.

42.   Zinus has an objectively reasonable apprehension that Dreamwell will bring a patent infringement action against Zinus and/or Zinus' customers.

43.   The claims of the '142 Patent are invalid for failure to comply with one or more of the requirements for patentability in 35 U.S.C. §§102, 103, and 112.

44.   Accordingly, there exists an actual, justiciable controversy between Zinus and Dreamwell relating to whether the claims of the '142 Patent are invalid.

45.   Zinus requests a judicial determination and declaration (pursuant to 28 U.S.C.

1 §§2201 and 2202) that all claims of the '142 Patent are invalid.

2 ### THIRD COUNT

3 (Unfair Competition - Product Disparagement)

4   46.   Zinus hereby restates and realleges the allegations set forth in paragraphs 1

5 through 45 above and incorporates them by reference.

6   47.   Dreamwell's cease-and-desist letter to Wal-Mart contains marketplace

7 statements of fact that are false and misleading and that disparage Zinus' products in

8 violation of the Lanham Act 43 (15 U.S.C. §1125(a)).

9   48.   Dreamwell's statements that Zinus' products infringe the '142 Patent were false

10 and misleading, were made willfully with an intent to deceive, and were made in bad faith.

11 Simmons knew, and Dreamwell should have known, that the sale of Zinus' Mattress-in-a-

12 Box product could not infringe any claim of the '142 Patent.

13   49.   Dreamwell's false and misleading statements were likely to deceive the intended

14 audience, Wal-Mart.

15   50.   Dreamwall's false and misleading statements were material in that they were

16 and are likely to influence purchasing decisions of a Zinus customer, Wal-Mart.

17   51.   Dreamwell caused the false and misleading statements to enter interstate

18 commerce.

19   52.   Simmons caused Dreamwell to make the false and misleading statements

20 regarding products of Zinus, located in California.  Simmons and Dreamwell knew that the

21 brunt of the injury caused by the false and misleading statements would be felt in California.

22   53.   Dreamwell's false and misleading statements have damaged and injured Zinus,

23 have disparaged Zinus products, and will result in probable future injury to Zinus.  Zinus is

24 likely to be damaged by the false and misleading statements due to Wal-Mart's being

25 dissuaded from including the Mattress-in-a-Box product in Mal-Mart's new sales plan.

26   54.   Zinus is informed and believes and on that basis alleges that Dreamwell's false

27 and misleading statements were made knowingly, deliberately and fraudulently without

28 extenuating circumstances.  Zinus is therefore entitled to recover three times the amount of

1    its damages, as well as its attorneys' fees and costs incurred in this action pursuant to 35

2    U.S.C. §1117(a).

3

4                                    **FOURTH COUNT**

5                                    (Breach of Contract)

6        55.    Zinus hereby restates and realleges the allegations set forth in paragraphs 1

7    through 54 above and incorporates them by reference.

8        56.    On March 30, 2007, Zinus and Simmons entered into the Confidentiality and

9    Non-Disclosure Agreement (Exhibit B).  Ms. Sheri Harms, Director Supply Chain and

10   National Purchasing, executed the agreement on behalf of Simmons.  Mr. T. P. Lee (Youn

11   Jae Lee), CEO and Chairman of the Board, executed the agreement on behalf of Zinus.

12       57.    Soon after entering into the Confidentiality and Non-Disclosure Agreement,

13   Zinus led representatives of Simmons, including Ms. Sheri Harms and Bob Carroll on a tour

14   of the Zinus factory in China.  During the factory tour, Zinus showed the representatives of

15   Simmons confidential information, including confidential business methods and the

16   manufacturing process of the Mattress-in-a-Box product.  During the factory tour, the

17   representatives of Simmons acquired digital photographs of the confidential manufacturing

18   process of the "Mattress-in-a-Box" product.  Zinus fully performed, on its part, all of its

19   obligations under the Confidentiality and Non-Disclosure Agreement, and all conditions

20   precedent to the obligations of Simmons have been satisfied or have occurred.

21       58.    As a recipient of the Confidential Information received from Zinus, Simmons

22   agreed under the terms of the Confidentiality and Non-Disclosure Agreement "that such

23   Confidential Information . . . will be kept confidential by RECIPIENT, its agents and

24   employees, and shall not, except as herinafter provided, without the prior written consent of

25   ZINUS, be disclosed by RECIPIENT, its agents or employees, in any manner whatsoever, in

26   whole or in part."

27       59.    Simmons breached the Confidentiality and Non-Disclosure Agreement by

28   disclosing confidential information received from Zinus to Dreamwell.  On information and

1   belief, Simmons used the confidential information received by Ms. Sheri Harms and Bob

2   Carroll, including information on the confidential manufacturing process of the "Mattress-in-

3   a-Box" product, in making the decision to cause Dreamwell to send the cease-and-desist

4   letter dated May 18, 2007, to Wal-Mart (Exhibit D).  Simmons conspired with Dreamwell to

5   misuse Zinus' confidential information in order to damage Zinus by intentionally interfering

6   with the prospective business advantage that Zinus hoped to achieve by selling the Mattress-

7   in-a-Box product to Wal-Mart.  Based on the confidential information received by Ms. Sheri

8   Harms and Bob Carroll, Simmons provided information on Zinus' Mattress-in-a-Box to

9   Dreamwell and caused Dreamwell to send the cease-and-desist letter to Wal-Mart.

10  Simmons' providing Zinus' confidential information to Dreamwell and then influencing

11  Dreamwell to send the cease-and-desist letter to Wal-Mart was an intentional breach of the

12  Confidentiality and Non-Disclosure Agreement and was intended to stop Wal-Mart from

13  continuing to purchase the Mattress-in-a-Box product from Zinus.

14       60.    Simmons' breach of the Confidentiality and Non-Disclosure Agreement

15  damaged Zinus by convincing Wal-Mart not to continue with the sales plan that both Zinus

16  and Wal-Mart believed would result in the sale of $1 billion dollars of Zinus products

17  annually.  Zinus has been damaged as a result of Simmons' breach and seeks damages in

18  accordance with proof at trial, but in any event sufficient to compensate Zinus for its actual

19  losses including lost profits and consequential damages resulting from Simmons' breach.

20

21                              **PRAYER FOR RELIEF**

22  **WHEREFORE**, Zinus requests that this Court:

23       A.    Declare (pursuant to 28 U.S.C. §§2201 and 2202) that Zinus has not infringed

24  and is not infringing, directly, indirectly or contributorily, any valid claim of U.S. Patent No.

25  Re. 36,142;

26       B.    Declare (pursuant to 28 U.S.C. §§2201 and 2202) that each claim of U.S. Patent

27  No. Re. 36,142 is invalid;

28       C.    Declare this case exceptional under 35 U.S.C. §285 and award Zinus reasonable

1  attorneys' fees and costs in connection with this action;

2       D.     Declare that Dreamwell and Simmons have made false and misleading

3  statements in violation of the Lanham Act (15 U.S.C. §1125(a));

4       E.     Award Zinus damages in an amount to be determined at trial arising from

5  Simmons' breach of contract;

6       F.     Award Zinus an injunction that preliminarily and permanently enjoins

7  Dreamwell and Simmons, their directors, officers, agents, employees, owners and

8  shareholders, all other persons in active concert or privity or in participation with them, and

9  all subsidiaries and affiliates of Dreamwell and Simmons, from directly or indirectly making

10  the aforesaid false and misleading statements;

11       G.     Award Zinus compensatory damages, including the cost of this action, pursuant

12  to 15 U.S.C. §1117(a);

13       H.     Declare this case exceptional under 35 U.S.C. §1117(a) and award Zinus

14  attorneys' fees in connection with this action; and

15       I.     Award Zinus such other and further relief as the Court deems just and proper.

16

17  Dated:  October ___, 2007                     IMPERIUM PATENT WORKS

18

19                                              By:  ___/s/ Darien K. Wallace____
                                                    Darien K. Wallace
20

21                                              Darien K. Wallace (Bar No. 139798)
                                                T. Lester Wallace (Bar No. 159967)
22                                              IMPERIUM PATENT WORKS
                                                P.O. Box 587
23                                              Sunol, CA 93486
                                                Telephone:  (925) 862-9972
24

25                                              Attorneys for Plaintiff and Counterdefendant
                                                ZINUS, INC.

26

27

28

1
2
3

### DEMAND FOR JURY TRIAL

4       Plaintiff Zinus hereby demands a trial by jury as to all issues and causes of action so

5   triable herein, pursuant to Federal Rule of Civil Procedure 38.

6
7   Dated:  October ___, 2007                    IMPERIUM PATENT WORKS

8
9                                                By: ____/s/ Darien K. Wallace____
                                                     Darien K. Wallace
10
11                                               Darien K. Wallace (Bar No. 139798)
                                                 T. Lester Wallace (Bar No. 159967)
12                                               IMPERIUM PATENT WORKS
                                                 P.O. Box 587
13                                               Sunol, CA 93486
                                                 Telephone:  (925) 862-9972
14
15                                               Attorneys for Plaintiff and Counterdefendant
                                                 ZINUS, INC.
16
17
18
19
20
21
22
23
24
25
26
27
28