Kenneth B. Wilson, Calif. Bar No. 130009
KWilson@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant DREAMWELL, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-CV-03012-PVT<br><br>**DREAMWELL'S MOTION TO STRIKE NEW ARGUMENTS IN ZINUS, INC.'S REPLY TO DREAMWELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF NON-INFRINGEMENT**<br><br>Date: December 11, 2007<br>Time: 10:00 a.m.<br>Before: The Honorable Patricia V. Trumbull<br>Location: Courtroom 5 |

Defendant and counterclaimant Dreamwell, Ltd ("Dreamwell") hereby moves to strike the following portions of plaintiff and counterclaim defendant Zinus, Inc.'s ("Zinus") Reply to Dreamwell's Opposition to Plaintiff's Motion for Summary Adjudication of Non-Infringement (the "Reply"): 1) Zinus' prosecution history estoppel argument, which is discussed primarily from pages 1-5 of Zinus' Reply under argument heading II; and 2) Zinus' argument that it would

have been obvious to incorporate elements from the Magni prior art patent that are missing from the '142 Patent into the patented invention, which is discussed primarily from pages 5-7 of Zinus' Reply and from the bottom of page 8 to the top of page 9 of Zinus' Reply under argument heading III.  This motion is made on the grounds that the above-referenced new arguments were not presented in Zinus' moving papers.

"The impropriety of raising new issues in reply briefing is well settled." *Avago Technologies General IP Pte Ltd. v. Elan Microelectronics Corp.*, 2007 WL 1140450 (N.D. Cal. 2007) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990)).  Thus, issues or arguments that are raised for the first time should not be considered in deciding a motion before the Court.  *See, e.g., Serpa v. SBC Telecommunications, Inc.*, 2004 WL 2002444 (N.D. Cal. 2004) (citing to *Eberle*, and holding that "nor will the court entertain new arguments in raised for the first time in the movant's reply brief"); *In re Lal*, 2002 WL 449661 (N.D.Cal.,2002) (noting that "[a]dvancing new arguments in a reply brief is improper," citing to *Eberle, supra*, and holding that because the moving party failed to raise certain arguments in its opening papers, "they are waived" and will not be considered).

Here, as noted in footnote 9 of Dreamwell's Opposition brief, Zinus never raised a prosecution history estoppel argument in its moving papers.  Indeed, the phrase "prosecution history estoppel" never appears once in Zinus' original motion.  Nonetheless, Zinus has devoted four full pages of its Reply to presenting a recitation of this argument.  Indeed, this argument is the lead argument in Zinus' brief.  Since a prosecution history estoppel argument was clearly not presented in Zinus' moving papers, it cannot be considered in ruling on the pending motion.

Similarly, Zinus' original moving papers never once refer to any obviousness argument with respect to the Magni prior art reference.  To the contrary, Zinus argued that at page 20 of its original motion that "[t]he Swirl Wrap method in fact is identical to the prior art Magni method.  Nonetheless, an obviousness argument appears as the centerpiece of Zinus' argument relating to the Magni reference in its Reply.  Equally troubling is the fact that Zinus vehemently argued in its effort to persuade the Court to hear its summary judgment motion before a claim construction ruling that its motion would only address a single element, yet Zinus is now arguing that alleged

similarities between other elements of the '142 Patent (none of which have been construed) and the Magni patent would have rendered the inventions of the '142 Patent as a whole obvious. As noted in *Lal, supra*, sandbagging Dreamwell (and the Court) in this manner is "improper."

Accordingly, the portions of Zinus' Reply that discuss or relate to a prosecution history estoppel argument or the discussion of how applying the doctrine of equivalents to the Zinus Swirl Wrap argument would render the claims of the '142 Patent obvious in light of purported similarities between the Magni patent and the '142 Patent should be stricken, and not considered for purposes of deciding this motion.[1]

Dated:  December 4, 2007         **PERKINS COIE** LLP

By _____/s/_____
    Kenneth B. Wilson

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant DREAMWELL, LTD.

---

[1] Dreamwell has compelling substantive arguments that undermine Zinus' position on both of these arguments. However, Dreamwell is barred by the Local Rules from briefing these arguments after Zinus filed its Reply, thereby reinforcing Dreamwell's assertion that the new arguments should be stricken. *See* Local Rule 7-3(d).