UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS INC., a California Corporation,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SIMMONS BEDDING CO, a Delaware<br>Corporation, and DREAMWELL, LTD, a<br>limited liability company of Nevada<br>　　　　　　　　　Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS<br>_____ | Case No.: C 07- 3012  PVT<br><br>**ORDER DENYING WITHOUT<br>PREJUDICE ZINUS' MOTION FOR<br>PARTIAL SUMMARY JUDGMENT<br>OF NON-INFRINGEMENT;<br>DENYING AS MOOT<br>DREAMWELL'S MOTION TO<br>STRIKE ARGUMENTS RAISED IN<br>REPLY; AND SETTING CASE<br>MANAGEMENT CONFERENCE** |

　　　　Zinus, Inc. ("Zinus") filed this action against Simmons Bedding Company ("Simmons") and Dreamwell, Ltd. ("Dreamwell," collectively "Defendants") seeking Declaratory Judgement of non-infringement and invalidity of the U.S. Patent Re. 36,142 ("the '142 Patent).[1] At a Case Management Conference on September 18, 2007, the Court found it appropriate to adjudicate a Simmons' pending motion to dismiss and to evaluate whether adjudication of an early summary partial summary judgment motion should occur prior to following the procedures set forth in the Patent Local Rules.  On October 30, 2007, the Court heard argument on Simmons' Motion to Dismiss and set a hearing for Zinus' Motion for Summary Judgment of non-infringement of its Swirl-Wrap product on December 18, 2007.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

On December 4, 2007, Dreamwell filed a motion to strike arguments raised by Zinus for the first time in its reply brief: 1) a prosecution history estoppel argument; and 2) an argument that the Swirl-Wrap product cannot infringe under the doctrine of equivalents because it practices what is obvious under the prior art of U.S. Patent No. 4,711,067 (the "Magni Patent"). Dreamwell asserts that it has compelling substantive arguments on both these arguments, but is precluded by the local rules form briefing these argument. Dreamwell also asserts that Zinus' new obviousness argument in relation to the Magni patent is really an argument that alleged similarities between the '142 patent and the Magni patent render the '142 patent obvious. Accordingly, Dreamwell asks the court to strike these arguments.

In light of the additional complexity revealed by the motion for summary judgment, the Court finds that adjudication of Zinus' Motion for Partial Summary Judgment of Non-Infringement prior to claims construction is not feasible.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Zinus' Motion for Partial Summary Judgment of Non-Infringement is Denied without Prejudice;
2. Dreamwell's Motion to Strike Arguments Raised for the First Time in Reply is Denied as Moot;
3. The parties shall appear for a Case Management Conference at 2:00 p.m. on December 11, 2007; and
4. The parties shall submit a Joint Case Management Conference Statement no later than Noon on December 10, 2007 addressing the topics listed in Patent Local Rule 2-1.

IT IS SO ORDERED.

Dated: December    5, 2007

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge