IMPERIUM PATENT WORKS
DARIEN K. WALLACE (Bar No. 139798)
T. LESTER WALLACE (Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:   925-862-9972
Facsimile:    925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

KENNETH B. WILSON (Bar No. 130009)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
e-mail: KWilson@perkinscoie.com
Telephone:    (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant
DREAMWELL, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>       Plaintiff,<br>v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-CV-03012 PVT<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT, CASE MANAGMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>The Honorable Patricia V. Trumbull<br><br>Case Management Conference<br>Time:    11:00 a.m.<br>Date:    December 11, 2007<br>Place:   Courtroom 5, 4th Floor, SJ |

Plaintiff and counterclaim defendant ZINUS, INC. ("Zinus") and defendant and counterclaimant DREAMWELL, LTD. ("Dreamwell") jointly submit this joint report under Fed. R. Civ. P. 26(f), Case Management Statement and [Proposed] Order, and request that the Court adopt it as the Court's Case Management Order in the instant case.

1. **Jurisdiction, Venue and Service.** This case arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). The parties agree this Court has subject matter jurisdiction over this matter, has personal jurisdiction over the parties and that venue in the Northern District of California is proper. No parties remain to be served.

2. **Issues of Fact and Law.**

**Zinus's Description:**

Simmons has achieved annual sales of about one billion dollars by distributing mattresses through dedicated bedding stores as opposed to mass market retail stores, such as Wal-Mart. Heretofore, customers could not transport large bulky mattresses from retail stores to their homes using the types of transportation commonly used by retail customers. Zinus manufactures a revolutionary product called "Mattress-in-a-Box", which allows a mattress to be sold by a mass market retail store in a readily transportable box. As consumers adopt the newer mode of purchasing mattresses, Zinus and Wal-Mart believed they would sell about one billion dollars worth of the Mattress-in-a-Box product each year. The logistics and economies of scale of large retail stores such as Wal-Mart will enable mattresses to be sold at lower prices to end customers, and Simmons' margins will decrease.

Wal-Mart sells the Mattress-in-a-Box product through its affiliated company Wal-Mart.com, and Wal-Mart sold the Mattress-in-a-Box product in approximately one hundred Wal-Mart stores in a pilot sales project in late 2006 and early 2007. In a bad faith scheme to stop Zinus from selling the Mattress-in-a-Box product, Simmons caused an attorney at Ropes & Gray LLP to send Wal-Mart a cease-and-desist letter dated May 18, 2007, on behalf of Simmons' wholly-owned licensing subsidiary in Nevada. The cease-and-desist letter to Wal-Mart makes false and misleading marketplace statements by stating that the Mattress-in-a-Box product "is the very subject matter of claim 1 of our U.S. Patent Re. 36,142 Patent." This is untrue, and Simmons knew or should have known it to be untrue because on March 30, 2007, representatives of Simmons toured Zinus' factory in China and were shown the confidential manufacturing process of the "Mattress-in-a-Box" product. The Simmons representatives took

photographs and acquired other confidential information.  The cease-and-desist letter also states that the Mattress-in-a-Box product "is an innerspring mattress inserted into a tube of plastic material.  That tube is sealed at one end and <u>the mattress is vacuum compressed</u> within the tube" (emphasis added).  Simmons knew that the Mattress-in-a-Box product is not vacuum compressed because just seven weeks earlier the Simmons representatives witnessed Zinus mattresses being mechanically compressed without the use of any vacuum equipment.  The statements that the Mattress-in-a-Box product infringes the '142 Patent were made willfully with an intent to deceive and were made in bad faith because Simmons disregarded the knowledge of the Simmons representatives who witnessed Zinus mattresses being mechanically compressed without the use of any vacuum equipment.  The false and misleading marketplace statements made by Simmons to Wal-Mart on behalf of Simmons' wholly-owned licensing subsidiary in Nevada had a damaging impact on Zinus by deceiving Wal-Mart and causing Wal-Mart indefinitely to postpone store sales of the Mattress-in-a-Box product.

Before the factory tour, the Simmons representatives executed a Confidentiality and Non-Disclosure Agreement agreeing not to use confidential information, other than as authorized by Zinus, in any manner whatsoever.  The agreement specifically states that Confidential Information will be transmitted only to those who need to know such information for purpose of evaluating a contemplated future business arrangement.  The entire pretext of Simmons' visiting the Zinus factory in China was to evaluate products that Simmons would potentially purchase.  Simmons breached the confidentiality agreement by using Zinus' confidential information as the basis for sending the cease-and-desist letter to Wal-Mart on behalf of Dreamwell.

**Dreamwell's Description**:

Simmons Bedding Company ("Simmons") is one of the world's largest mattress companies.  Directly and through its affiliate companies, Simmons manufactures and markets a broad range of products under such brands as Beautyrest®, BackCare®, and Deep Sleep®) For 130 years, Simmons and its predecessor companies and affiliates have provided superior mattresses and promoted a higher quality sleep for consumers around the world, in part by

introducing technological innovations such as the Pocketed Coil® spring machine, the Wall-A-Bed® and the Hide-A-Bed® bedding products.  Defendant and counterclaimant Dreamwell, Ltd. is a wholly owned subsidiary of Simmons Bedding Company, and is the assignee of various intellectual property utilized by Simmons and its affiliates.

Dreamwell is the assignee of U.S. Patent No. Re. 36,142 (the "'142 Patent"), entitled Method of Packaging Resiliently Compressible Articles.  Earlier this year, Dreamwell discovered (after obtaining a publicly available product through a Wal-Mart outlet in the United States) that Zinus' Mattress-in-a-Box product infringes one or more claims of the '142 Patent.  As was its right, Dreamwell promptly notified infringers Zinus and Wal-Mart that the Mattress-in-a-Box product infringed the '142 Patent.  Zinus responded by filing a declaratory relief and unfair competition action based on this correspondence against both Dreamwell and Simmons, even though Simmons is not the owner or exclusive licensee of the '142 Patent, has no right to bring suit on the patent, and was not the party on whose behalf the cease and desist letters were sent.

Dreamwell is also the assignee of the federally registered trademark POCKET COIL.  Not only did Zinus copy the invention claimed in Dreamwell's '142 Patent, but it also used Dreamwell's POCKET COIL trademark on its Web site and in marketing literature for its Mattress-in-a-Box product, in an unabashed effort to trade on the goodwill of Dreamwell and its licensees.

Zinus has also brought a baseless claim against Dreamwell and Simmons for breach of a confidentiality agreement, asserting that Simmons took information that it learned about Zinus' infringing packaging process and disclosed the information to Dreamwell to enable an infringement analysis.  Zinus' allegations regarding Defendants' conduct are simply false.  Moreover, the "confidential information" at issue is in no way confidential.  In particular, Zinus asserts confidentiality with respect to a photo taken by Defendants of Zinus' Mattress-in-a Box product, even though Zinus freely sells this product to consumers in the United States and the photo at issue was taken of a product obtained in the United States without any confidentiality restrictions.  Zinus also asserts confidentiality with respect to its packaging

process, but Zinus has freely distributed video of its packaging process over YouTube and elsewhere via the Internet.

**3.    Factual and Legal Issues in Dispute.**  The parties dispute the following factual and/or legal issues:

(a)    Whether the '142 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§102, 103, 112 and 251.

(b)    Whether Zinus has directly infringed or is directly infringing the '142 Patent, either literally or under the doctrine of equivalents.

(c)    Whether Zinus has contributed to or is contributing to the infringement of the '142 Patent by third parties.

(d)    Whether Zinus has induced or is inducing the infringement of the '142 patent by third parties.

(e)    Whether Zinus' alleged infringement was or is willful.

(f)    Whether Zinus should be enjoined from making, using, selling or offering for sale the Mattress-in-a-Box product.

(g)    Whether Zinus should be enjoined from directly infringing, or contributing to or inducing the infringement of, the '142 patent.

(h)    Whether Simmons and Dreamwell are liable for making false and misleading marketplace statements and disparaging Zinus' products in bad faith in violation of the Lanham Act (15 U.S.C. § 1125(a)).

(i)    Whether Simmons is liable for breaching the Confidentiality and Non-Disclosure Agreement by disclosing confidential information and using confidential information for other than an allowed purpose.

(j)    Whether Zinus has infringed or is infringing the federally registered trademark "POCKET COIL."

(k)    Whether Dreamwell's counterclaim for infringement of the trademark "POCKET COIL" is barred because Dreamwell granted an uncontrolled or naked license to Simmons, because the mark "POCKET COIL" is descriptive and in common use throughout

the mattress industry, or because Dreamwell committed inequitable conduct in connection with the trademark renewal of the "POCKET COIL" mark.

   (l) Whether Zinus has engaged in unfair business practices specified under California Business and Professions Code Section 17200 *et seq*.

   (m) Whether Dreamwell's counterclaim for unfair business practices under California Business and Professions Code Section 17200 is pre-empted by federal law.

   (n) Whether Zinus is liable for damages, including enhanced damages, costs, and attorneys' fees.

   (o) Whether Simmons and Dreamwell are liable for damages, including enhanced damages, costs, and attorneys' fees.

  **4.** **Motions.** On August 24, 2007, Simmons brought a motion to dismiss all claims against Simmons. The motion was heard on October 30, 2007. On December 5, 2007, the Court dismissed the First and Second Counts as to Simmons only without leave to amend. The Court also granted Simmons' motion to dismiss the Third and Fourth Counts with leave to amend by December 24, 2007.

  Zinus brought a Motion for Partial Summary Judgment of Non-Infringement on October 2, 2007. A hearing on the motion was calendared for December 11, 2007. On December 5, 2007, and before the motion was heard, the Court denied the Motion for Partial Summary Judgment of Non-Infringement without prejudice.

  Both Defendants and Zinus are likely to bring one or more motions for partial summary judgment on other substantive issues in the case.

  **5.** **Amendment of Pleadings.** The parties do not presently intend to join any additional parties. The parties propose a deadline of January 31, 2008, for amending the pleadings to add or dismiss parties, claims or defenses.

  **6.** **Evidence Preservation.** Each of the parties has taken the steps internally that are necessary to preserve evidence relevant to the issues reasonably evident in this action.

  **7.** **Disclosures.** There has been timely compliance with the initial disclosure requirements of Fed. R. Civ. P. Rule 26(a)(1). The parties have disclosed the identity of

individuals likely to have discoverable information, documents and things usable to support claims and defenses, computations of damages and any insurance agreements that may satisfy a judgment which may be entered in this action.

8. **Discovery Plan.** Except for limited discovery relating to the Swirl Wrap packaging method, no discovery has been taken to date. The parties agree that each party shall be entitled to propound no more than twenty-five (25) interrogatories, absent agreement of the other party or leave of court. The parties agree that there shall be no fixed limit on the number of requests for production of documents or requests for admission that may be propounded by a party. The parties agree that depositions shall be limited to 7 hours per day. Each witness must be deposed in one day and may not be recalled later if deposed for less than seven (7) hours during that day. The parties agree that the fact that a witness may have been designated and deposed pursuant to FRCP 30(b)(6) does not preclude that witness from being deposed in his/her individual capacity, and vice versa. The parties agree that documents to be served, but not filed through ECF, need only be served by emailing scanned versions of the documents to:

- Kenneth B. Wilson for defendants Dreamwell and/or Simmons at:

  KWilson@perkinscoie.com

- Darien K. Wallace for Zinus at :

  darien@imperiumpw.com
  with a copy to
  lester@imperiumpw.com

9. **Related Cases.** There are no related cases or proceedings between the parties.

10. **Relief Sought:**

**a) by Zinus**. Zinus seeks a declaratory judgment of non-infringement of all claims of the '142 Patent. Zinus seeks a declaratory judgment of invalidity of all claims of the '142 Patent. Zinus seeks damages for lost profits from lost sales to Wal-mart caused by defendants' false and misleading statements in violation of the Lanham Act 43 (15 U.S.C. §1125(a)). Zinus seeks damages for lost profits from lost sales to Wal-mart caused by

Simmons' breach of the confidentiality agreement. The amount of lost profits cannot be determined at this time because Zinus continues to be harmed by the bad faith statements made by the defendants. Zinus seeks a declaratory judgment of invalidity and/or unenforceability of the trademark "POCKET COIL." Zinus seeks a judgment that Zinus is not liable under California unfair competition law for the infringement of a federally registered trademark "POCKET COIL" or for the infringment of the '142 Patent.

**b) by Dreamwell**. Dreamwell seeks damages in an amount to be determined at trial for Zinus' infringement of the '142 Patent and the federally registered POCKET COIL trademark. Dreamwell also seeks enhanced damages and attorneys' fees based on Zinus' willful infringement. In addition, Dreamwell seeks injunctive relief preventing Zinus from further infringing the '142 Patent, from further infringing the POCKET COIL trademark, and from engaging in related acts of unfair competition.

11.  **ADR.**  The parties have complied with ADR L.R. 3-5 by conferring on August 28, 2007, in an attempt to select an ADR process. An ADR phone conference was held on September 13, 2007. A settlement conference was held with Judge Lloyd on December 5, 2007. Principals for Zinus and Simmons have conferred several times by telephone and in person to explore the possibility of resolving the parties' dispute. No agreement has yet been reached, although the parties have come to an agreement on almost all of the terms of a license agreement that would resolve the parties' dispute. A follow-up phone conference is scheduled with Judge Lloyd today.

12.  **Consent to a Magistrate Judge.**  The parties have consented to the assignment of this case to a Magistrate Judge for all purposes, including all further proceedings, trial and entry of judgment.

13.  **Other References.**  The parties believe that this case is not suitable for other references, such as binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

14.  **Narrowing of Issues.**  Dreamwell believes that the issues can be substantially narrowed if the baseless breach of contract allegations are eliminated by motion or otherwise

(since those allegations are not directly related to the other patent, trademark and unfair competition claims). Zinus, of course, believes that its breach of contract claim is not baseless.

15. **Expedited Schedule.** The parties do not believe that this patent case can be handled on an expedited basis with streamlined procedures other than the Patent Local Rules.

16. **Scheduling.** The parties propose the following deadlines and court dates for the instant case.

| Item | Date | Proposed Date |
|---|---|---|
| Parties file Joint Case Management Conference Statement | December 10, 2007 | |
| Case Management Conference | December 11, 2007 | |
| Dreamwell serves its Pat. L.R. 3-1 Preliminary Infringement Contentions and its Pat. L.R. 3-2 document production | w/in 10 days after Case Management Conference | January 4, 2008 |
| Zinus serves its Patent L.R. 3-3 Preliminary Invalidity Contentions and its Pat. L.R. 3-4 document production | w/in 45 days after Preliminary Infringement Contentions | February 20, 2008 |
| Parties exchange Proposed Terms and Claim Elements for Construction under Pat. L.R. 4-1 | w/in 10 days after Preliminary Invalidity Contentions | March 3, 2008 |
| Parties exchange Preliminary Claim Constructions and Extrinsic Evidence under Pat. L.R. 4-2 | w/in 20 days after Proposed Terms and Claim Elements | March 17, 2008 |
| Last day to file motions to add parties or amend the pleadings | | January 31, 2008 |
| Parties file Joint Claim Construction and Prehearing Statement under Pat. L.R. 4-3 | w/in 60 days after Preliminary Invalidity Contentions | April 11, 2008 |
| Completion of claim construction discovery, including experts under Pat. L.R. 4-4 | w/in 30 days from Joint Claim Construction and Prehearing Statement | May 12, 2008 |
| Claim Construction Prehearing Conference under Pat. L.R. 2-1(a)(5) | | May 20, 2008 |
| Dreamwell files its Opening Claim Construction Brief | w/in 45 days from Joint Claim | May 26, 2008 |

| | | |
|---|---|---|
| | Construction and Prehearing Statmnt | |
| Zinus files its Responsive Claim Construction Brief | | June 9, 2008 |
| Dreamwell files its Reply Claim Construction Brief | | June 16, 2008 |
| Claim Construction Hearing (Markman Hearing) | | July 8, 2008 (subject to Court's convenience) |
| Completion of fact discovery | | 90 days after Markman ruling |
| Dreamwell serves its Pat. L.R. 3-6(a) Final Infringement Contentions | w/in 30 days after the Markman ruling | |
| Zinus serves its Pat. L.R. 3-6(b) Final Invalidity Contentions and its Pat. L.R. 3-8 willfulness document production | w/in 50 days after the Markman ruling | |
| Parties serve expert reports on issues for which a party bears the burden of proof under FRCiv.P 26(a)(2) | w/in 15 days after completion of fact discovery | |
| Parties serve rebuttal expert reports | w/in 30 days after service of expert reports | |
| Close of expert discovery | w/in 30 days after service of rebuttal reports | |
| Last day to hear dispositive motions | w/in 45 days after close of expert discovery | |
| Pretrial Conference Statement | (to be set by the Court) | April or May 2009 |
| Pretrial conference | (to be set by the Court) | April or May 2009 |
| Trial by jury | (to be set by the Court) | May or June 2009 |

**17. Trial.** The case will be tried to a jury. The parties anticipate that trial will last about five to eight (5-8) court days, exclusive of jury selection and summations.

**18. Civil Local Rule 3-16 Disclosures.** Each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. Zinus restates that the following listed persons, firms, partnerships, corporations (including parent corporations) or other entities either (1) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have any other kind of interest in that subject matter or in a party that

could be substantially affected by the outcome of this proceeding: Zinus Korea of Kyunggi-Do, Korea; Wal-Mart Stores, Inc.; and Wal-Mart.com USA, LLC.  Dreamwell and Simmons restate that the following listed persons, firms, partnerships, corporations (including parent corporations) or other entities either (1) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have any other kind of interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: THL-SC Bedding Company.

**19.    Topics in Patent Local Rule 2-1.**

(1)  The parties do not propose modifying the deadlines provided for in the Patent Local Rules.

(2)  The parties presently do not intend to present live testimony at the Claim Construction Hearing.

(3)  The parties do not propose any specific limits on discovery relating to claim constuction.

(4)  At the Claim Construction Hearing, Dreamwell will present its proposed claim constructions first.  Then Zinus will present its proposed claim constructions.

(5)  The parties propose holding the Claim Construction Prehearing Conference on May 20, 2008.

Dated: December 10, 2007            By:    /s/ Darien K. Wallace
                                                           IMPERIUM PATENT WORKS
                                                           Attorneys for plaintiff and counterclaim defendant ZINUS, INC.

PERKINS COIE LLP

Dated: December 10, 2007            By:    /s/ Kenneth B. Wilson
                                                           Kenneth B. Wilson
                                                           Attorneys for defendant SIMMONS BEDDING COMPANY and defendant and counterclaimant DREAMWELL, LTD.

**ATTESTATION OF CONCURRENCE IN FILING**

The undersigned declares that concurrence in the filing of this document has been obtained from Kenneth B. Wilson. The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 10, 2007, in Sunol, California.

                    /s/ Darien K. Wallace
                    Darien K. Wallace


**ORDER**

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**


**Dated:  _____, 2007**        _____
                                        **Honorable Patricia V. Trumbull**
                                        **United States Magistrate Judge**