IMPERIUM PATENT WORKS
DARIEN K. WALLACE (State Bar No. 139798)
T. LESTER WALLACE (State Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:  925-862-9972
Facsimile:  925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>              Defendants. | Case No. 07-CV-03012 PVT<br><br>**PLAINTIFF ZINUS, INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** |
| DREAMWELL, LTD., a limited liability company of Nevada,<br><br>              Counterclaimant,<br><br>     v.<br><br>ZINUS, INC., a California corporation,<br><br>              Counterdefendant. | Date:      January 22, 2008<br>Time:     10:00 a.m.<br>Location:  Courtroom 5<br>Judge:    Hon. Patricia V. Trumbull |

**NOTICE OF MOTION AND MOTION**

     The Case Management Order dated December 12, 2007, grants Plaintiff and

Counterdefendant Zinus, Inc. ("Zinus") leave to file this Motion for Reconsideration.

     PLEASE TAKE NOTICE that Zinus will move, and hereby moves, for

reconsideration of the Order Denying Without Prejudice Zinus' Motion For Partial Summary

Judgment of Non-Infringement.  This Motion For Reconsideration will be brought for

hearing before the Honorable Patricia V. Trumbull in Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, at 10:00 a.m. on January 22, 2008, or at any other time the Court deems appropriate.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Zinus' Motion for Summary Judgment of Non-Infringement[1] ("Motion for Summary Judgment") and supporting declarations, and on all pleadings, files and records in this action.

## STATEMENT OF RELIEF SOUGHT

Zinus moves this Court for an Order granting Zinus' Motion for Summary Judgment that the method of packaging of Zinus' Swirl Wrap product does not infringe any claim of U.S. Patent Number Re. 36,142.

Dated:  December 17, 2007                    By:    /s/ Darien K. Wallace

Darien K. Wallace
IMPERIUM PATENT WORKS
Attorneys for Plaintiff and Counterdefendant
Zinus, Inc.

---

[1] "Plaintiff Zinus, Inc.'s Notice of Motion and Motion For Summary Adjudication of Non-Infringement"

1

# TABLE OF CONTENTS                                          **Page**

NOTICE OF MOTION ....................................................................................... 1

STATEMENT OF RELIEF SOUGHT............................................................... 2

TABLE OF CONTENTS…................................................................................ 3

TABLE OF AUTHORITIES ............................................................................. 4

MEMORANDUM OF POINTS AND AUTHORITIES.................................... 6

I.      PRELIMINARY STATEMENT................................................... 6

II.     APPLICABLE LAW..................................................................... 7

III.    LITERAL INFRINGEMENT INVOLVES NO ISSUES OF FACT .................. 10

IV.     DOCTRINE OF EQUIVALENTS INVOLVES NO ISSUES OF FACT .......... 11

V.      COURT'S DECISION TO BE RECONSIDERED ........................................... 13

VI.     CONCLUSION.............................................................................. 17

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF AUTHORITIES

2

<u>Cases</u>                                                                          <u>Page(s)</u>

3    *Bai v L&L Wings, Inc.*, 160 F.3d 1350, 48 USPQ2d 1674 (Fed.Cir. 1998) ............... 7

4    *Ballard Medical Products v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 60

5        USPQ2d 1493 (Fed.Cir. 2001) ........................................................ 7

6    *Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296 (Fed.Cir. 2005) ...... 9

7    *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S. Ct.

8        1831, 62 U.S.P.Q.2d 1705 (2002) (Festo VIII) ............................... 8

9    *Festo Corp. v. Shoketsu Kinzoku Kabushiki Co.*, 344 F.2d 1350 (Fed.Cir. 2003)

10        (Festo X) ...................................................................... 9

11    *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 2007 U.S.

12        App. LEXIS 15942, 83 U.S.P.Q.2d 1385 (Fed.Cir. 2007) (Festo XIII) ..... 9, 11

13    *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 76 USPQ2d 1001

14        (Fed.Cir. 2005), cert. denied, 126 S. Ct. 1167 (2006) .................... 9

15    *Gen Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978 (Fed.Cir. 1997) ......................... 7

16    *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 34 USPQ2d 1321 (Fed.Cir.

17        1995) ............................................................................ 7

18    *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319 (Fed.Cir. 2002) ........................... 7

19    *Rhodia Chimie v. PPG Indus. Inc.*, 402 F.3d 1371 (Fed.Cir. 2005) ......................... 8

20    *Sage Products, Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 44 USPQ2d 1103

21        (Fed.Cir. 1997) ............................................................... 10

22    *Schwarz Pharma, Inc. v. Paddock Labs, Inc.*,  2007 U.S. App. LEXIS 23950

23        (Fed.Cir. 2007) ............................................................... 8

24    *Sliptrack v. Steeler Metals, Inc.*, 2004 U.S. Dist. LEXIS 23612 (N.D. Cal., Nov.

25        12, 2004) .......................................................... 7, 9, 10, 14

26    *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357,

27        61 USPQ2d 1647 (Fed.Cir. 2002) ............................................. 16

28    *Transonic Sys. v. Fresenius USA, Inc.*, 425 F. Supp. 2d 1082 (N.D. Cal. 2006) ....... 14

1    *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997)……............    8

2    *Wilson Sporting Goods Co. v. David Geoffrey & Ass.*, 904 F.2d 677, 14 USPQ2d

3           1942 (Fed.Cir. 1990) cert. denied, 498 U.S. 992, 111 S. Ct. 537 (1990) …...    16

4    *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192 (Fed.Cir. 1994) ...................    8

5

6                                    <u>**Statutes and Rules**</u>

7    Federal Rule of Civil Procedure 56 ............................................................    7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. **PRELIMINARY STATEMENT**

Zinus respectfully requests that the Court reconsider its finding that adjudication of Zinus' Motion for Summary Judgment prior to claims construction is not feasible.

Zinus has identified three independent reasons that there can be no infringement under the doctrine of equivalents: (1) applying the doctrine of equivalents to the "inserting" claim element is barred due to prosecution history estoppel, (2) the scope of the equivalency of the "inserting" claim element may not be expanded so far as to encompass the Swirl Wrap method because the Swirl Wrap method is a prior art method, and (3) "inserting into" and "rolling up" do not perform the containment function in "substantially the same way". Each of these three reasons alone is adequate support for a finding that there can be no infringement under the doctrine of equivalents. This Motion for Reconsideration concentrates on the first reason and explains (i) why Dreamwell is barred, purely as a matter of law, from expanding the scope of the "inserting" claim element beyond that element's literal meaning, and (ii) why such a finding can be made prior to a Markman hearing.

The issue of literal non-infringement has been effectively conceded by Dreamwell. Dreamwell has not even attempted to argue literal infringement. But most importantly, the factual makeup of the accused Swirl Wrap method is not in dispute—there are no facts in dispute related to the issue of literal infringement. Because claim interpretation is a matter of law, a decision from the Court as a matter of law on summary judgment is appropriate.

On October 2, 2006, Zinus filed its Motion for Summary Judgment requesting that the Court find that the method of packaging of Zinus' Mattress-in-a-Box "Swirl Wrap" product (the "Swirl Wrap method") does not infringe any claim of U.S. Patent Number Re. 36,142 ("the '142 Patent"). Rather than requiring the interpretation of a great many claim terms, some of which are exceedingly indefinite and difficult to interpret with any reasonable degree of certainty, the entire issue of whether the Swirl Wrap method infringes can easily and expeditiously be decided now as set forth in the Motion for Summary Judgment by

interpreting only two claim terms ("insert . . . into" and "containment sleeve").[2]  These two claim terms can easily be understood and interpreted.  Deciding the infringement issue now on this basis will streamline this case and greatly reduce the number of issues and amount of work required by the parties and the Court.  A finding that the Swirl Wrap method does not infringe any claim of the '142 Patent does not require all of the claim terms to be construed.

Summary judgment is appropriate because there is no genuine issue of material fact.  The moving party, Zinus, is therefore entitled to judgment as a matter of law.

## II.  <u>APPLICABLE LAW</u>

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pro. 56.  As the Court of Appeals for the Federal Circuit has made clear, "Markman does not require a district court to follow any particular procedure in conducting claim construction.  It merely holds that claim construction is the province of the court, not a jury.  . . .  <u>If the district court considers one issue to be dispositive, the court may cut to the heart of the matter</u> and need not exhaustively discuss all the other issues presented by the parties." (emphasis added) *Ballard Medical Products v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358, 60 USPQ2d 1493 (Fed.Cir. 2001).  Claim construction is an issue of law.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed.Cir. 1995).  As explained by Judge Trumbull in *Sliptrack v. Steeler Metals, Inc.*, 2004 U.S. Dist. LEXIS 23612, at *12 (N.D. Cal., Nov. 12, 2004), aff'd *Sliptrack Sys. v. Steeler Metals, Inc.*, 158 Fed. Appx. 283 (Fed.Cir. 2005):

> "Determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact.  *See* <u>Bai v. L & L Wings, Inc.</u>, 160 F.3d 1350 (Fed.Cir. 1998).  However, in a patent litigation action, "where the parties do not dispute any relevant facts regarding the accused product . . . but disagree over possible claim interpretations, the question of literal infringement collapses into a claim construction and is amenable to summary judgment."  <u>Rheox, Inc. v. Entact, Inc.</u>, 276 F.3d 1319 (Fed.Cir. 2002) (quoting, <u>Gen Mills, Inc. v. Hunt-Wesson, Inc.</u>, 103 F.3d 978 (Fed.Cir. 1997))."

---

[2]  Each of the independent claims of the '142 Patent includes the identical recitation: "inserting said evacuated tube into a containment sleeve which is dimensioned and configured to retain said compressed mattress assembly in a compressed state for shipment".

In order for a court to find infringement, the patentee must show the presence of every element or its equivalent in the accused device. *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192 (Fed.Cir. 1994). Where the patentee relies on the doctrine of equivalents to show infringement, the doctrine of prosecution history estoppel acts as "a <u>legal limitation</u> on the doctrine of equivalents." (emphasis added) *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 30, 117 S. Ct. 1040, 41 USPQ2d 1865 (1997). The patentee is presumed to have disclaimed claim scope to equivalents of amended claim elements.

A patentee may rebut the presumption that claim scope to an equivalent has been disclaimed by making one of three showings: (1) that the alleged equivalent was "unforeseeable" at the time the amendment was made, (2) that the alleged equivalent was "tangential to the purpose" of the amendment, or (3) that there was "some other reason" suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question. *Rhodia Chimie v. PPG Indus. Inc.*, 402 F.3d 1371 (Fed.Cir 2005). "A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim. There are some cases, however, where the amendment cannot reasonably be viewed as surrendering a particular equivalent. The equivalent may have been <u>unforseeable</u> at the time of the application; the rationale underlying the amendment may bear no more than a <u>tangential relation</u> to the equivalent in question; or there may be <u>some other reason</u> suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question. In those cases the patentee can overcome the presumption that prosecution history estoppel bars a finding of equivalence". *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740-41, 122 S. Ct. 1831, 62 U.S.P.Q.2d 1705 (2002) (Festo VIII) (emphasis added); <u>see also</u> *Schwarz Pharma, Inc. v. Paddock Labs, Inc.*, 2007 U.S. App. LEXIS 23950 (Fed.Cir. 2007).

Under *Festo VIII*, where a claim element has been amended and the patentee alleges infringement under the doctrine of equivalents, the <u>patentee bears the burden</u> of proving both (1) that the amendment was not related to patentability and (2) that the amendment does not

1  surrender the particular equivalent in question. *Sliptrack v. Steeler Metals, Inc.*, 2004 U.S.

2  Dist. LEXIS 23612 at *27-*28 (N.D. Cal., Nov. 12, 2004).  See also, *Biagro Western Sales,*

3  *Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1305 (Fed.Cir. 2005) ("The Supreme Court made

4  clear that the patentee bears the burden of rebutting the presumption of surrender.

5  Furthermore, the determination of whether the presumption has been rebutted is a question of

6  law.") (emphasis added).

7      The leading case on rebuttal of the presumption of prosecution history estoppel is

8  *Festo XIII* (*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 2007 U.S.

9  App. LEXIS 15942, 83 U.S.P.Q.2d 1385 (Fed.Cir. 2007)).  In *Festo XIII* , the Federal Circuit

10  stated:

11      "In our second en banc, we held that rebuttal of the presumption of surrender was a
        question of law to be tried by a court and not a jury.  *Festo Corp. v. Shoketsu*
12      *Kinzoku Kabushiki Co.*, 344 F.2d 1350, 1367 (Fed.Cir. 2003)(en banc)('Festo X').
        We explained that the latter two exceptions were legal questions to be determined
13      based on the prosecution history and that neither exception applied.  *Id.* at 1369-70.
        With respect to the first exception (foreseeability), we concluded that it too was a
14      legal question but held that, because '[b]y its very nature[] objective
        unforeseeability depends on underlying factual issues,' district courts may hear
15      expert testimony and consider other evidence relating to the foreseeability analysis.
        *Id.* at 1369."
16

17  *Festo XIII*, 493 F.3d at 1375.  See also, *Biagro Western Sales*, 423 F.3d at 1301-1302 ("Issues

18  relating to the application and scope of prosecution history estoppel, including whether the

19  presumption of surrender of subject matter has arisen and whether it has been rebutted, are

20  questions of law to be decided by the court.  Rebuttal of the presumption may be subject to

21  underlying factual issues, which may properly be decided by the court.") (emphasis added).

22      The Federal Circuit in *Festo XIII* went on to explain that the Supreme Court in

23  *Festo X* did not "excuse" an applicant from failing to claim readily known equivalents at the

24  time of application.  An equivalent is foreseeable if the equivalent was disclosed in the

25  pertinent art at the time of the amendment. *Id.* at 1378, 1380.  "As between the patentee who

26  had a clear opportunity to negotiate broader claims but did not do so, and the public at large,

27  it is the patentee who must bear the cost of its failure to seek protection for [a] foreseeable

28  alteration of its claimed structure."  *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d

1  1350, 1361 (Fed.Cir. 2005) (citing *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420,

2  1425 (Fed.Cir. 1997).

3  ### III.  LITERAL INFRINGEMENT INVOLVES NO ISSUES OF FACT

4  Claim construction is an issue of law.  It is the job of the Court to determine the

5  meaning of claim terms as a matter of law.  The Court is to determine the meaning of the claim

6  terms from the intrinsic evidence of record.  The intrinsic evidence includes the claims, the

7  specification, and the prosecution history.  In a situation such as this in which the meaning of

8  the terms can be determined from the intrinsic record, it is improper for the Court to look to

9  extrinsic evidence, such as the declaration of the current Simmons employee Michael S.

10 DeFranks.  Accordingly, in this case there can be no dispute of material fact that impacts the

11 Court's job of interpreting the two claim terms "inserting  . . . into" and "containment sleeve".

12 The content of the public record (the intrinsic record) is known and cannot be in dispute.

13 The only possibly disputable facts involved in determining the issue of literal

14 infringement relate to what the accused product entails.  In the present case, what the Swirl

15 Wrap packaging method entails is not disputed.  The parties do not dispute what is factually

16 involved in the Swirl Wrap packaging method.  The Swirl Wrap packaging method is set

17 forth clearly in the Declaration of Scott Reeves[3] and is illustrated and explained in Zinus'

18 Motion for Summary Judgment.  As this Court has noted, "where the parties do not dispute

19 any relevant facts regarding the accused product . . . but disagree over possible claim

20 interpretations, the question of literal infringement collapses into a claim construction and is

21 amenable to summary judgment" *Sliptrack*,  2004 U.S. Dist. LEXIS 23612, at *12.

22 Accordingly, in the present case where there is no dispute about what the Swirl Wrap

23 method entails, there is no issue of material fact related to the issue of literal infringement.

24 Moreover, Dreamwell did not present an argument in its Opposition brief that the Swirl Wrap

25 method literally infringes any claim of the '142 Patent.

26

27 ─────────────────

28 [3]  "Declaration of Scott Reeves In Support of Zinus, Inc.'s Motion For Summary Adjudication of
    Non-Infringement"

## IV.  <u>DOCTRINE OF EQUIVALENTS INVOLVES NO ISSUES OF FACT</u>

If a claim element is amended during prosecution for patentability reasons, then application of the doctrine of equivalents as to that claim element is presumed to be barred. Accordingly, any "equivalent" that was within the scope of the claim before amendment, and that is not within the scope of the claim after amendment, is presumed to have been surrendered.  The patentee can rebut this presumption only if one of three exceptions applies, namely (1) the equivalent was "unforeseeable" at the time of the application, (2) the rationale underlying the amendment bears no more than a "tangential relation" to the equivalent in question, or (3) that "some other reason" suggests that the patentee could not reasonably be expected to have described the insubstantial substitute in question.

Very importantly, *Festo XIII* holds that "rebuttal of the presumption of surrender [is] a question of law to be tried by a court and not a jury."  The Federal Circuit explained that the first exception (foreseeability) is a legal question, but objective foreseeability depends on underlying facts.  The Federal Circuit stated that the district court "may" hear expert testimony and consider other evidence relating to the underlying foreseeability analysis. However, if the "alternative" that is claimed to be an equivalent was known in the field of the invention at the time the amendment was made, then that alternative was foreseeable <u>as a matter of law</u> and objective foreseeability based on underlying facts may not be considered. Thus, foreseeability does not require that the applicant actually knew of the particular equivalent.  The Federal Circuit stated, "we have consistently held that an equivalent is foreseeable when the equivalent is known in the pertinent prior art at the time of amendment" *Festo XIII*, 493 F.3d at 1378.

In the present case involving the Swirl Wrap packaging method, the Swirl Wrap product involves no "containment sleeve" or anything remotely like a sleeve.  The equivalent[4] that is claimed by Dreamwell to be equivalent to the "containment sleeve" is a

---

[4] ". . . it is the combination of Zinus' sheet of reinforced fabric and tape or plastic bands that is the equivalent of the '142 Patent's containment sleeve element" (Dreamwell's Opposition, p. 2, fn 1).

hypothetical combination of Zinus' sheet of reinforced fabric (that is rolled-up together with the compressed mattress) and Zinus' tape or plastic bands. Dreamwell's claimed equivalent, however, was known in the field of the invention at the time the amendment was made. As set forth in detail in Zinus' Motion for Summary Judgment, the prior art Magni patent discloses compressing a mattress in a sheath to make a compressed mattress assembly. Magni's compressed mattress assembly is then "rolled up together" with a sheet[5] to make a rolled-up assembly. Magni then applies annular rings of "ribbon-shaped strings"[6] to the rolled-up assembly. The ribbon-shaped strings hold the rolled-up assembly in place. The resulting banded and rolled-up assembly (see Figure 13 of the Magni patent) is then put into a packing box.

Accordingly, the "alternative" that Dreamwell claims to be equivalent to the missing "containment sleeve" (the "combination" of a "sheet" that is rolled-up with a compressed mattress and annular "tape or plastic bands" that hold the resulting roll in place) was known in the field of the invention at the time of the amendment. Because the equivalent proposed by Dreamwell was known in the field of the invention, that equivalent was "foreseeable" as a matter of law. Due to the existence of the Magni patent, there are no genuine issues of material fact as to the "unforeseeable" exception to the presumption of surrender. The existence of the proposed equivalent in the field of the invention simply precludes the "unforeseeable" exception from being used.

The Federal Circuit explained that the latter two exceptions ("tangential relation" and "some other reason") are also legal questions to be determined by the Court based on the prosecution history. Zinus submits that this determination is like interpreting the meaning of a claim term in that it is to be done from the intrinsic record alone as a matter of law. The content of the intrinsic record is not in dispute, so determining whether the last two exceptions apply in the case of the '142 Patent cannot involve any issue of material fact.

---

[5] Magni refers to the sheet as a "film." See film 222.
[6] Magni teaches that the "ribbon-shaped strings" may be "closing rings surrounding the rolled-up mattress" or "adhesive tape".

In summary, the Federal Circuit has stated that rebuttal of the presumption of surrender is a question of law to be tried by a court and not a jury. The latter two exceptions ("tangential relation" and "some other excuse") are legal questions to be decided from the prosecution history. There can be no dispute of material fact involved in the Court's determining whether either of the latter two exceptions applies or does not apply. The first exception ("unforeseeable") is also a question of law to be decided by the Court. In the case at bar, however, there can be no dispute of material fact involved in the Court's determining whether the "unforeseeable" exception applies because the equivalent proposed by Dreamwell was known in the field of the invention as evidenced by a prior art Magni patent. Dreamwell's proposed equivalent was "foreseeable" as a matter or law.

Accordingly, there is no issue of material fact related to the issue of infringement under the doctrine of equivalents.

## V. <u>COURT'S DECISION TO BE RECONSIDERED</u>

Zinus has three comments with respect to the Court's Order Denying Zinus' Motion for Summary Judgment.

First, the Order states that "the Court finds that adjudication of Zinus' Motion for Partial Summary Judgment of Non-Infringement prior to claims construction is not feasible." This is not true. The Court may cut to the heart of the matter and construe only two simple claim terms and need not exhaustively resolve all the other issues[7] of claim construction. And the Court can determine the meaning of those two simple claim terms now by looking only to the intrinsic evidence. The subject matter of the '142 Patent is exceedingly simple to understand, and there is absolutely no reason to resort to extrinsic evidence. What the Zinus Swirl Wrap method entails, as a factual matter, is not in dispute.

Therefore, deciding the issue of literal infringement based on the two simple claim terms is a straight-forward claim construction exercise that does not involve a single issue of

---

[7] For example, what the indefinite claim term "gradually returns" means will be unreasonably difficult for the Court to decide. Disposing of the infringement issue now by assessing simple claim terms is superior to waiting for a Markman hearing and trying to grapple with problematical claim terms.

1    material fact.  (Dreamwell apparently even concedes that there is no literal infringement.)

2    Moreover, application of the doctrine of equivalents to the "inserting . . . into a containment

3    sleeve" element is barred as a matter of law as explained above.  In Zinus' view, it is hard to

4    imagine an easier or less complex Motion for Summary Judgment of Non-Infringement.

5        Second, Dreamwell complains that it was precluded by the Local Rules from briefing

6    a "new" prosecution history estoppel argument made for the first time in Zinus' Reply brief.[8]

7    Dreamwell was not, however, precluded from addressing prosecution history estoppel.  In

8    fact, it was Dreamwell's burden to do so in its Opposition.  This Court has held that where a

9    claim element has been amended and the patentee alleges infringement under the doctrine of

10   equivalents, the patentee bears the burden of proving both (1) that the amendment was not

11   related to patentability and (2) that the amendment does not surrender the particular

12   equivalent in question. *Sliptrack*, 2004 U.S. Dist. LEXIS 23612, at *27-28.  It was

13   Dreamwell's burden to establish that there was no prosecution history estoppel, considering

14   that the record showed (and Dreamwell admitted) that the "inserting" claim element was

15   amended for patentability reasons.  Prosecution history estoppel was, therefore, not a "new"

16   argument, but rather an aspect of establishing infringement under the doctrine of equivalents

17   that Dreamwell failed to consider.  Dreamwell failed to meet its burden of rebutting the

18   presumption of surrender when Dreamwell asserted a claim that had been amended for

19   patentability reasons.  Zinus merely exposed the consequences of statements Dreamwell

20   made in its Opposition, such as the surprisingly honest admission that the claims were

21   amended for patentability reasons:

22           ". . . the claims are expressly limited to '[a] method of packaging a mattress
             assembly constructed of coil springs wherein each spring is contained within an
23           individual pocket of fabric.'  This is not merely token language; it was added to
             distinguish the claims over the Broyles prior art, and the Patent Office refused to
24           allow issuance of the patent until this limitation was added. [See Exh. W-F]"

25

26   [8]  The Court has inherent power to control matters before it, including the briefing of those matters.
     Thus, the Court has full power to allow Dreamwell to file a sur-reply to respond to the arguments
27   that Dreamwell describes as "new".  See, e.g., *Transonic Sys. v. Fresenius USA, Inc.*, 425 F. Supp.
     2d 1082 (N.D. Cal. 2006).  It is curious that Dreamwell's Motion to Strike New Arguments does
28   not request leave to file a sur-reply.

(Dreamwell's Opposition to Zinus' Motion for Summary Judgment, 22:15-19) (emphasis added)[9]  Dreamwell made this statement, and Dreamwell had an opportunity (and indeed the burden) to explain why prosecution history estoppel does not apply.  Pointing out why prosecution history estoppel does apply in light of Dreamwell's admission was, therefore, not a "new" argument in Zinus' Reply.

Third, the Order Denying Zinus' Motion for Summary Judgment refers to a "new obviousness argument" and then mentions "additional complexity".  The Order states: "In light of the additional complexity revealed by the motion for summary judgment, the Court finds that adjudication of Zinus' Motion for Partial Summary Judgment of Non-Infringement prior to claims construction is not feasible."  The implication is that an obviousness determination of invalidity must be made in order for the Court to decide Zinus' Motion for Summary Judgment.  No such obviousness determination would be required.  There are no obviousness considerations in finding non-infringement based on prosecution history estoppel.  And although obviousness can be a consideration in the second of the three independent reasons for finding non-infringement, a determination that "the Magni patent would have rendered the inventions of the '142 Patent as a whole obvious"[10] is not required for the finding of non-infringement.

The second independent reason that the Swirl Wrap method cannot infringe under the doctrine of equivalents is that the method practices what is either disclosed or rendered obvious by the prior art Magni patent.  This reason does not require a determination that the '142 Patent is invalid as being obvious over the Magni patent.  In its Motion for Summary Judgment, Zinus explained why the "inserting" claim element is not equivalent to rolling up a compressed mattress with a sheet of film as taught by the Magni reference. (Zinus' Motion for Summary Judgment, 7:19-28; 17:9-20)  Dreamwell did not refute in its Opposition that

---

[9]  The "inserting" claim element was amended twice for patentability reasons by eventually substituting "a containment sleeve which is dimensioned and configured to retain said compressed mattress assembly [of coil springs]" for the original claim language "a containment sleeve which is dimensioned and configured to retain said compressed article".

[10] Dreamwell's Motion to Strike New Arguments in Zinus' Reply, 3:2.

1   the expanded scope of equivalence of the "inserting" element cannot overlap Magni's prior

2   art "rolling up" teaching.  Instead, Dreamwell argued that <u>the Magni reference cannot be</u>

3   <u>considered at all</u> because Zinus was in fact bringing a "practicing the prior art defense", and

4   Magni does not explicitly disclose each and every claim element of the '142 Patent.

5   Dreamwell stated, "the Magni patent does not even arguably disclose one of the critical

6   limitations of the claims of the '142 Patent: it does not disclose packaging 'a mattress

7   assembly constructed of coil springs wherein each spring is contained within a single pocket

8   of fabric.'"  (Dreamwell's Opposition, 20:5-8)  So Zinus' rebuttal that the Magni patent does

9   indeed teach every claim element was not a "new obviousness argument".  Rather, it was a

10  reiteration of the how to apply the law to the Swirl Wrap method, the disclosure in the Magni

11  patent, and Dreamwell's equivalency contention.  Zinus' Motion for Summary Judgment had

12  already explained that the scope of equivalency may not encompass previously disclosed

13  material or teachings that would have been obvious in light of the disclosed material.  Zinus'

14  Motion for Summary Judgment explains:

15      "For example, the scope of equivalency may not encompass previously disclosed
        material.  In *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279
16      F.3d 1357, 61 USPQ2d 1647 (Fed.Cir. 2002), the Federal Circuit held that the
        scope of equivalency is constrained by the prior art.  The court stated, "the doctrine
17      of equivalents is an equitable doctrine and it would not be equitable to allow a
        patentee to claim a scope of equivalents encompassing material that had been
18      previously disclosed by someone else, <u>or that would have been obvious in light of</u>
        <u>others' earlier disclosures</u>." *Tate Access Floors*, 279 F.3d at 1367.  *See also Wilson*
19      *Sporting Goods Co. v. David Geoffrey & Associates*, 904 F.2d 677, 684-685, 14
        USPQ2d 1942, 1948 (Fed.Cir. 1990) cert. denied, 498 U.S. 992, 111 S. Ct. 537
20      (1990) (scope of equivalency is limited by <u>prior art demonstrating either</u>
        <u>anticipation or obviousness</u>).
21
22  (Zinus' Motion for Summary Judgment, 17:9-20) (emphasis added).  Thus, Zinus'

23  obviousness argument was neither "new" nor does it require that the '142 Patent be found

24  invalid as being obvious over the Magni patent.[11]  A finding that the elements of the claims

25

26

27  [11] In addition, the argument in Zinus' Reply that packaging pocket coil spring mattresses is obvious in
        light of the Magni packaging process was not new because Dreamwell admitted in its Opposition
28      that the examiner found pocket coil springs to be obvious over regular coil springs and that adding

of the '142 Patent, including an expanded equivalency of the "inserting" claim element, would have been obvious over the Magni patent does not require the additional determination that the literal scope of each of the claim elements would also have been obvious over the Magni patent.[12] It is therefore not necessary that the Court make an obviousness determination of invalidity in order for the Court to grant Zinus' Motion for Summary Judgment.

Under *Wilson Sporting Goods*, the burden is on Dreamwell as the patentee to prove that the range of equivalents it seeks does not ensnare the prior art. *Wilson Sporting Goods*, 904 F.2d at 685. In its Motion for Summary Judgment, Zinus presented a *prima facie* showing that the Swirl Wrap method is either disclosed by the Magni patent or is an obvious variant of the Magni method. Zinus' clarification of the obviousness aspect of Dreamwell's equivalency argument was not a new argument, and Zinus should not be penalized, and this clarification stricken from Zinus' Reply brief, merely because Dreamwell failed to meet its burden of showing that the hypothetical claim including Dreamwell's proposed equivalency element would not ensnare the prior art teachings of the Magni patent.

## VI.  CONCLUSION

That the Swirl Wrap method does not literally infringe the '142 Patent can be determined by interpreting just two simple claim terms, "insert . . . into" and "containment sleeve". Because there are no issues of fact that need to be resolved in order for the Court to determine what the "Swirl Wrap" packaging method entails, and because interpretation of the two claim terms is a matter of law to be determined from the intrinsic record alone, summary adjudication of the literal infringement issue is not only feasible, it is also appropriate.

Application of the doctrine of equivalents to the element of "inserting said evacuated

---

the "pocketed coil" limitation was not sufficient to render the claims non-obvious over the Broyles reference. (Dreamwell's Opposition, 3:20-22; 4:17-23)

[12] The determination that the literal scope of each of the claim elements of a patent would have been obvious over the prior art would invalidate the patent. Therefore, there is no "practicing the prior art" defense to literal infringement, and the accused literal infringer's remedy would be to invalidate the patent.

tube into a containment sleeve" is totally barred as a matter of law due to prosecution history estoppel.  That the claim element was amended for patentability reasons is clearly admitted by Dreamwell in its Opposition papers.  Barring application of the doctrine of equivalents to the "inserting . . . into a containment sleeve" element is therefore presumed as a matter of law.

As to any possible rebutting of the presumption, the Federal Circuit has stated that "rebuttal of the presumption of surrender [is] a question of law to be tried by a court and not a jury."  There are three exceptions that can be used to rebut the presumption.  Whether the second and third exceptions apply in a given circumstance is a matter of law to be determined by the Court looking to the prosecution history.  Determination of whether the second or third exception applies therefore cannot involve an issue of material fact.  The Court simply looks to the intrinsic record (i.e., the prosecution history).  Whether the first exception (foreseeability) applies in this case is simple to decide.  The answer is no, as a matter of law, because Dreamwell's proposed equivalent was clearly known in the field of the invention at the time the amendment was made as evidenced by an indisputable prior art patent. Dreamwell's proposed equivalent was therefore "foreseeable" as a matter of law. Determination of whether any of the three exceptions applies in this case therefore does not involve a single issue of fact.  Summary adjudication of non-infringement under the doctrine of equivalents is therefore not only simple and feasible, it is also appropriate.

Deciding the Swirl Wrap infringement issue now, on this basis, by interpreting only two claim terms, will streamline this case and greatly reduce the amount of work and number of issues that will have to be addressed by the parties and the Court.  Accordingly, this Motion for Reconsideration should be granted.


Dated:  December 17, 2007                    By:  _____ /s/ _____

                                                  Darien K. Wallace
                                                  IMPERIUM PATENT WORKS
                                                  Attorneys for Plaintiff and Counterdefendant
                                                  ZINUS, INC.