1  Kenneth B. Wilson, Bar No. 130009
   KWilson@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorneys for Defendant
   SIMMONS BEDDING COMPANY
6  and Defendant and Counterclaimant
   DREAMWELL, LTD.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  ZINUS, INC. a California Corporation,        Case No. 07-CV-03012-PVT

13              Plaintiff,                       **ANSWER TO THIRD AMENDED
                                                 COMPLAINT AND COUNTERCLAIMS**
14       v.
                                                 **DEMAND FOR JURY TRIAL**
15  SIMMONS BEDDING COMPANY, a
    Delaware corporation, and DREAMWELL,
16  LTD., a limited liability company of
    Nevada,
17
                Defendants.
18

19  DREAMWELL, LTD., a limited liability
    company of Nevada,
20
                Counterclaimant,
21
         v.
22
    ZINUS, Inc., a California Corporation,
23
                Counterclaim Defendant.
24

25       Defendant and counterclaimant Dreamwell, Ltd. ("Dreamwell") and defendant Simmons

26  Bedding Company ("Simmons Bedding") (collectively referred to as "Defendants") hereby

27  answer plaintiff and counterclaim defendant Zinus, Inc.'s ("Zinus'") Third Amended Complaint

28  for Declaratory Judgment, Unfair Competition and Breach of Contract (the "Complaint" or

ANSWER TO THIRD AMENDED
COMPLAINT AND COUNTERCLAIMS
07-CV-03012-PVT

1   "Third Amended Complaint"), on personal knowledge as to their own activities and on

2   information and belief as to the activities of others, as follows.

3       Defendants note that Zinus' Complaint does not comply with the requirements of Federal

4   Rule of Civil Procedure 8, which mandates "a short and plain statement" of the claim showing

5   that the pleader is entitled to relief.  Instead, Zinus' Complaint includes long and convoluted

6   sentences, some of which bear no relation to Zinus' claim for relief.  Defendants have attempted

7   to respond to each sentence as a separate allegation, to the extent Defendants understand the

8   sentence, but reserve the right to amend their responses at a later point if appropriate.

9       Defendants further decline to admit or deny specific allegations of the Complaint if to do

10  so would result in disclosure of information protected by the attorney-client privilege and/or the

11  attorney work product doctrine, or would disclose information relating to the Settlement

12  Conference in this case or to other confidential settlement discussions between the parties.

13                    **RESPONSES TO SPECIFIC ALLEGATIONS**

14                    **COMPLAINT AND JURY DEMAND**

15      1.      Answering the allegations of Paragraph 1, Defendants admit that this lawsuit

16  purports to be a civil action arising under the Patent Laws of the United States, and that a copy of

17  U.S. Patent No. Re. 36,142 (the "'142 Patent") is attached to the Complaint as Exhibit A.  Except

18  as thus expressly admitted, Defendants deny the allegations of Paragraph 1.

19      2.      Answering the allegations of Paragraph 2, Defendants admit that the Complaint

20  purports to arise under Sections 43(a) of the Lanham Act of 1946, and that it requests as relief

21  damages and an injunction preventing Defendants from making false marketplace statements that

22  Zinus' products infringe the '142 Patent.  Except as thus expressly admitted, Defendants deny the

23  allegations of Paragraph 2.

24      3.      Answering the allegations of Paragraph 3, Defendants admit that Zinus purports to

25  include a breach of contract cause of action under California law.  Except as thus expressly

26  admitted, Defendants deny the allegations of Paragraph 3.

27

28                              **THE PARTIES**

1     4.    Defendants lack sufficient knowledge to admit or deny the allegations of

2  Paragraph 4, and on that basis deny those allegations.

3     5.    Answering the allegations of Paragraph 5, Defendants admit that Dreamwell is the

4  owner of the '142 Patent, and that Dreamwell is a wholly-owned subsidiary of Simmons Bedding.

5  Except as thus expressly admitted, Dreamwell denies the allegations of Paragraph 5.

6     6.    Defendants admit the allegations of Paragraph 6.

7     7.    Defendants admit the allegations of Paragraph 7.

8                    **JURISDICTION AND VENUE**

9     8.    Answering the allegations of Paragraph 8, Defendants admit that Zinus purports to

10  bring a patent action seeking certain declaratory judgments as remedies.  Except as thus expressly

11  admitted, Defendants deny the allegations of Paragraph 8.

12     9.    Answering the allegations of Paragraph 9, Defendants admit that this Court has

13  jurisdiction over the subject matter of this action.  Except as thus expressly admitted, Defendants

14  deny the allegations of Paragraph 9.

15     10.    Answering the allegations of Paragraph 10, Defendants admit that The Simmons

16  Manufacturing Co., LLC ("TSMC") has a facility at 1700 Fairway Dr., San Leandro, California,

17  and that TSMC manufactures, sells and ships mattresses in this judicial district.  Except as thus

18  expressly admitted, Defendants deny the allegations of Paragraph 10.

19     11.    Defendants admit the allegations of Paragraph 11.

20     12.    Answering the allegations of Paragraph 12, Defendants admit that Dreamwell is a

21  wholly-owned subsidiary of Simmons Bedding.  Except as thus expressly admitted, Defendants

22  deny the allegations of Paragraph 12.

23     13.    Defendants deny the allegations of Paragraph 13.

24     14.    Defendants deny the allegations of Paragraph 14.

25     15.    Defendants deny the allegations of Paragraph 15.

26                    **INTRADISTRICT ASSIGNMENT**

27     16.    Defendants admit the allegations of Paragraph 16.

28

ANSWER TO THIRD AMENDED
COMPLAINT AND COUNTERCLAIMS          -3-
07-CV-03012-PVT

1

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

2      17.    Defendants deny the allegations of Paragraph 17.

3      18.    Defendants deny the allegations of Paragraph 18.

4      19.    Answering the allegations of Paragraph 19, Defendants admit that Zinus

5  distributes a bedding product called "Mattress-in-a-Box," which includes a mattress packaged in a

6  box. Except as thus expressly admitted, Defendants lack knowledge or information sufficient to

7  admit or deny the allegations of Paragraph 19, and on that basis deny those allegations.

8      20.    Defendants lack knowledge or information sufficient to admit or deny the

9  allegations of Paragraph 20, and on that basis deny those allegations.

10     21.    Defendants lack knowledge or information sufficient to admit or deny the

11  allegations of Paragraph 21, and on that basis deny those allegations.

12     22.    Answering the allegations of Paragraph 22, Defendants deny that Simmons

13  Bedding manufactures a "comparable mattress" to the Mattress-in-a-Box product. Except as thus

14  expressly denied, Defendants lack knowledge or information sufficient to admit or deny the

15  allegations of Paragraph 21, and on that basis deny those allegations.

16     23.    Answering the allegations of Paragraph 23, Defendants admit that in March 2007

17  Simmons Bedding discussed with Zinus the possibility of Simmons Bedding purchasing

18  components from Zinus, and that Simmons Bedding expressed an interest in visiting the Zinus

19  factory. Except as thus expressly admitted, Defendants lack knowledge or information sufficient

20  to admit or deny the allegations of Paragraph 23, and on that basis deny those allegations.

21     24.    Answering the allegations of Paragraph 24, Defendants admit that on or about

22  March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure

23  Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which

24  speak for themselves. Except as thus expressly admitted, Defendants deny the allegations of

25  Paragraph 24.

26     25.    Answering the allegations of Paragraph 25, Defendants admit that representatives

27  of Simmons Bedding, including Sheri Harms and Bob Carroll, visited what they understood to be

28  a Zinus factory in China, that they were shown a manufacturing process for the Zinus Mattress-

1    in-a-Box product, and that they took photographs.  Except as thus expressly admitted, Defendants

2    deny the allegations of Paragraph 25.

3        26.    Answering the allegations of Paragraph 26, Defendants admit that on or about May

4    18, 2007, Dreamwell's outside counsel sent a cease and desist letter to Zinus, a copy of which is

5    attached to the Complaint as Exhibit C, and the terms of which speak for themselves.  Except as

6    thus expressly admitted, Defendants deny the allegations of Paragraph 26.

7        27.    Answering the allegations of Paragraph 27, Defendants admit that Dreamwell's

8    outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the

9    Complaint as Exhibit D, and the terms of which speak for themselves; that Dreamwell is located

10    in Nevada; that Wal-Mart is located in Arkansas; and that Clara DeQuick, Agnes Lee and Kristen

11    McGuffey are attorneys.  Except as thus expressly admitted, Dreamwell denies the allegations of

12    Paragraph 27.

13        28.    Answering the allegations of Paragraph 28, Defendants admit that Dreamwell's

14    outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the

15    Complaint as Exhibit D, and the terms of which speak for themselves; that the Mattress-in-a-Box

16    product is covered by claim 1 of the '142 Patent; and that Dreamwell does not have a factory.

17    Except as thus expressly admitted, Defendants deny the allegations of Paragraph 28.

18        29.    Answering the allegations of Paragraph 29, Defendants admit that Dreamwell's

19    outside counsel sent a letter dated May 18, 2007 to Wal-Mart, a copy of which is attached to the

20    Complaint as Exhibit D, and the terms of which speak for themselves.  Except as thus expressly

21    admitted, Defendants deny the allegations of Paragraph 29.

22        30.    Answering the allegations of Paragraph 30, Defendants admit that at least one of

23    Clara DeQuick, Agnes Lee or Kristen McGuffey acted as Dreamwell's agent.  Except as thus

24    expressly admitted, Defendants deny the allegations of Paragraph 30.

25        31.    Answering the allegations of Paragraph 31, Defendants admit that the cease and

26    desist letter mistakenly refers to Simmons Bedding as Dreamwell's licensee.  Except as thus

27    expressly admitted, Defendants deny the allegations of Paragraph 31.

28        32.    Defendants deny the allegations of Paragraph 32.

1

## FIRST COUNT

2

(Declaratory Judgment of Non-Infringement)

3      33.    Defendants incorporate their responses to Paragraphs 1-32 of the Complaint as if

4    fully set forth in response to Paragraph 33.

5      34.    Answering the allegations of Paragraph 34, Defendants admit that Zinus purports

6    to bring a patent action seeking certain declaratory judgments as remedies.  Except as thus

7    expressly admitted, Defendants deny the allegations of Paragraph 34.

8      35.    Defendants deny the allegations of Paragraph 35.

9      36.    Answering the allegations of Paragraph 36, Defendants admit that Dreamwell

10   owns the '142 Patent, and that Dreamwell's outside counsel mistakenly referred to Simmons

11   Bedding as Dreamwell's licensee in certain correspondence.  Except as thus expressly admitted,

12   Defendants deny the allegations of Paragraph 36.

13     37.    Defendants admit the allegations of Paragraph 37.

14     38.    Defendants deny the allegations of Paragraph 38.

15     39.    Answering the allegations of Paragraph 39, Defendants admit that Zinus purports

16   to seek a judicial determination and declaration that Zinus has not infringed and is not infringing

17   any valid claim of the '142 Patent.

18

## SECOND COUNT

19

(Declaratory Judgment of Invalidity)

20     40.    Defendants incorporate their responses to Paragraphs 1-39 of the Complaint as if

21   fully set forth in response to Paragraph 40.

22     41.    Answering the allegations of Paragraph 41, Defendants admit that Zinus purports

23   to bring a patent action seeking certain declaratory judgments as remedies.  Except as thus

24   expressly admitted, Defendants deny the allegations of Paragraph 41.

25     42.    Defendants deny the allegations of Paragraph 42.

26     43.    Defendants deny the allegations of Paragraph 43.

27     44.    Defendants deny the allegations of Paragraph 44.

28

45.     Answering the allegations of Paragraph 45, Defendants admit that Zinus purports to seek a judicial determination and declaration that all claims of the '142 Patent are invalid.

### THIRD COUNT

(Unfair Competition — Product Disparagement)

46.     Defendants incorporate their responses to Paragraphs 1-45 of the Complaint as if fully set forth in response to Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

### FOURTH COUNT

(Breach of Contract)

55.     Defendants incorporate their responses to Paragraphs 1-54 of the Complaint as if fully set forth in response to Paragraph 55.

56.     Answering the allegations of Paragraph 56, Defendants admit that on or about March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which speak for themselves.  Except as thus expressly admitted, Defendants deny the allegations of Paragraph 56.

57.     Answering the allegations of Paragraph 57, Defendants admit that Zinus led representatives of Simmons Bedding, including Sheri Harms and Bob Carroll, on a tour of what was represented to be a Zinus factory in China; that during the tour, Zinus showed the representatives of Simmons the manufacturing process of the Mattress-in-a-Box product; and that

1   representatives of Simmons took photographs during the tour. Except as thus expressly admitted,

2   Defendants deny the allegations of Paragraph 57.

3       58.    Answering the allegations of Paragraph 58, Defendants admit that on or about

4   March 30, 2007, Simmons Company and Zinus executed a Confidentiality and Non-Disclosure

5   Agreement, a copy of which is attached to the Complaint as Exhibit B, and the terms of which

6   speak for themselves. Except as thus expressly admitted, Defendants deny the allegations of

7   Paragraph 58.

8       59.    Defendants deny the allegations of Paragraph 59.

9       60.    Defendants deny the allegations of Paragraph 60.

10                          **AFFIRMATIVE DEFENSES**

11                        **FIRST AFFIRMATIVE DEFENSE**

12                           (Failure to State a Claim)

13      61.    Zinus' Complaint fails to state a claim upon which relief can be granted.

14                       **SECOND AFFIRMATIVE DEFENSE**

15                          (Bona Fide Competition)

16      62.    The claims of Zinus' Complaint are barred because defendants have done nothing

17   more than engage in bona fide competition.

18                        **THIRD AFFIRMATIVE DEFENSE**

19                             (Unclean Hands)

20      63.    The claims of Zinus' Complaint are barred because of Zinus' unclean hands.

21                       **FOURTH AFFIRMATIVE DEFENSE**

22                           (Real Party in Interest)

23      64.    The Third and Fourth Causes of Action of Zinus' Complaint are barred because

24   Zinus is not the real party in interest with respect to those claims.

25                        **FIFTH AFFIRMATIVE DEFENSE**

26                            (Failure to Mitigate)

27      65.    The claims of Zinus' Complaint are barred because Zinus has failed to mitigate its

28   damages, to the extent it has sustained any damages.

ANSWER TO THIRD AMENDED
COMPLAINT AND COUNTERCLAIMS          -8-
07-CV-03012-PVT

## COUNTERCLAIMS

Dreamwell alleges for its Counterclaims against Zinus, on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

## THE PARTIES

66.    Dreamwell is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  Dreamwell is in the business of licensing its intellectual property, including its patent portfolio relating to bedding products.

67.    Zinus is a California corporation, with its principal place of business in Pleasanton, California. Zinus is in the business of manufacturing and distributing, among other things, a mattress product known as "Mattress in a Box."

## JURISDICTION AND VENUE

68.    This Court has jurisdiction over the subject matter of Dreamwell's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the patent and trademark laws of the United States.

69.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b), because, among other reasons, Zinus resides in this judicial district and filed the underlying action in this venue.

## FACTUAL BACKGROUND

70.    It appears that Zinus manufactures and/or distributes bedding products, including the Mattress-in-a-Box product, both through retail channels and through original equipment manufacturer (OEM) arrangements, in which its products are sold under separate label.

71.    The Mattress-in-a-Box product is marketed, at least in part, on Zinus' website. Zinus marketing literature, including but not limited to the website text and in packaging, has included a circular logo that sets out the term "POCKET COIL" as stylized text.  POCKET COIL® is a federally registered trademark owned by Dreamwell (Reg. No. 2,304,404).

## FIRST COUNTERCLAIM

(Infringement of U.S. Patent No. Re. 36,142)

72.     Dreamwell repeats and realleges the allegations of Paragraphs 1 through 71 of the Answer and Counterclaims as if fully set forth herein.

73.     Dreamwell is the sole owner and assignee of the U.S. Patent No. Re. 36,142, entitled Method of Packaging Resiliently Compressible Articles, which originally issued on April 22, 1997, was re-issued on March 16, 1999, and names C. Edward Steed and Ricky F. Gladney as inventors ("the '142 Patent").

74.     Zinus has directly infringed, contributorily infringed and/or induced infringement of the '142 Patent, and is continuing to infringe the '142 Patent, in violation of 35 U.S.C. § 271, by manufacturing, making, using, importing, offering for sale and/or selling without authority bedding products, including the Mattress-in-a-Box, that are manufactured using the methods disclosed in one or more claims of the '142 Patent.

75.     The activities of Zinus have been without express or implied license from Dreamwell.

76.     Zinus continues to infringe the '142 Patent and, unless enjoined by this Court, will continue to infringe the '142 Patent, and Dreamwell has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Dreamwell is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

77.     As a result of Zinus' infringement of the '142 Patent, Dreamwell has been and will be damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

78.     Dreamwell is informed and believes that Zinus' past and continuing infringement of the '142 Patent has been deliberate and willful, and this case is therefore an exceptional case which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

1

## SECOND COUNTERCLAIM

2

(Infringement of Federally Registered Trademark)

3          79.    Dreamwell repeats and realleges the allegations of paragraphs 1 through 78 of its

4    Answer and Counterclaims as if fully set forth in this paragraph.

5          80.    Dreamwell is the sole owner of the federal trademark registration for the

6    trademark POCKET COIL, which it and its licensees have been using in commerce to describe

7    their mattress products exclusively and continuously for more than a decade.  Because of this

8    long and continuous use of the mark, Dreamwell owns an incontestable U.S. trademark

9    registration for POCKET COIL.

10         81.    As a result of its and its licensees' use and promotion of POCKET COIL,

11   Dreamwell has built up and now owns valuable goodwill that is symbolized by this trademark.

12         82.    Zinus has used reproductions, counterfeits, copies and/or colorable imitations of

13   Dreamwell's federally registered trademark POCKET COIL in commerce on its Web site, in

14   packaging and in other efforts to market its own products, with the intent to capitalize on

15   Dreamwell's built up goodwill therein and to attract consumers to purchase Zinus' own mattress

16   products.

17         83.    Zinus' activities have been undertaken without express or implied license by

18   Dreamwell.

19         84.    Zinus' use in commerce of reproductions, counterfeits, copies, and/or colorable

20   imitations of Dreamwell's federally registered POCKET COIL trademark, and other acts as

21   alleged herein, are likely to cause confusion, to cause mistake, or to deceive as to the origin,

22   sponsorship or approval of such products.  The acts alleged herein are further likely to cause

23   confusion as to the affiliation, connection or association between Zinus and its products and

24   Dreamwell.

25         85.    Zinus' past and continuing infringement of the POCKET COIL trademark has

26   been deliberate and willful, and was calculated to harm the goodwill of the POCKET COIL mark

27   and Dreamwell's business, reputation and goodwill.

28

86.    Zinus' acts of trademark infringement have caused and will continue to cause irreparable harm to Dreamwell's business and reputation.  It would be difficult to ascertain the amount of compensation that would afford Dreamwell relief for such continuing acts, and Dreamwell's remedy at law is not adequate to compensate Dreamwell for the injuries suffered and/or threatened.  Accordingly, Dreamwell is entitled to temporary, preliminary and/or permanent injunctive relief against future infringement pursuant to 15 U.S.C. § 1116.

### THIRD COUNTERCLAIM

(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*)

87.    Dreamwell repeats and realleges the allegations of paragraphs 1 through 86 of its Answer and Counterclaims as if fully set forth in this paragraph.

88.    By the acts described above, Zinus has engaged in unlawful and unfair business practices and has committed unfair, deceptive and misleading acts which have injured and threaten to continue to injure Dreamwell in its business, goodwill and property.

89.    As a consequence of Zinus' acts described above, Dreamwell is entitled to an injunction and other relief as specified under California Business and Professions Code Section 17200 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Defendants requests entry of judgment in their favor and against Zinus on both Zinus' Third Amended Complaint and Dreamwell's Counterclaims as follows:

A.    Dismissing Zinus' Third Amended Complaint with prejudice;

B.    Declaring that the '142 Patent is valid and enforceable and that Zinus has infringed one or more claims of the '142 Patent;

C.    Granting temporary, preliminary, and/or permanent injunctive relief enjoining Zinus, its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, parent or subsidiary corporations, and affiliates, and all persons in active concert or participation with Zinus, from engaging in further acts of infringement, contributing to or inducing the infringement of the '142 Patent;

1    D.    Awarding damages to Dreamwell in an amount adequate to compensate

2  Dreamwell for Zinus' infringement of the '142 Patent, together with interest thereon, in an

3  amount to be proven at trial;

4    E.    Increasing the damages to three times the amount found or assessed by the Court

5  by virtue of the deliberate and willful nature of Zinus' infringement of the '142 Patent;

6    F.    Granting temporary, preliminary, and/or permanent injunctive relief enjoining

7  Zinus, its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants,

8  employees, attorneys, parent or subsidiary corporations, and affiliates, and all persons in active

9  concert or participation with Zinus, from using the POCKET COIL trademark, or any other copy,

10  reproduction, colorable imitation or simulation thereof, on or in connection with Zinus' goods or

11  services, or from otherwise engaging in acts of unfair competition with respect to that trademark;

12    G.    Awarding Defendants their costs incurred in connection with this action, including

13  reasonable attorneys' fees; and

14    H.    Awarding such other and further relief as the Court deems just and proper.

15                    **DEMAND FOR JURY TRIAL**

16  Defendant and Counterclaimant Dreamwell, Inc. and defendant Simmons Bedding

17  Company hereby demand a trial by jury of all issues so triable.

18

19  DATED:  January 8, 2008                **PERKINS COIE LLP**

20

21                    By:_____/s/_____
                         Kenneth B. Wilson

22                    Attorneys for Defendant and Counterclaimant
                      DREAMWELL, LTD and Defendant
23                    SIMMONS BEDDING COMPANY

24

25

26

27

28

ANSWER TO THIRD AMENDED
COMPLAINT AND COUNTERCLAIMS          -13-
07-CV-03012-PVT