1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9                 SAN JOSE DIVISION

10   ZINUS, INC.,                          )        Case No.: C 07-3012 PVT
                                           )
11                  Plaintiff,             )        **INTERIM ORDER RE PLAINTIFF'S**
                                           )        **ZINUS, INC.'S MOTION FOR**
12          v.                             )        **RECONSIDERATION**
                                           )
13   SIMMONS BEDDING COMPANY, et al.,      )
                                           )
14                  Defendants.            )
     _____     )
15

16          On October 2, 2007, Zinus, Inc. ("Zinus") filed a motion seeking a summary adjudication

17   that its "Swirl Wrap" packaging method did not infringe, either literally or under the doctrine of

18   equivalents, the U.S. Patent Re. 36,142 ("the '142 Patent").[1]   Defendants Simmons Bedding

19   Company ("Simmons") and Dreamwell, Ltd. ("Dreamwell," collectively "Defendants") opposed the

20   motion solely with regard to infringement under the doctrine of equivalents.  In its reply, Zinus made

21   two arguments it had not presented in its moving papers.  First, it argued that the range of

22   equivalents Defendants seek is precluded by prosecution history estoppel.  Second, it argued that the

23   doctrine of equivalents cannot be used to cover the Swirl Wrap packaging method because that

24   method was obvious from prior art, specifically U.S. Patent No. 4,711,067 (the "Magni patent").[2]

25   Defendants filed a motion to strike the two new arguments.

26   _____

27        [1]      The holding of this court is limited to the facts and the particular circumstances
          underlying the present motion.

28        [2]      Zinus did vaguely allude to this argument in the "Legal Standards" section of its opening
          brief, but it failed to discuss that theory in the "Application of the Law to the Facts" section of its brief.

1    On December 6, 2007, the court issued an order denying Plaintiff's motion for summary

2 adjudication without prejudice, denying Defendants' motion to strike as moot, and scheduling a Case

3 Management Conference.  At the Case Management Conference Statement the court granted leave

4 for Zinus to file a motion for reconsideration of this court's denial of Zinus' motion for summary

5 adjudication.

6    On December 17, 2007, Zinus filed its motion for reconsideration.  Defendants opposed the

7 motion.  Having reviewed the moving, opposition and reply papers submitted by the parties, the

8 court finds it appropriate to issue this interim order.  Based on the moving, opposition and reply

9 papers submitted,

10    IT IS HEREBY ORDERED that the court will reconsider its ruling on Zinus' motion for

11 summary adjudication.  However, except for the issue of literal infringement, before again ruling on

12 Zinus' motion for summary adjudication the court needs further briefing from the parties on two

13 matters as set forth herein.

14    IT IS FURTHER ORDERED that  Zinus' motion for summary adjudication is GRANTED

15 with respect to literal infringement.  In its prior order, the court overlooked the issue of literal

16 infringement.  Defendants never opposed Zinus' motion with regard to the issue of whether Zinus'

17 Swirl Wrap packaging method *literally* infringes the '142 Patent.  Thus, summary adjudication as to

18 literal infringement is warranted.

19    IT IS FURTHER ORDERED that, no later than January 29, 2008, Zinus shall file a claims

20 construction brief covering the terms "Inserting . . . into" and "containment sleeve" as those two

21 terms are used in the '142 Patent,[3] as well as the term "ribbon shaped film" as it is used in the Magni

22 Patent.   No later than February 5, 2008, Defendants will file a claims construction brief responding

23 to Zinus' claims construction brief.  Zinus may, no later than February 12, 2008, file a reply to

24 Defendants' claims construction brief.

25    IT IS FURTHER ORDERED that, in order to facilitate a determination of whether the Swirl

26 Wrap packaging method was obvious from or anticipated by the prior art so as to preclude use of the

27

28    [3]    Defendants already set forth their proposed construction of these terms in their opposition
to Zinus' motion for summary adjudication.

1  doctrine of equivalents to establish infringement, the court will employ the "hypothetical claim"

2  procedure set forth in *Wilson Sporting Goods Co. v. David Geoffrey & Associates*, 904 F.2d 677,

3  684-685 (Fed. Cir. 1990).  No later than January 29, 2008, Defendants shall file a supplemental

4  opposition brief setting forth a hypothetical patent claim which is sufficiently broad[4] in scope to

5  literally cover the Swirl Wrap packaging method.  *See Wilson*, 904 F.2d at 684.  Defendants shall

6  also address in their supplemental brief the likelihood that the patent office would have allowed the

7  proposed hypothetical claim in light of the relevant prior art.  No later than February 5, 2008, Zinus

8  shall file a supplemental reply addressing the likelihood the patent office would allow the proposed

9  hypothetical claim, and, if Zinus disagrees that the Swirl Wrap packaging method would literally

10  infringe the hypothetical claim, its argument in that regard as well.  No later than February 12, 2008,

11  the Defendants may file a sur-reply, responding to the arguments in Zinus' supplemental reply.

12  Absent further order of the court, the motion will be deemed submitted on the papers.

13     IT IS FURTHER ORDERED that the hearing on Plaintiff's motion for reconsideration is

14  continued to 10:00 a.m. on February 19, 2008.

15  Dated: *1/17/08*

16  PATRICIA V. TRUMBULL
17  United States Magistrate Judge

18

19

20

21

22

23

24

25

---

26  [4]     *See Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999)
27  ("While use of a hypothetical claim may permit a minor extension of a claim to cover subject matter that is substantially equivalent to that literally claimed, one cannot, in the course of litigation and outside of the PTO, cut and trim, expanding here, and narrowing there, to arrive at a claim that encompasses an
28  accused device, but avoids the prior art.  Slight broadening is permitted at that point, but not narrowing.").

ORDER, *page 3*