Kenneth B. Wilson, Calif. Bar No. 130009
KWilson@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant DREAMWELL, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-CV-03012-PVT<br><br>**DREAMWELL'S ADMINISTRATIVE MOTION FOR SEALING ORDER** |

Pursuant to Local Rules 79-5(d) and 7-11, defendant and counterclaimant Dreamwell, Ltd. ("Dreamwell") hereby moves for a sealing Order with respect to Dreamwell's Memorandum in Opposition to Plaintiff Zinus, Inc.'s Motion for Summary Judgment of No Direct Infringement and the Declaration of Kenneth B. Wilson in Opposition to Plaintiff Zinus, Inc.'s Motion for Summary Judgment of No Direct Infringement, both of which are being lodged with the Court today. Dreamwell's motion is made on the grounds that Zinus has asserted that the deposition of its President, Scott Reeves, which was taken on February 11, 2008 must be treated as Attorneys' Eyes Only.

1   Dreamwell notes that this deposition transcript has not been designated confidential by
2   Zinus pursuant to a protective order, as required by Local Rule 79-5(a) because no protective
3   order has been entered in the case. As a result, Dreamwell questions whether it has any
4   obligation to file this motion. However, out of an abundance of caution, Dreamwell has chosen to
5   follow the provisions of Local Rule 79-5(d) and lodge its papers rather than filing them, even
6   though Dreamwell believes both that the rule is inapplicable and that the information that Zinus
7   seeks to have filed under seal does not meet the requirements for sealing information that are set
8   forth in Local Rule 79-5.

9   Because Dreamwell did not learn until today that Zinus intended to insist that the portions
10  of the Reeves deposition transcript that were incorporated into Dreamwell's papers were
11  confidential, Dreamwell did not have time to prepare and submit a redacted version of its papers.
12  However, if the Court finds that any of the information in its papers is subject to being filed under
13  seal, Dreamwell will submit a redacted version of its papers for filing in the public record within
14  one business day of receiving any such order.

16  DATED: February 12, 2008

17  **PERKINS COIE LLP**

    By _____/s/_____
       Kenneth B. Wilson

    Attorneys for Defendant SIMMONS BEDDING
    COMPANY and Defendant and Counterclaimant
    DREAMWELL, LTD.

OBJECTIONS TO ZINUS' EVIDENCE
Case No. 07-CV-03012-PVT                    -2-
65839-0001/LEGAL13972494.1