1  Kenneth B. Wilson, Calif. Bar No. 130009
   KWilson@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorneys for Defendant
   SIMMONS BEDDING COMPANY
6  and Defendant and Counterclaimant DREAMWELL, LTD.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

| | |
|---|---|
| 12  ZINUS, INC. a California Corporation, | Case No. 07-CV-03012-PVT |
| 13              Plaintiff, | **DREAMWELL'S SECOND ADMINISTRATIVE MOTION FOR SEALING ORDER** |
| 14       v. | |
| 15  SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada, | |
| 17              Defendants. | |
| 19  AND RELATED COUNTERCLAIMS | |

20

21     Pursuant to Local Rules 79-5(d) and 7-11, defendant and counterclaimant Dreamwell, Ltd.

22  ("Dreamwell") hereby moves for a sealing Order with respect to Dreamwell's Amended

23  Memorandum in Opposition to Plaintiff Zinus, Inc.'s Motion for Summary Judgment of No

24  Direct Infringement, which is being lodged with the Court today.  Dreamwell's motion is made

25  on the grounds that Zinus has asserted that the entirety of the deposition of its President, Scott

26  Reeves, which was taken on February 11, 2008, and portions of which were attached as Exhibit 2

27  to the Wilson Declaration, and Exhibit 3 to the Wilson Declaration must be treated as confidential

28

or Attorneys' Eyes Only and filed under seal. As was the case with the original Memorandum, both of these documents are referenced in Dreamwell's Amended Memorandum.

As it did in its original Administrative Motion, Dreamwell notes that these materials have not been designated confidential by Zinus pursuant to a protective order, as required by Local Rule 79-5(a), because no protective order has been entered in the case. As a result, Dreamwell questions whether it is required to file this motion. However, out of an abundance of caution, Dreamwell has chosen to follow the provisions of Local Rule 79-5(d) and lodge its papers rather than filing them, even though Dreamwell believes both that the rule is inapplicable and that the information that Zinus seeks to have filed under seal does not meet the requirements for sealing information that are set forth in Local Rule 79-5.

Dreamwell did not have time to prepare and submit a redacted version of its Amended Memorandum, and is not certain which portions Zinus believes should be redacted. However, if the Court finds that any of the information in its papers is subject to being filed under seal, Dreamwell will submit a redacted version of its papers for filing in the public record within one business day of receiving any such order.

DATED: February 13, 2008          **PERKINS COIE LLP**

By _____/s/_____
Kenneth B. Wilson

Attorneys for Defendant SIMMONS BEDDING COMPANY and Defendant and Counterclaimant DREAMWELL, LTD.