Kenneth B. Wilson, Calif. Bar No. 130009
KWilson@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
SIMMONS BEDDING COMPANY
and Defendant and Counterclaimant DREAMWELL, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC. a California Corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-CV-03012-PVT<br><br>**DECLARATION OF KENNETH B. WILSON IN OPPOSITION TO ZINUS' MOTION FOR SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT**<br><br>**Date**:      March 4, 2008<br>**Time**:     10:00 a.m.<br>**Before**:  The Honorable Patricia V. Trumbull<br>**Location**: Courtroom 5 |

I, Kenneth B. Wilson, declare:

1. I am an attorney with the law firm of Perkins Coie LLP, counsel of record for defendant and counterclaimant Dreamwell, Ltd. ("Dreamwell"). I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.

2. Attached to this Declaration as Exhibit 1 is a true and correct copy of U.S. Patent No. RE 36,142 (the "'142 Patent").

---
DECLARATION OF KENNETH B. WILSON
Case No. 07-CV-03012-PVT
65839-0001/LEGAL13956898.1

3. Attached to this Declaration as Exhibit 2 is a true and correct copy of selected pages from the transcript of the deposition of Scott Reeves, which was taken in this action on February 11, 2008.

4. Attached to this Declaration as Exhibit 3 is a true and correct copy of a document produced in discovery by plaintiff and counterclaim defendant Zinus, Inc. ("Zinus"), bearing Bates No. P 002247, as well as a printout of a translation of this document from Google Translate.

5. Attached to this Declaration as Exhibit 4 is a true and correct copy of printouts I made of pages from the walmart.com Web site on January 23, 2008.

6. Within the past couple of months, I had seen on the walmart.com Web site, as well as at other locations on the Internet, a copy of a video produced by or on behalf of Zinus which showed the process of unpackaging and expanding the Zinus innerspring Mattress-in-a-Box product. However, when I searched again for this video over the past few weeks, I was unable to locate it at any of the Web sites where I had previously seen it.

7. Attached to this Declaration as Exhibit 5 is a true and correct copy of the American Heritage Dictionary definition of the word "gradual."

8. The Complaint in this action was filed on June 11, 2007. The Third Amended Complaint, which is the operative version of the Complaint, was filed in this action on January 7, 2008, or little more than one month ago, and Dreamwell's Answer and Counterclaims was filed on January 8, 2008.

9. On September 11, 2007, Zinus served its Initial Disclosures in this action. Although Zinus identified several categories of documents in that document, it did not actually produce any documents with the Disclosures.

10. On October 2, 2007, Zinus filed its first Motion for Summary Adjudication of Non-Infringement. As of that date, Zinus still had not produced any documents. Dreamwell advised Zinus that it needed certain documents in order to respond to Zinus' motion, including but not limited to all documents that refer or relate to the Swirl Wrap process, all photos or videos of the Swirl Wrap process, and all documents that refer or relate to the circumstances relating to

the decision to switch from the original Mattress-in-a-Box to the Swirl Wrap product, including the reasons for the decision. In response, on November 8 and 9, Zinus produced 24 pages of documents, 8 pages of which consisted of correspondence between Zinus and Defendants.

11. A Case Management Conference in this action was held on December 11, 2007. Pursuant to the Court's directives, that date was also the first day that discovery could be served.

12. On January 14, 2008, Zinus filed the instant motion. As of the date the motion was filed, Zinus had not produced any documents other than the November 8 and 9 production. Accordingly, Dreamwell advised Zinus that it needed certain documents in order to respond to Zinus' motion. Dreamwell also asked Zinus to continue the hearing on its motion to give Dreamwell an opportunity to conduct discovery on the issues presented by Zinus' motion. Attached to this Declaration as Exhibit 6 is a true and correct copy of that correspondence.

13. In response to this correspondence, Zinus agreed to produce documents and/or things relating to the manufacturing process of the Mattress-in-a-Box product, documents relating to communications between Zinus and Wal-Mart relating to the Mattress-in-a-Box product, Zinus' financial records relating to the manufacture and sale of the Mattress-in-a-Box product, and documents relating to communications between Zinus and defendants. Attached to this Declaration as Exhibit 7 is Zinus' response.

14. Although Zinus appeared to indicate that it would be making a significant production of documents, Zinus only produced approximately 220 pages of documents. And that production included only a handful of communications between Zinus and Wal-Mart, most of which related to the lawsuit rather than the Mattress-in-a-Box business, and none of which were dated before Dreamwell sent its May 2007 cease and desist letter. Zinus did not produce its Sales Plan with Wal-Mart, it did not produce the Supply Agreement with Wal-Mart, it did not produce any documentation regarding any product demonstrations or displays, and it did not produce any marketing or promotional materials (including videos), although such documents certainly exist. It also produced no documents relating to the manufacture of the products, other than a few one-page documents that might be manufacturing specifications.

DECLARATION OF KENNETH B. WILSON
Case No. 07-CV-03012-PVT         -2-
65839-0001/LEGAL13956898.1

15. On February 7, 2008, Dreamwell sent another letter to Zinus pointing out the insufficiency of Zinus' production, and asking Zinus to produce at least the following categories of documents: communications between Zinus and Wal-Mart relating to the Mattress-in-a-Box product that have not yet been produced, including any such communications prior to Dreamwell's May 2007 cease and desist letter, the Sales Plan and any communications relating to the Sales Plan, also transactional documents involving Wal-Mart (such as the Supply Agreement), promotional materials and videos created regarding the product, information regarding any Wal-Mart displays of Zinus product, and documents relating to any testing of the Mattress-in-a-Box product showing how quickly it takes for the product to fully reexpand to its uncompressed state, or advertisements or communications with customers or Wal-Mart on the subject. Attached to this Declaration as Exhibit 8 is a true and correct copy of that correspondence.

16. On the evening of February 10, Zinus produced another 31 pages of documents, bringing its total production over 250 pages. However, Zinus still has not produced a substantial portion of the documents that might be relevant to this motion, including documents relating to any Wal-Mart sales plan, the Wal-Mart Supply Agreement, promotional materials and videos created regarding the product (including the Wal-Mart Video), any testing showing how quickly the mattress returns to its uncompressed state, and communications with consumers that purchased the product.

17. On February 11, 2008, Dreamwell served its initial discovery requests in this action. Attached to this Declaration as Exhibits 9-10 are true and correct copies of those requests.

18. Zinus' motion for summary judgment asserts that Zinus did not perform or cause to be performed certain steps of the claims of the patent-in-suit with respect to product that Zinus shipped to Wal-Mart Stores, Inc. A related issue is whether Zinus controlled or directed the activities of persons who performed those steps. While Zinus' motion is dependent at least in part on Zinus' relationship and communications between Zinus and Wal-Mart, and Zinus' relationship and communications with Wal-Mart's customers (who are the end users of the accused Mattress-in-a-Box product), no discovery has been conducted regarding these relationships and

1  communications (aside from the limited deposition of Scott Reeves), and very few documents
2  have been produced on these topics.

3      19.    In order to fully respond to Zinus' motion, Dreamwell requires basic discovery
4  with respect to Zinus' relationship and communications with Wal-Mart and Wal-Mart's
5  customers. Specifically, Dreamwell requires discovery from Zinus on at least the following
6  topics: (i) any contractual relationships Zinus has with Wal-Mart relating to the accused
7  products; (ii) any Sales Plans or other arrangements between Zinus and Wal-Mart that would
8  involve Wal-Mart displaying the accused products; (iii) any communications between Zinus and
9  Wal-Mart or Wal-Mart's customers that relate to the Mattress-in-a-Box product and how it will
10 be used; (iv) any contractual relationships Zinus has with Wal-Mart's customers relating to the
11 accused products, including any warranty relationships and communications regarding such
12 relationships; (v) any communications between Zinus and Wal-Mart that relate to the Mattress-in-
13 a-Box product and how it will be used, including but not limited to user's manuals and instruction
14 sheets; (vi) any advertising, marketing or promotional materials (including videos) that relate to
15 how the accused product will be unpackaged and/or used. Dreamwell believes that Zinus will
16 have documents in each of these categories. Depending on the nature and extent of discovery that
17 Zinus provides, Dreamwell may need to take similar discovery from Wal-Mart.

18     20.    Zinus' motion for summary judgment also asserts that the accused Mattress-in-a-
19 Box product does not gradually expand to its uncompressed state. While Zinus' motion is
20 dependent at least in part on the manner in which Zinus' Mattress-in-a-Box product re-expands,
21 no discovery has been conducted regarding the manner in which the accused product re-expands
22 (aside from the limited deposition of Scott Reeves), and very few documents have been produced
23 on this topic.

24     21.    In order to fully respond to Zinus' motion, Dreamwell requires basic discovery
25 with respect to the manner in which or speed at which Zinus' Mattress-in-a-Box re-expands, and
26 any communications regarding this subject. Specifically, Dreamwell requires discovery from
27 Zinus on at least the following topics: (i) any measurement or testing done regarding the manner
28 in which or speed at which the accused products re-expand; (ii) any representations that Zinus has

DECLARATION OF KENNETH B. WILSON  
Case No. 07-CV-03012-PVT     -2-  
65839-0001/LEGAL13956898.1

made to Wal-Mart or Wal-Mart's customers regarding the manner in which or speed at which the accused products re-expand, including but not limited to advertising, marketing or promotional materials; (iii) any communications that Zinus has had with Wal-Mart or Wal-Mart's customers regarding the manner in which or speed at which the accused products re-expand, including but not limited direct customer feedback or complaints. Dreamwell believes that Zinus will have documents in each of these categories. Depending on the nature and extent of discovery that Zinus provides, Dreamwell may need to take similar discovery from Wal-Mart.

22. Finally, while Zinus' motion for summary judgment purports to be limited to product that Zinus shipped to Wal-Mart Stores, Inc., Zinus has requested relief that would also encompass product that it has removed from its packaging and was not shipped to any third party, as well as product that it has shipped or delivered to entities other than Wal-Mart Stores, Inc. While Zinus' motion in some places purports to cover these activities, no discovery has been conducted regarding these issues (aside from the limited deposition of Scott Reeves), and very few documents have been produced on these topics.

23. In order to fully respond to Zinus' motion, Dreamwell requires basic discovery with respect to instances in which Zinus itself has removed Mattress-in-a-Box mattresses from their outer polyethylene "duffel bag" or fabric roll and allowed the mattress to expand, as well as product that it has demonstrated, shipped or delivered to entities other than Wal-Mart Stores, Inc. Specifically, Dreamwell requires discovery from Zinus on at least the following topics: (i) any instances in which Zinus has removed Mattress-in-a-Box mattresses from their outer polyethylene "duffel bag" or fabric roll and allowed the mattress to expand; (ii) any sales or contractual relationships Zinus has with parties other than Wal-Mart Stores, Inc. relating to the accused products; (iii) any communications between Zinus and other entities that relate to the Mattress-in-a-Box product and how it will be used; (iv) any contractual relationships Zinus has with other entities' customers relating to the accused products, including any warranty relationships and communications regarding such relationships; (v) any communications between Zinus and other entities that relate to the Mattress-in-a-Box product and how it will be used, including but not limited to user's manuals and instruction sheets; (vi) any advertising, marketing or promotional

materials (including videos) that relate to how the accused product will be unpackaged and/or used. Dreamwell believes that Zinus will have documents in each of these categories. Depending on the nature and extent of discovery that Zinus provides, Dreamwell may need to take similar discovery from third parties who have information regarding the topics set forth above.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

    Executed this 12th day of February, 2008 at San Francisco, California.

/s/
Kenneth B. Wilson