**EXHIBIT 6**

| | |
|---|---|
| **From:** | Wilson, Kenneth (Perkins Coie) |
| **Sent:** | Thursday, January 17, 2008 11:49 PM |
| **To:** | darien |
| **Subject:** | New Summary Judgment Motion |

Darien:

I have now had a chance to analyze Zinus' most recent motion for summary judgment, on the direct infringement issues. Not surprisingly, we believe this third summary judgment motion is premature. Not only have we not gotten to claim construction yet, but Zinus (and Simmons and Dreamwell, although that's irrelevant for purposes of this motion) has not even produced its Initial Disclosure documents yet. Moreover, given the deadlines set forth in the Interim Order on Zinus' Motion for Reconsideration and the upcoming Markman deadlines, I think the schedule for the most recent summary judgment is overly ambitious, even if the relevant discovery had been provided. Accordingly, we would ask that you continue the hearing on your most recent motion by a couple of weeks.

In addition, Dreamwell must insist that Zinus provide all of the documents identified in its initial disclosures without further delay; if Zinus does not agree to move the hearing, we will need those documents by no later than next Tuesday, January 22. This would include all documents relating to Zinus' invalidity claims; all documents relating to the various manufacturing and packaging processes for the innerspring Mattress-in-a-Box product; and all communications with Wal-Mart or other customers regarding the Mattress-in-a-Box product. You also need to provide clean copies of the Exhibits to the new summary judgment motion, as the .pdf versions of at least the box labels are hard to read. We will also want any testing or other documentation relating to how quickly the mattress takes to fully expand to its uncompressed state.

Finally, since Mr. Reeves has submitted a Declaration, we will want his deposition, limited to the issues raised in Zinus' motion. We will need that deposition at least two business days before our opposition is due, so we have time to incorporate the deposition into the opposition, and the deposition needs to be held at least two das after Zinus produces the relevant documents so we will have time to review the documents in advance of the deposition. That means the deposition would need to be held on Thursday or Friday of next week, if the motion is to be kept on the current schedule. I should add that I already have a meeting scheduled for Friday afternoon that cannot be moved, so if the deposition is going to be held on Friday, it would need to start by 10:00 a.m.

Please let me know Zinus' response to these issues at your earliest convenience.

Thanks,

Ken

Kenneth B. Wilson
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Phone: 415-344-7001
Fax: 415-344-7201

**EXHIBIT 7**

**From:** darien [mailto:darien@imperiumpw.com]
**Sent:** Friday, January 18, 2008 2:25 PM
**To:** Wilson, Kenneth (Perkins Coie)
**Subject:** New Summary Judgment Motion

Ken,

Scott Reeves will be available to have his deposition taken next Friday morning starting at 9 a.m. That will give you more time to ask your questions before your other meeting on Friday afternoon. The deposition will be limited to the issues raised in Zinus' second summary judgment motion.

You asked for all of the documents listed in Zinus' initial Rule 26(a)(1) disclosures. Those documents are listed below.

1. A copy of the prosecution history (file wrappter) of U.S. patent application serial no. 08/416,065 filed on April 4, 1995, abandoned.
2. A copy of the prosecution history (file wrappter) of patent application serial no. 08/694,803 filed on August 9, 1996, and issued on April 22, 1997, as U.S. Patent no. 5,622,030, which claims priority to U.S. patent application serial no. 08/416,065.
3. A copy of the prosecution history (file wrappter) of reissue patent application serial no. 08/919,655 filed on August 28, 1997, and re-issued on March 16, 1999, as U.S. Patent no. Re. 36,142 ("the '142 Patent"), which is a reissue patent of U.S. Patent no. 5,622,030.
4. Documents relating to the invalidity and unenforceability of the '142 Patent.
5. Documents and/or things relating to the non-infingement of the '142 Patent by the manufacturing process of the Mattress-in-a-Box product.
6. Documents concerning communications between Zinus and Wal-Mart relating to the Mattress-in-a-Box product.
7. Financial records of Zinus relating to the manufacture and sale of the Mattress-in-a-Box product.
8. Documents concerning communications between Zinus and defendants.
9. Documents and/or things concerning Simmons' breach of the Confidentiality and Non-Disclosure Agreement executed by Zinus and Simmons on March 30, 2007.
10. Documents and/or things concerning Zinus' use of the words "pocket coil" in commerce in the United States.

The documents under items 1-3 were produced as exhibits to Zinus' first summary judgment motion. Dreamwell is not yet entitled to the disclosures listed under item 4 because those documents are defined in the Patent Local Rules 3-3 (Preliminary Invalidity Contentions) and are not due until February 20, 2007. In addition, Zinus will brief some of these issues according to Judge Trumbull's interim order. The documents under items 9 and 10 concerning the "pocket coil" trademark and breach of the NDA do not relate Zinus' second summary judgment motion. So I see no reason why these documents must be produced by next Wednesday.

So the only documents that Zinus would be producing would be those defined in items 5-8. Zinus will produce these documents by Wednesday in pdf form. Zinus is not willing to continue the hearing on its second summary judgment motion.

I hope this satisfies your discovery needs relating to Zinus' second summary judgment motion.

Regards,

Darien


Darien K. Wallace
Imperium Patent Works
P.O. Box 587
Sunol, CA 94586
Tel: (925) 550-5067

**From:** Wilson, Kenneth (Perkins Coie) [mailto:KWilson@perkinscoie.com]
**Sent:** Friday, January 18, 2008 12:12 AM
**To:** darien
**Subject:** New Summary Judgment Motion

Darien:

I have now had a chance to analyze Zinus' most recent motion for summary judgment, on the direct infringement issues. Not surprisingly, we believe this third summary judgment motion is premature. Not only have we not gotten to claim construction yet, but Zinus (and Simmons and Dreamwell, although that's irrelevant for purposes of this motion) has not even produced its Initial Disclosure documents yet. Moreover, given the deadlines set forth in the Interim Order on Zinus' Motion for Reconsideration and the upcoming Markman deadlines, I think the schedule for the most recent summary judgment is overly ambitious, even if the relevant discovery had been provided. Accordingly, we would ask that you continue the hearing on your most recent motion by a couple of weeks.

In addition, Dreamwell must insist that Zinus provide all of the documents identified in its initial disclosures without further delay; if Zinus does not agree to move the hearing, we will need those documents by no later than next Tuesday, January 22. This would include all documents relating to Zinus' invalidity claims; all documents relating to the various manufacturing and packaging processes for the innerspring Mattress-in-a-Box product; and all communications with Wal-Mart or other customers regarding the Mattress-in-a-Box product. You also need to provide clean copies of the Exhibits to the new summary judgment motion, as the .pdf versions of at least the box labels are hard to read. We will also want any testing or other documentation relating to how quickly the mattress takes to fully expand to its uncompressed state.

Finally, since Mr. Reeves has submitted a Declaration, we will want his deposition, limited to the issues raised in Zinus' motion. We will need that deposition at least two business days before our opposition is due, so we have time to incorporate the deposition into the opposition, and the deposition needs to be held at least two das after Zinus produces the relevant documents so we will have time to review the documents in advance of the deposition. That means the deposition would need to be held on Thursday or Friday of next week, if the motion is to be kept on the current schedule. I should add that I already have a meeting scheduled for Friday afternoon that cannot be moved, so if the deposition is going to be held on Friday, it would need to start by 10:00 a.m.

Please let me know Zinus' response to these issues at your earliest convenience.

Thanks,

Ken

Kenneth B. Wilson
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Phone: 415-344-7001
Fax: 415-344-7201

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**EXHIBIT 8**

**From:** Wilson, Kenneth (Perkins Coie)
**Sent:** Thursday, February 07, 2008 11:53 AM
**To:** 'darien'
**Subject:** RE: New Summary Judgment Motion

Darien:

On a related note, there are a substantial number of documents relating to Zinus' pending motion that still fall within the scope of Zinus' initial disclosures but still have not been produced. In particular, I am sure there are quite a number of communications between Zinus and Wal-Mart relating to the Mattress-in-a-Box product that have not yet been produced. Actually, I don't think Zinus produced any such communications prior to our cease and desist letter. You have referenced a Sales Plan, and communications relating to a Sales Plan, but none of those documents have been produced. I am sure there are also transactional documents that have not been produced, and that would constitute communications with Wal-Mart.

There are a number of other categories of documents that are directly relevant to your motion that have not been produced and that render the motion premature. For example, promotional materials and videos created regarding the product would tend to show whether Zinus provided directions to prospective customers. Any information regarding any Wal-Mart displays of Zinus product would relate to the subject matter of Zinus' motion. Any testing of the product showing how quickly it takes for the product to fully reexpand to its uncompressed state, or advertisements or communications with customers or Wal-Mart on the subject, would also be relevant. Indeed, any documents that relate to the topics addressed in Mr. Reeves declaration should be produced, and Dreamwell should have a chance to review and make arguments relating to those documents, before the Court can properly rule on Zinus's motion.

Please let me know if Zinus will be producing any of these documents in advance of Mr. Reeves deposition, and if so, what documents will be produced and when I can expect to receive them.

Thanks,

Ken


Kenneth B. Wilson
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Phone: 415-344-7001
Fax: 415-344-7201

**From:** darien [mailto:darien@imperiumpw.com]
**Sent:** Friday, January 18, 2008 2:25 PM
**To:** Wilson, Kenneth (Perkins Coie)
**Subject:** New Summary Judgment Motion

Ken,

Scott Reeves will be available to have his deposition taken next Friday morning starting at 9 a.m. That will give you more time to ask your questions before your other meeting on Friday afternoon. The deposition will be limited to the issues raised in Zinus' second summary judgment motion.

You asked for all of the documents listed in Zinus' initial Rule 26(a)(1) disclosures. Those documents are listed below.

1. A copy of the prosecution history (file wrappter) of U.S. patent application serial no. 08/416,065 filed on April 4, 1995, abandoned.
2. A copy of the prosecution history (file wrappter) of patent application serial no. 08/694,803 filed on August 9, 1996, and issued on April 22, 1997, as U.S. Patent no. 5,622,030, which claims priority to U.S. patent application serial no. 08/416,065.
3. A copy of the prosecution history (file wrappter) of reissue patent application serial no. 08/919,655 filed on August 28, 1997, and re-issued on March 16, 1999, as U.S. Patent no. Re. 36,142 ("the '142 Patent"), which is a reissue patent of U.S. Patent no. 5,622,030.
4. Documents relating to the invalidity and unenforceability of the '142 Patent.
5. Documents and/or things relating to the non-infingement of the '142 Patent by the manufacturing process of the Mattress-in-a-Box product.
6. Documents concerning communications between Zinus and Wal-Mart relating to the Mattress-in-a-Box product.
7. Financial records of Zinus relating to the manufacture and sale of the Mattress-in-a-Box product.
8. Documents concerning communications between Zinus and defendants.
9. Documents and/or things concerning Simmons' breach of the Confidentiality and Non-Disclosure Agreement executed by Zinus and Simmons on March 30, 2007.
10. Documents and/or things concerning Zinus' use of the words "pocket coil" in commerce in the United States.

The documents under items 1-3 were produced as exhibits to Zinus' first summary judgment motion. Dreamwell is not yet entitled to the disclosures listed under item 4 because those documents are defined in the Patent Local Rules 3-3 (Preliminary Invalidity Contentions) and are not due until February 20, 2007. In addition, Zinus will brief some of these issues according to Judge Trumbull's interim order. The documents under items 9 and 10 concerning the "pocket coil" trademark and breach of the NDA do not relate Zinus' second summary judgment motion. So I see no reason why these documents must be produced by next Wednesday.

So the only documents that Zinus would be producing would be those defined in items 5-8. Zinus will produce these documents by Wednesday in pdf form. Zinus is not willing to continue the hearing on its second summary judgment motion.

I hope this satisfies your discovery needs relating to Zinus' second summary judgment motion.

Regards,

Darien


Darien K. Wallace
Imperium Patent Works
P.O. Box 587
Sunol, CA 94586
Tel: (925) 550-5067

**From:** Wilson, Kenneth (Perkins Coie) [mailto:KWilson@perkinscoie.com]
**Sent:** Friday, January 18, 2008 12:12 AM
**To:** darien
**Subject:** New Summary Judgment Motion

Darien:

I have now had a chance to analyze Zinus' most recent motion for summary judgment, on the direct infringement issues. Not surprisingly, we believe this third summary judgment motion is premature. Not only have we not gotten to claim construction yet, but Zinus (and Simmons and Dreamwell, although that's irrelevant for purposes of this motion) has not even produced its Initial Disclosure documents yet. Moreover, given the deadlines set forth in the Interim Order on Zinus' Motion for Reconsideration and the upcoming Markman deadlines, I think the schedule for the most recent summary judgment is overly ambitious, even if the relevant discovery had been provided. Accordingly, we would ask that you continue the hearing on your most recent motion by a couple of weeks.

In addition, Dreamwell must insist that Zinus provide all of the documents identified in its initial disclosures without further delay; if Zinus does not agree to move the hearing, we will need those documents by no later than next Tuesday, January 22. This would include all documents relating to Zinus' invalidity claims; all documents relating to the various manufacturing and packaging processes for the innerspring Mattress-in-a-Box product; and all communications with Wal-Mart or other customers regarding the Mattress-in-a-Box product. You also need to provide clean copies of the Exhibits to the new summary judgment motion, as the .pdf versions of at least the box labels are hard to read. We will also want any testing or other documentation relating to how quickly the mattress takes to fully expand to its uncompressed state.

Finally, since Mr. Reeves has submitted a Declaration, we will want his deposition, limited to the issues raised in Zinus' motion. We will need that deposition at least two business days before our opposition is due, so we have time to incorporate the deposition into the opposition, and the deposition needs to be held at least two das after Zinus produces the relevant documents so we will have time to review the documents in advance of the deposition. That means the deposition would need to be held on Thursday or Friday of next week, if the motion is to be kept on the current schedule. I should add that I already have a meeting scheduled for Friday afternoon that cannot be moved, so if the deposition is going to be held on Friday, it would need to start by 10:00 a.m.

Please let me know Zinus' response to these issues at your earliest convenience.

Thanks,

Ken

Kenneth B. Wilson
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Phone: 415-344-7001
Fax: 415-344-7201

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.