**EXHIBIT 9**

1    Kenneth B. Wilson, Calif. Bar No. 130009
     KWilson@perkinscoie.com
2    PERKINS COIE LLP
     Four Embarcadero Center, Suite 2400
3    San Francisco, CA 94111-4131
     Telephone: 415.344.7000
4    Facsimile: 415.344.7050

5    Attorneys for Defendant
     SIMMONS BEDDING COMPANY
6    and Defendant and Counterclaimant DREAMWELL, LTD.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12   ZINUS, INC. a California Corporation,          Case No. 07-CV-03012-PVT

13                  Plaintiff,
                                                    **DREAMWELL'S FIRST SET OF REQUESTS
14          v.                                      FOR PRODUCTION OF DOCUMENTS TO
                                                    ZINUS**
15   SIMMONS BEDDING COMPANY, a
     Delaware corporation, and DREAMWELL,
16   LTD., a limited liability company of
     Nevada,
17
                    Defendants.
18

19   AND RELATED COUNTERCLAIMS

20

21          Pursuant to Federal Rule of Civil Procedure 34, defendant and counterclaimant

22   Dreamwell, Ltd. ("Dreamwell") hereby requests that plaintiff and counterclaim defendant Zinus,

23   Inc. ("Zinus") produce the following documents, electronically stored information and tangible

24   things for inspection and copying by Dreamwell within 30 days of service of this request and in

25   accordance with the Definitions and Instructions set forth below. Such documents, information

26   and things shall be produced at the offices of Perkins Coie LLP, Four Embarcadero Center, Suite

27   2400, San Francisco, CA 94111.

28

DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
07-CV-03012-PVT
65839-0001/LEGAL13794302.2

### DEFINITIONS

1.      The terms "You," and "Your" mean plaintiff Zinus, its present and former divisions, subsidiaries and related entities, and all present and former employees, officers, directors, agents, representatives, attorneys, or any other persons acting at its direction, under its control or on its behalf.

2.      The term "Mattress-in-a-Box" means any product that Zinus has in the past or currently designs, manufactures, packages, distributes, offers for sale, sells and/or imports under the name "Mattress-in-a-Box" or any variation thereof.

3.      The term "'142 Patent" means U.S. Patent No. RE 36,142, and any related U.S. or foreign patents or applications.

4.      The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and encompasses all manner of recordation such as hard copy, carbon copy, photocopy, microfilm, microfiche and machine readable code and includes without limitation, letters, copies of letters, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, trademark registrations, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts, memoranda of agreements, assignments, licenses, sublicenses, books of accounts, orders, invoices, statements, bills, vouchers, photographs, drawings, charts, catalogues, brochures, and other written materials of whatever kind known to you or in your possession or control.

5.      The term "communication" refers to every manner or means of disclosure or transfer or exchange of information whether orally or by document and whether face to face, by telephone, facsimile transmission, mail, personal delivery, electronic mail, computer transmission, or otherwise.

6.      The term "relating to" means referring to, relating to, pertaining to, consisting of, constituting, memorializing, confirming, containing, reflecting, or otherwise connected to.

7.      The term "person" refers to individuals, parties, associations, partnerships, firms, corporations, and other business organizations or entities whether formal or informal.

**INSTRUCTIONS**

1.      These requests seek responses that are accurate as of the date they are given and are continuing so that any additional information responsive to these requests that you learn at any time shall timely be furnished to Dreamwell in supplemental responses.

2.      In responding to these requests, please furnish all documents and things known or available to you, including those in the possession of your attorneys or other PERSONS directly or indirectly employed or retained by YOU, including but not limited to your agents, officers, employees, representatives, investigators or anyone else acting or purporting to act on your behalf or under your control.

3.      To the extent that you withhold any document or communication in whole or in part because of a claim of privilege or immunity, please provide a privilege log setting forth the general nature of each document, communication, or portion thereof withheld, its subject matter, and any other information necessary to explain your claim of privilege or immunity and to allow a court to adjudicate the propriety of such claim.

4.      If you cannot respond to any request in full, please respond to the fullest extent possible, explain why you cannot respond to the remainder, and describe the nature of the documents, communications or things you cannot provide.

5.      If you object to any portion of a request, please respond to all portions of the request to which you do not object.

6.      The words "and," "and/or," and "or" refer to both the conjunctive and disjunctive meaning. The word "any" shall mean "each and every" as well as "anyone."

- 3 -

1

## REQUEST FOR PRODUCTION

2 **REQUEST FOR PRODUCTION NO. 1:**

3      All documents that refer or relate to Dreamwell.

4 **REQUEST FOR PRODUCTION NO. 2:**

5      All documents that refer or relate to Simmons Bedding Company, or any other Simmons

6 entity.

7 **REQUEST FOR PRODUCTION NO. 3:**

8      All documents that refer or relate to the '142 Patent.

9 **REQUEST FOR PRODUCTION NO. 4:**

10      All documents that refer or relate to Zinus' innerspring Mattress-in-a-Box product.

11 **REQUEST FOR PRODUCTION NO. 5:**

12      All documents that refer or relate to any compressed or compressible innerspring mattress

13 product designed, developed, manufactured, assembled, packaged, tested, offered for sale, sold,

14 or otherwise distributed by Zinus.

15 **REQUEST FOR PRODUCTION NO. 6:**

16      All documents that refer or relate to the function of any compressed or compressible

17 innerspring mattress product designed, developed, manufactured, assembled, packaged, tested,

18 offered for sale, sold, or otherwise distributed by Zinus.

19 **REQUEST FOR PRODUCTION NO. 7:**

20      All documents that refer or relate to the design or development of any Zinus innerspring

21 Mattress-in-a-Box product.

22 **REQUEST FOR PRODUCTION NO. 8:**

23      Documents sufficient to identify each person involved in the design or development of

24 any Zinus innerspring Mattress-in-a-Box product.

25 **REQUEST FOR PRODUCTION NO. 9:**

26      All documents that refer or relate to research or development conducted relating to any

27 Zinus innerspring Mattress-in-a-Box product.

28

- 4 -

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify each person involved in research or development conducted relating to any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that refer or relate to the conception of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that refer or relate to the manufacture of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify each person involved in the manufacture of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that refer or relate to the assembly of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify each person involved in the assembly of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that refer or relate to any quality control performed on any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify each person involved in any quality control performed on any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that refer or relate to the testing of any Zinus innerspring Mattress-in-a-Box product.

DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
07-CV-03012-PVT
65839-0001/LEGAL13794302.2

1    **REQUEST FOR PRODUCTION NO. 19:**

2        Documents sufficient to identify each person involved in the testing of any Zinus

3    innerspring Mattress-in-a-Box product.

4    **REQUEST FOR PRODUCTION NO. 20:**

5        All documents that refer or relate to the packaging of any Zinus innerspring Mattress-in-a-

6    Box product.

7    **REQUEST FOR PRODUCTION NO. 21:**

8        Document sufficient to identify each person involved in the packaging of any Zinus

9    innerspring Mattress-in-a-Box product.

10   **REQUEST FOR PRODUCTION NO. 22:**

11       All documents that refer or relate to the conception, design or development of any process

12   or method, whether or not implemented, of manufacturing any Zinus innerspring Mattress-in-a-

13   Box product or of any step thereof.

14   **REQUEST FOR PRODUCTION NO. 23:**

15       All documents that refer or relate to research and development performed relating to any

16   process or method, whether or not implemented, of manufacturing any Zinus innerspring

17   Mattress-in-a-Box product or of any step thereof.

18   **REQUEST FOR PRODUCTION NO. 24:**

19       All documents that refer or relate to the conception, design or development of any process

20   or method, whether or not implemented, of assembling any Zinus innerspring Mattress-in-a-Box

21   product or of any step thereof.

22   **REQUEST FOR PRODUCTION NO. 25:**

23       All documents that refer or relate to research and development performed relating to any

24   process or method, whether or not implemented, of assembling any Zinus innerspring Mattress-

25   in-a-Box product or of any step thereof.

26   **REQUEST FOR PRODUCTION NO. 26:**

27       All documents that refer or relate to the conception, design or development of any process

28

- 6 -

1  or method, whether or not implemented, of packaging any Zinus innerspring Mattress-in-a-Box

2  product or of any step thereof.

3  **REQUEST FOR PRODUCTION NO. 27:**

4      All documents that refer or relate to research and development performed relating to any

5  process or method, whether or not implemented, of packaging any Zinus innerspring Mattress-in-

6  a-Box product or of any step thereof.

7  **REQUEST FOR PRODUCTION NO. 28:**

8      All documents that refer or relate to Zinus' Swirl Wrap process.

9  **REQUEST FOR PRODUCTION NO. 29:**

10     All documents that refer or relate to the conception, design or development of Zinus'

11 Swirl Wrap process.

12 **REQUEST FOR PRODUCTION NO. 30:**

13     All documents that refer or relate to research and development relating in any way to

14 Zinus' Swirl Wrap process.

15 **REQUEST FOR PRODUCTION NO. 31:**

16     All documents that constitute, refer or relate to any installation instructions, user

17 instructions, or specification sheets for any Zinus Mattress-in-a-Box product.

18 **REQUEST FOR PRODUCTION NO. 32:**

19     All documents that constitute, refer or relate to the advertising, marketing or promotion of

20 any Zinus Mattress-in-a-Box product, including but not limited to, all advertising material, press

21 releases, product announcements, marketing and promotional material, business and sales plans,

22 articles, documents and things relating to speeches, lectures or presentations, or promotional

23 videos.

24 **REQUEST FOR PRODUCTION NO. 33:**

25     Documents sufficient to identify each person involved in the advertising, marketing or

26 promotion of any Zinus Mattress-in-a-Box product, including but not limited to advertising

27 brochures or promotional videos.

28

**REQUEST FOR PRODUCTION NO. 34:**

Any and all versions of any pages from Zinus' Web sites, including but not limited to pages from the zinus.com and zinusinternational.com domains, as well as any documents posted, displayed, or otherwise made available through such Web sites.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that constitute, refer or relate to any video prepared by or on behalf of Zinus that relates in any way to its Mattress-in-a-Box product, including but not limited to any video showing the manufacturing process, and any video showing the unpackaging or use of the mattress.

**REQUEST FOR PRODUCTION NO. 36:**

All documents that constitute, refer or relate to any video prepared by or on behalf of anyone other than Zinus (including but not limited to Wal-Mart Stores, Inc.) that relates in any way to Zinus' Mattress-in-a-Box product, including but not limited to any video showing the manufacturing process, and any video showing the unpackaging or use of the mattress.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that constitute, refer or relate to the development of any packaging designed or used with any Mattress-in-a-Box product, including but not limited to any carton designs.

**REQUEST FOR PRODUCTION NO. 38:**

All contracts or agreements between Zinus and any entity relating to any Mattress-in-a-Box product, including but not limited to, indemnification, research, development, manufacturing, collaboration or license agreements.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that constitute, refer or relate to any offer for sale of any Zinus innerspring Mattress-in-a-Box product.

- 8 -

**REQUEST FOR PRODUCTION NO. 40:**

Document sufficient to identify each person involved in any offer for sale of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 41:**

All documents that constitute, refer or relate to any importation of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to identify each person involved in any importation of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 43:**

All documents that constitute, refer or relate to any delivery or shipment of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify each person involved in any delivery or shipment of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 45:**

All documents that refer or relate to any sale or other distribution of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify each person involved in any sale or other distribution of any Zinus innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that refer or relate to Wal-Mart Stores, Inc. or any affiliate of Wal-Mart Stores, Inc (hereinafter referred to as "Wal-Mart").

**REQUEST FOR PRODUCTION NO. 48:**

All documents that refer or relate to walmart.com or any affiliate of walmart.com.

- 9 -

1  **REQUEST FOR PRODUCTION NO. 49:**

2      All documents that refer or relate to Wal-Mart Canada or any affiliate of Wal-Mart

3  Canada.com.

4  **REQUEST FOR PRODUCTION NO. 50:**

5      All documents that refer or relate to any actual or prospective customer for the Zinus

6  innerspring Mattress-in-a-Box product.

7  **REQUEST FOR PRODUCTION NO. 51:**

8      All documents that refer or relate to any instance in which Zinus removed a compressed

9  innerspring Mattress in a Box mattress and surrounding wrapper from a box.

10  **REQUEST FOR PRODUCTION NO. 52:**

11      All documents that refer or relate to any instance in which Zinus removed a compressed

12  innerspring Mattress-in-a-Box mattress and wrapper from its surrounding duffel bag or fabric roll.

13  **REQUEST FOR PRODUCTION NO. 53:**

14      All documents that refer or relate to any instance in which Zinus removed a compressed

15  innerspring Mattress-in-a-Box mattress from its surrounding wrapper.

16  **REQUEST FOR PRODUCTION NO. 54:**

17      All documents that refer or relate to any instance in which Zinus allowed a compressed

18  innerspring Mattress-in-a-Box mattress to return to its uncompressed state after removing it from

19  its surrounding plastic wrapper.

20  **REQUEST FOR PRODUCTION NO. 55:**

21      All documents that refer or relate to any instance in which any person other than Zinus

22  removed a compressed innerspring Mattress in a Box mattress and surrounding wrapper from a

23  box.

24  **REQUEST FOR PRODUCTION NO. 56:**

25      All documents that refer or relate to any instance in which any person other than Zinus

26  removed a compressed innerspring Mattress-in-a-Box mattress and wrapper from its surrounding

27  duffel bag or fabric roll.

28

1     **REQUEST FOR PRODUCTION NO. 57:**

2          All documents that refer or relate to any instance in which any person other than Zinus

3     removed a compressed innerspring Mattress-in-a-Box mattress from its surrounding wrapper.

4     **REQUEST FOR PRODUCTION NO. 58:**

5          All documents that refer or relate to any instance in which any person other than Zinus

6     allowed a compressed innerspring Mattress-in-a-Box mattress to return to its uncompressed state

7     after removing it from its surrounding wrapper.

8     **REQUEST FOR PRODUCTION NO. 59:**

9          All documents that refer or relate to the manner in which or rate at which any Zinus

10     innerspring Mattress-in-a-Box mattress returns to its uncompressed state.

11     **REQUEST FOR PRODUCTION NO. 60:**

12          All documents that constitute, refer or relate to any communications between Zinus and

13     any other party relating to how to remove the innerspring Mattress-in-a-Box mattress from its

14     surrounding wrapper and/or allow the mattress to return to its uncompressed state.

15     **REQUEST FOR PRODUCTION NO. 61:**

16          All documents that constitute, refer or relate to communications between Zinus and Wal-

17     Mart.

18     **REQUEST FOR PRODUCTION NO. 62:**

19          All documents that constitute, refer or relate to any sales plan between Zinus and Wal-

20     Mart, as referenced in Zinus' Third Amended Complaint.

21     **REQUEST FOR PRODUCTION NO. 63:**

22          All documents that constitute, refer or relate to any supply agreement between Zinus and

23     Wal-Mart.

24     **REQUEST FOR PRODUCTION NO. 64:**

25          All documents that constitute, refer or relate to communications between or among Zinus

26     personnel or representatives that refer or relate to Wal-Mart.

27

28

DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
07-CV-03012-PVT
65839-0001/LEGAL13794302.2

**REQUEST FOR PRODUCTION NO. 65:**

All documents that constitute, refer or relate to communications between Zinus and any third party that refer or relate to Wal-Mart.

**REQUEST FOR PRODUCTION NO. 66:**

All documents that constitute, refer or relate to communications between Zinus and Wal-Mart that relate to Zinus' innerspring Mattress-in-a-Box product.

**REQUEST FOR PRODUCTION NO. 67:**

All documents that constitute, refer or relate to communications between Zinus and Wal-Mart that relate to Dreamwell, Simmons Bedding Company, or any other Simmons entity.

**REQUEST FOR PRODUCTION NO. 68:**

All documents that constitute, refer or relate to communications between Zinus and Wal-Mart that relate to the '142 Patent.

**REQUEST FOR PRODUCTION NO. 69:**

All documents that constitute, refer or relate to communications between Zinus and Wal-Mart  that relate to the above-captioned litigation..

**REQUEST FOR PRODUCTION NO. 70:**

All documents that constitute, refer or relate to communications between or among Zinus personnel or representatives that relate to Dreamwell, Simmons Bedding Company, or any other Simmons entity.

**REQUEST FOR PRODUCTION NO. 71:**

All documents that constitute, refer or relate to communications between or among Zinus personnel or representatives that relate to the '142 Patent.

**REQUEST FOR PRODUCTION NO. 72:**

All documents that constitute, refer or relate to communications between or among Zinus personnel or representatives that relate to the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 73:**

All documents that constitute, refer or relate to communications between Zinus and any

- 12 -

1  third party, including any actual or prospective customers or end users of Zinus' products, that

2  relate to Zinus' innerspring Mattress-in-a-Box product.

3  **REQUEST FOR PRODUCTION NO. 74:**

4        All documents that constitute, refer or relate to communications between Zinus and any

5  third party that relate to Dreamwell, Simmons Bedding Company, or any other Simmons entity.

6  **REQUEST FOR PRODUCTION NO. 75:**

7        All documents that constitute, refer or relate to communications between Zinus and any

8  third party that relate to the '142 Patent.

9  **REQUEST FOR PRODUCTION NO. 76:**

10        All documents that constitute, refer or relate to communications between Zinus and any

11  third party that relate to the above-captioned litigation.

12  **REQUEST FOR PRODUCTION NO. 77:**

13        All documents that constitute, refer or relate to any patent application filed by or on behalf

14  of Zinus, in the United States or elsewhere, relating in any way to Zinus' Mattress-in-a-Box

15  product or any other compressible innerspring mattress product, including but not limited to any

16  communications with any patent office or other government body relating to such application.

17  **REQUEST FOR PRODUCTION NO. 78:**

18        All documents that constitute, refer or relate to communications or correspondence

19  between Zinus and its direct or downstream customers, purchasers, manufacturers, importers,

20  and/or distributors relating to any Zinus innerspring Mattress-in-a-Box product.

21  **REQUEST FOR PRODUCTION NO. 79:**

22        All documents that constitute, refer or relate to any communications between Zinus and its

23  direct or downstream customers, purchasers, manufacturers, importers, and/or distributors relating

24  in any way to the unpackaging and/or use any Zinus innerspring Mattress-in-a-Box product.

25  **REQUEST FOR PRODUCTION NO. 80:**

26        All documents that constitute, refer or relate to any directions or instructions provided by

27  Zinus to its direct or downstream customers, purchasers, manufacturers, importers, and/or

28

- 13 -

1  distributors relating in any way to the unpackaging and/or use any Zinus innerspring Mattress-in-

2  a-Box product.

3  **REQUEST FOR PRODUCTION NO. 81:**

4      All documents that constitute, refer or relate to any offers, purchase orders, agreements,

5  understandings, or other communications between Zinus and its direct or downstream customers,

6  purchasers, manufacturers, importers, and/or distributors that refer to, relate to, or disclaim

7  indemnification for infringement or violation of law.

8  **REQUEST FOR PRODUCTION NO. 82:**

9      Documents sufficient to identify the general corporate structure and organization of Zinus

10  and the officers and employees of Zinus, including but not limited to any organizational charts.

11  **REQUEST FOR PRODUCTION NO. 83:**

12      All documents that refer or relate to any and/or all business relationships, negotiations, or

13  activities between Zinus and other entities relating to any Zinus innerspring Mattress-in-a-Box

14  product.

15  **REQUEST FOR PRODUCTION NO. 84:**

16      All documents that constitute, refer or relate to any document retention policies or

17  practices.

18  **REQUEST FOR PRODUCTION NO. 85:**

19      All documents that constitute, refer or relate to memoranda, meeting notes, board minutes

20  and presentations relating to any Zinus innerspring Mattress-in-a-Box product.

21  **REQUEST FOR PRODUCTION NO. 86:**

22      All documents that constitute, refer or relate to any Zinus financial statements, including

23  but not limited to balance sheets, income statements, and cash flow reports.

24  **REQUEST FOR PRODUCTION NO. 87:**

25      All documents or other tangible items of any nature or sort that were identified or

26  referenced by Zinus in its Initial Disclosures.

27

28

DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
07-CV-03012-PVT
65839-0001/LEGAL13794302.2

1    **REQUEST FOR PRODUCTION NO. 88:**

2         All documents or other tangible items of any nature or sort requested to be identified in

3    the Interrogatories served concurrently with these Requests for Production of Documents.

4

5    Dated: February 11, 2008

6                                    PERKINS COIE LLP

7                                    By _Kenneth B Wil_____,

8                                           Kenneth B. Wilson

9                                    Attorneys for Defendant
                                     SIMMONS BEDDING COMPANY
10                                   and Defendant and Counterclaimant DREAMWELL,
                                     LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

**EXHIBIT 10**

1  Kenneth B. Wilson, Calif. Bar No. 130009
   KWilson@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone: 415.344.7000
4  Facsimile:  415.344.7050

5  Attorneys for Defendant
   SIMMONS BEDDING COMPANY
6  and Defendant and Counterclaimant DREAMWELL, LTD.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  ZINUS, INC. a California Corporation,     Case No. 07-CV-03012-PVT

13              Plaintiff,
                                             **DREAMWELL'S FIRST SET OF
14        v.                                  INTERROGATORIES TO ZINUS**

15  SIMMONS BEDDING COMPANY, a
    Delaware corporation, and DREAMWELL,
16  LTD., a limited liability company of
    Nevada,
17
                Defendants.
18

19  AND RELATED COUNTERCLAIMS

20

21        Pursuant to Federal Rule of Civil Procedure 33, defendant and counterclaimant

22  Dreamwell, Ltd. ("Dreamwell") hereby requests that plaintiff and counterclaim defendant Zinus,

23  Ltd. ("Zinus") answer the following interrogatories under oath within 30 days of service of this

24  request and in accordance with the Definitions and Instructions set forth below.

25

26

27

28

**DEFINITIONS**

1.     The terms "You," and "Your" mean plaintiff Zinus, its present and former divisions, subsidiaries and related entities, and all present and former employees, officers, directors, agents, representatives, attorneys, or any other persons acting at its direction, under its control or on its behalf.

2.     The term "Mattress-in-a-Box" means any product that Zinus has in the past or currently designs, manufactures, packages, distributes, offers for sale, sells and/or imports under the name "Mattress-in-a-Box" or any variation thereof.

3.     The term "'142 Patent" means U.S. Patent No. RE 36,142, and any related U.S. or foreign patents or applications.

4.     The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and encompasses all manner of recordation such as hard copy, carbon copy, photocopy, microfilm, microfiche and machine readable code and includes without limitation, letters, copies of letters, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, trademarks registrations, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts, memoranda of agreements, assignments, licenses, sublicenses, books of accounts, orders, invoices, statements, bills, vouchers, photographs, drawings, charts, catalogues, brochures, and other written materials of whatever kind known to you or in your possession or control.

6.     The term "communication" refers to every manner or means of disclosure or transfer or exchange of information whether orally or by document and whether face to face, by telephone, facsimile transmission, mail, personal delivery, electronic mail, computer transmission, or otherwise.

7.     The term "relating to" means referring to, relating to, pertaining to, consisting of, constituting, memorializing, confirming, containing, reflecting, or otherwise connected to.

8.     The term "person" refers to individuals, parties, associations, partnerships, firms, corporations, and other business organizations or entities whether formal or informal.

9.     Unless otherwise indicated by the context, the term "identify" means:

1        a.    when used in connection with a document, to furnish a brief description of

2  the subject matter of the document, its title or designation, its date of preparation and distribution,

3  the name and address of the author and sender, the name and address of the person, if any, to

4  whom it was directed or to whom copies or similar documents were directed the location thereof;

5  and the present custodian;

6        b.    when used in connection with a person, to furnish a statement of the full

7  name, occupation, job title, business or function thereof, last known business and home address

8  and telephone number, place and date of incorporation, principal and other place(s) of business,

9  nature of business, all officers and other persons having knowledge of the matter with respect to

10  the business entity, executive offices of the company, its relation to you or to your goods or

11  products or other things;

12        c.    when used in connection with things, including and not limited to products,

13  devices, goods or physical things, to furnish a complete description of the thing, including its

14  common designation, its composition, its physical description, product type, any other

15  distinguishing I characteristics; the catalog, SKU, stock or other identifying number; and the

16  trademark, name, type, / grade, and any other designation customarily used to designate the item

17  and to distinguish it from others made or sold by the same or a different producer or vendor.

## INSTRUCTIONS

19    1.    These interrogatories seek responses that are accurate as of the date they are given,

20  and are continuing so that any additional information responsive to these interrogatories that you

21  learn at any time shall be timely furnished to Dreamwell in supplemental responses.

22    2.    In responding to these interrogatories, please furnish all information known or

23  available to you, including information in the possession of your attorneys, other persons directly

24  or indirectly employed or retained by you, including but not limited to, your agents, officers,

25  employees, representatives, investigators or anyone else acting or purporting to act on your behalf

26  of or under your control.

1    3.    If any interrogatory cannot be responded to in full, respond to the extent possible,

2    specify the reasons for the inability to respond to the remainder and state whatever information,

3    knowledge or belief you have concerning the unanswered portion.

4    4.    If a claim of privilege is made, you are requested to specify the grounds on which

5    such claim is based and to identify the information subject to the claimed privilege.

6    5.    The words "and," "and/or," and "or" refer to both the conjunctive and disjunctive

7    meaning. The word "any" shall mean "each and every" as well as "anyone."

8

9    **INTERROGATORIES**

10   **INTERROGATORY NO. 1:**

11   Describe in detail and identify all facts and documents supporting the basis for Zinus'

12   Fourth Affirmative Defense that one of more claims of the '142 Patent are invalid because the

13   '142 Patent fails to satisfy the requirements of 35 U.S.C. § 112, including any citation to the 142

14   Patent or its prosecution history.

15   **INTERROGATORY NO. 2:**

16   Describe in detail and identify all facts and documents supporting the basis for Zinus'

17   Fifth Affirmative Defense that the '142 Patent is invalid under 35 U.S.C. § 251, including any

18   citation to the 142 Patent or its prosecution history.

19   **INTERROGATORY NO. 3:**

20   Describe in detail and identify all facts and documents supporting the basis for Zinus'

21   allegation in Paragraph 34 of Zinus' Reply to Dreamwell's Counterclaims that "Dreamwell is not

22   entitled to exclusive use of the mark 'POCKET COIL' because the mark is descriptive and in

23   common use throughout the mattress industry," including all such uses of the term or mark

24   "POCKET COIL" of which Zinus is aware.

25   **INTERROGATORY NO. 4:**

26   Describe in detail and identify all facts and documents supporting the basis for Zinus'

27   allegation in Paragraph 35 of Zinus' Reply to Dreamwell's Counterclaims that "Dreamwell's

28   counterclaim for trademark infringement is barred because Dreamwell has granted an

1  uncontrolled or naked license to Simmons Bedding Company by failing to exercise any quality

2  control over Simmons Bedding Company and in doing so has abandoned its mark 'POCKET

3  COIL' and is estopped from asserting its rights as to the 'POCKET COIL' mark."

4  **INTERROGATORY NO. 5:**

5       Describe in detail and identify all facts and documents supporting the basis for Zinus'

6  allegation in Paragraph 36 of Zinus' Reply to Dreamwell's Counterclaims that "Dreamwell's

7  counterclaim for trademark infringement is barred because Dreamwell committed inequitable

8  conduct in connection with the trademark renewal of the 'POCKET COIL' mark" that renders the

9  registration of the mark "invalid and subject to cancellation."

10  **INTERROGATORY NO. 6:**

11       Describe in detail and identify all facts and documents supporting the basis for Zinus'

12  allegation in Paragraph 39 of Zinus' Reply to Dreamwell's Counterclaims that Dreamwell's

13  counterclaim for unfair business practices is barred because the manner in which Dreamwell

14  asserts California Business & Profession Code § 17200 is preempted by federal law.

15  **INTERROGATORY NO. 7:**

16       Describe in detail the facts and circumstances surrounding Zinus' first knowledge of the

17  '142 Patent, including but not limited to the person(s) who first learned of the patent, the date of

18  first knowledge, and any documents relating to such circumstances.

19  **INTERROGATORY NO. 8:**

20       Identify each specific item of confidential information that Zinus contends defendant

21  Simmons Bedding Company acquired at the Zinus factory in China, including the person who

22  disclosed such information and the form in which the information was disclosed (document, oral,

23  etc.).

24  **INTERROGATORY NO. 9:**

25       Describe in detail the factual basis for Zinus' contention that defendants have disclosed

26  and/or used Zinus confidential information, including the specific item or items of confidential

27  information that Zinus claims defendants disclosed and/or used, who disclosed and/or used the

28

1   information, when the information was disclosed and/or used, and how the information was

2   disclosed and/or used.

3   **INTERROGATORY NO. 10:**

4       Specify and quantify any damages that Zinus believes it has sustained as a result of

5   defendants' alleged misconduct, and identify any documents that Zinus believes support such a

6   contention.

7

8   Dated:  February 11, 2008

9                     **PERKINS COIE LLP**

10

11                     By _____
                                 Kenneth B. Wilson

12                     Attorneys for Defendant
                  SIMMONS BEDDING COMPANY

13                     and Defendant and Counterclaimant DREAMWELL,
                  LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28