IMPERIUM PATENT WORKS
DARIEN K. WALLACE (State Bar No. 139798)
T. LESTER WALLACE (State Bar No. 159967)
P.O. Box 587
Sunol, California 94586
e-mail: Darien@ImperiumPW.com
Telephone:   925-862-9972
Facsimile:    925-835-5804

Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SIMMONS BEDDING COMPANY, a Delaware corporation, and DREAMWELL, LTD., a limited liability company of Nevada,<br><br>　　　　　Defendants.<br><br>DREAMWELL, LTD., a limited liability company of Nevada,<br><br>　　　　　Counterclaimant,<br>　　v.<br><br>ZINUS, INC., a California corporation,<br><br>　　　　　Counterdefendant. | Case No. 07-CV-03012 PVT<br><br>**PLAINTIFF AND COUNTER-DEFENANT ZINUS, INC.'S REPLY TO DREAMWELL, LTD.'S COUNTERCLAIMS TO ZINUS' THIRD AMENDED COMPLAINT** |

Plaintiff and counterdefendant Zinus, Inc. ("Zinus"), through its undersigned counsel, alleges on personal knowledge as to its own activities and on information and belief as to the activities of others, for Zinus' response to the counterclaims of defendant Dreamwell, Ltd. ("Dreamwell") to Zinus' Third Amended Complaint for Declaratory Judgment, Unfair Competition and Breach of Contract, as follows:

## ZINUS' REPLY TO DREAMWELL'S COUNTERCLAIMS

1. Answering the allegations of paragraph 66 of Dreamwell's counterclaims, Zinus lacks knowledge or information sufficient to form a belief as to the nature of Dreamwell's business or Dreamwell's principal place of business as alleged in paragraph 66.

2. Zinus admits the allegations of paragraph 67, with the exception that Zinus denies that Zinus, Inc., a California corporation, is in the business of manufacturing a mattress product known as "Mattress in a Box."

3. Zinus agrees with the averments in paragraph 68 to the effect that the Court has jurisdiction over this matter.

4. Zinus agrees with the averments in paragraph 69 to the effect that venue is proper in this judicial district.

5. Zinus admits the allegations of paragraph 70, with the exception that Zinus denies that Zinus, Inc., a California corporation, manufactures the Mattress-in-a-Box product.

6. Zinus admits the allegations of paragraph 71, with the exception that Zinus denies that Zinus' marketing literature presently includes a circular logo that sets out the term "POCKET COIL" as stylized text.

## DREAMWELL'S FIRST COUNTERCLAIM

7. Answering the allegations of paragraph 72 of Dreamwell's counterclaims, Zinus incorporates by reference its responses in paragraphs 1 through 6 above as if fully set forth herein.

8. Zinus admits that it has knowledge of U.S. Patent No. Re. 36,142 ("the '142 Patent"). Zinus lacks knowledge or information sufficient to form a belief as to whether or not Dreamwell is the sole owner and assignee of the '142 Patent, and on that basis denies that

1  Dreamwell owns the '142 Patent.

2      9.  Zinus denies the allegations of paragraph 74.

3      10.  Answering the allegations of paragraph 75 of Dreamwell's counterclaims, Zinus admits that its using, importing, offering for sale and/or selling of the Mattress-in-a-Box product have been without express or implied license from Dreamwell.

6      11.  Zinus denies the allegations of paragraph 76.

7      12.  Zinus denies the allegations of paragraph 77.

8      13.  Zinus denies the allegations of paragraph 78.

## DREAMWELL'S SECOND COUNTERCLAIM

    14.  Answering the allegations of paragraph 79 of Dreamwell's counterclaims, Zinus incorporates by reference its responses in paragraphs 1 through 13 above as if fully set forth herein.

    15.  Answering the allegations of paragraph 80 of Dreamwell's counterclaims, Zinus denies that Dreamwell has been using the mark POCKET COIL in commerce. Zinus denies that Dreamwell's licensees have been using the mark POCKET COIL in commerce continuously for more than a decade. Zinus lacks knowledge or information sufficient to form a belief as to whether or not Dreamwell is the sole owner of the mark POCKET COIL.

    16.  Zinus admits the allegations of paragraph 81, with the exception that Zinus denies that Dreamwell has built up goodwill in the mark POCKET COIL as a result of Dreamwell's use of the mark POCKET COIL.

    17.  Zinus denies the allegations of paragraph 82.

    18.  Answering the allegations of paragraph 83 of Dreamwell's counterclaims, Zinus admits that Zinus' use of the term "pocket coil" on Zinus' website and on Zinus' packaging were undertaken without express or implied license by Dreamwell.

    19.  Zinus denies the allegations of paragraph 84.

    20.  Zinus denies the allegations of paragraph 85.

    21.  Zinus denies the allegations of paragraph 86.

///

## DREAMWELL'S THIRD COUNTERCLAIM

22. Answering the allegations of paragraph 87 of Dreamwell's counterclaims, Zinus incorporates by reference its responses in paragraphs 1 through 21 above as if fully set forth herein.

23. Zinus denies the allegations of paragraph 88.

24. Zinus denies the allegations of paragraph 89.

## DREAMWELL'S PRAYER FOR RELIEF

25. In response to Dreamwell's prayer for relief, Zinus denies that Dreamwell is entitled to any relief from Zinus.

## AFFIRMATIVE DEFENSES TO THE FIRST COUNTERCLAIM

26. Zinus incorporates by reference into each of the affirmative defenses below, as if fully set forth herein, the allegations of paragraphs 1-25 above.

### First Affirmative Defense

### (Failure to State a Claim)

27. Dreamwell is barred from recovery, in whole or in part, by failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Non-infringement)

28. Zinus does not infringe, contribute to or induce the infringement of the '142 Patent. The properly construed claims of the '142 Patent do not read on any actions taken by Zinus. In addition, all claims of the '142 Patent are divided claims in which some of the steps are to be performed by one party, while the remaining steps are to be performed by another party. No single entity or entities under common control perform every step of the claimed methods of the '142 Patent as required by 35 U.S.C. § 271(a).

### Third Affirmative Defense

### (Invalidity)

29. One or more claims of the '142 Patent are invalid because they fail to satisfy the conditions for patentability of 35 U.S.C. §§ 102 and 103 because, without limitation, the

alleged inventions are taught by, suggested by, and/or obvious in view of the prior art.

**Fourth Affirmative Defense**

**(Enablement and Best Mode)**

30. One or more claims of the '142 Patent are invalid because the '142 Patent fails to satisfy the requirements of 35 U.S.C. §§ 112, including without limitation: (a) the specification does not contain a written description of the invention and of the manner and process of making and using it, in such full, clear, concise and exact terms as to have enabled, at the time of filing, a person of ordinary skill in the art to which it pertains to make and use the invention; and (b) the specification does not set forth the best mode contemplated by the inventors of carrying out the invention.

**Fifth Affirmative Defense**

**(Inadequate Reissue Declaration)**

31. The '142 Patent is invalid under 35 U.S.C. § 251 because the reissue declaration submitted with the reissue application did not satisfy the requirements of 37 C.F.R. § 1.175(a) that was in effect at the time the reissue declaration was filed. The patentees of the original U.S. Patent No. 6,622,030 ("the '030 Patent") that issued on April 22, 1997, to C. Edward Steed and Richard F. Gladney failed to explain in the reissue declaration (i) which errors the patentees relied upon in allowing claims to issue that were inoperative by reason of the patentees' claiming less than they had the right to claim, and (ii) why the underclaiming in the '030 Patent resulted from an excusable error on the part of the patentees. The reissue declaration fails to explain why it was excusable for one patentee to move to Japan and effectively eliminate the opportunity for meaningful consultation between himself and counsel prosecuting the '030 Patent. The reissue declaration fails to explain why it was excusable for the other patentee to make only sporadic personal contact available between himself and counsel prosecuting the '030 Patent. The reissue declaration fails to explain why the inexperience of the attorney prosecuting the '030 Patent was an excusable reason for drafting "unnecessarily narrow" claims when counsel of record in the prosecution of the '142 Patent: (i) corrected the original errors through discussions with the assignee's management as opposed to

through discussions with the patentees, and (ii) was the very attorney who signed the issue fee transmittal letter for the '030 Patent and deliberately caused the '142 Patent to issue with the claims in the purportedly "unnecessarily narrow" state.

**AFFIRMATIVE DEFENSES TO THE SECOND COUNTERCLAIM**

32. Zinus incorporates by reference into each of the affirmative defenses below, as if fully set forth herein, the allegations of paragraphs 1-31 above.

33. Dreamwell is barred from recovery, in whole or in part, by failure to state a claim upon which relief can be granted.

34. On information and belief, Dreamwell is not entitled to exclusive use of the mark "POCKET COIL" because the mark is descriptive and in common use throughout the mattress industry.

35. On information and belief, Dreamwell's counterclaim for trademark infringement is barred because Dreamwell has granted an uncontrolled or naked license to Simmons Bedding Company by failing to exercise any quality control over Simmons Bedding Company and in so doing has abandoned its mark "POCKET COIL" and is estopped from asserting its rights as to the "POCKET COIL" mark.

36. On information and belief, Dreamwell's counterclaim for trademark infringement is barred because Dreamwell committed inequitable conduct in connection with the trademark renewal of the "POCKET COIL" mark. The inequitable conduct renders the registration of the "POCKET COIL" mark invalid and subject to cancellation.

**AFFIRMATIVE DEFENSES TO THE THIRD COUNTERCLAIM**

37. Zinus incorporates by reference into each of the affirmative defenses below, as if fully set forth herein, the allegations of paragraphs 1-36 above.

38. Dreamwell is barred from recovery, in whole or in part, by failure to state a claim upon which relief can be granted

39. Dreamwell's counterclaim for unfair business practices is barred because the manner in which Dreamwell asserts California Business and Profession Code § 17200, based on conduct for allegedly infringing a federal patent and trademark, is substantially congruent to

claims made under 35 U.S.C. § 271 *et seq.* and 15 U.S.C. § 1114 and is therefore pre-empted by federal law.

## ZINUS' SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, counterdefendant Zinus further prays the Court enter judgment in its favor and against counterclaimant Dreamwell with regard to each of the above counterclaims and grant a judgment:

a. Declaring that the '142 Patent is invalid;

b. Declaring that counterclaim defendant Zinus has not and does not infringe any valid claim of the '142 patent;

c. Declaring that the trademark POCKET COIL is invalid and may not be asserted against Zinus;

d. Ordering cancellation of the asserted trademark registration for "POCKET COIL" in the USPTO;

e. Declaring that counterclaim defendant Zinus has not engaged in unfair business practices in violation of California Business and Professions Code § 17200;

f. Dismissing all counterclaims with prejudice; and

g. Ordering that Zinus be awarded its costs of suit, its attorneys' fees and any other relief that the Court deems just and proper.

Dated: February 17, 2008       By:   /s/ Darien K. Wallace
                                                  Darien K. Wallace
IMPERIUM PATENT WORKS
Attorneys for Plaintiff and Counterdefendant
ZINUS, INC.