UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIMMONS BEDDING COMPANY, et al., <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION | Case No.: C 07-3012 PVT <br><br> **ORDER FINDING MOOT IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF NON-INFRINGEMENT DUE TO NO DIRECT INFRINGEMENT; AND** <br><br> **ORDER GRANTING DEFENDANT DREAMWELL'S RULE 56(f) APPLICATION** |

On March 4, 2008, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Zinus, Inc.'s Motion for Summary Judgment [sic] of Non-Infringement Due to No Direct Infringement.[1]  Defendant and Counterclaimant Dreamwell, Ltd. ("Dreamwell") opposed the motion.  Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that, with regard to the "Swirl Wrap" method, Plaintiff's motion is MOOT in light this court's order granting summary adjudication of non-infringement as to that method.

IT IS FURTHER ORDERED that, with regard to the "Duffel Bag" method, Plaintiff's

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Order, *page 1*

motion for summary adjudication is DENIED without prejudice to renewing this motion after claim construction, if appropriate, or to bringing a motion for summary adjudication on other grounds.

IT IS FURTHER ORDERED that Defendant Dreamwell's Rule 56(f) application is GRANTED.

## I. INTRODUCTION

Plaintiff Zinus, Inc. ("Zinus") is a business engaged in the manufacture of mattresses. Among other products, Zinus makes a "Duffel Bag Mattress-In-A-Box" product. Prior to this action, Zinus was selling its Duffel Bag Mattress-In-A-Box through Wal-Mart Stores, Inc. ("Wal-Mart").

Dreamwell is a wholly-owned subsidiary of Defendant Simmons Bedding Company ("Simmons"), and is the assignee of U.S. Patent Re. 36,142 ("the '142 Patent"). The '142 Patent covers a method of packaging a particular type of inner spring mattress assembly in a compressed state for shipment.

In the present motion, Zinus seeks summary adjudication that its method of packaging its Duffel Bag Mattress-In-A-Box does not infringe the '142 Patent due to a purported lack of direct infringement.

## II. LEGAL STANDARDS

### A. SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure a party claiming relief or against whom relief is sought may move for summary judgment on all or part of a claim. The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the undisputed facts he is entitled to judgment as a matter of law. *Id.,* at 322.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes

demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If the moving party meets its initial burden, then the non-moving party "must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." FED.R.CIV.PRO., Rule 56(e). The court must draw all reasonable inferences in favor of the non-moving party. *See Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *see also Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).

If the non-moving party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may either deny or continue the motion to allow additional discovery. FED.R.CIV.PRO., Rule 56(f). However, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

**B.    PATENT INFRINGEMENT**

Patent infringement analysis involves two steps: 1) claim construction; and 2) application of the properly construed claims to the accused device or method. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed.Cir. 1995) (en banc ), *aff'd*, 517 U.S. 370 (1996). The first step is a matter of law. *Id*. at 979. The second step is a factual question. *See Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed.Cir. 1998).

To prove direct infringement, a patent holder must show that the accused device or method meets each claim limitation, either literally or under the doctrine of equivalents. *See Deering Precision Instruments, L.L.C. v. Vector Distribution Systems, Inc.*, 347 F.3d 1314, 1324 (Fed.Cir. 2003); *see also Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed.Cir. 1993).

Aside from liability for direct infringement, a party may be liable for infringement if it actively induces infringement or contributes to infringement. *See* 35 U.S.C. § 271(b) & (c). However, such indirect infringement requires a finding that some party amongst the accused actors has committed the entire act of direct infringement. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed.Cir. 2007). Thus, where some steps of a patented method are carried out by a third party, there can be no liability for *indirect* infringement.

Where multiple parties each perform just a portion of a patented method, one of the parties

may be liability for *direct* infringement if that alleged infringer performed or caused to be performed each step of the patented method. *See BMC Resources*, 498 F.3d at 1381-22. An accused infringer may be found to have "caused to be performed" a step of a patented method, the other steps of which it has itself performed, where it provided the third party with instructions or directions regarding how to perform the missing step. *See BMC Resources*, 498 F.3d at 1381-82 ("Without this direction or control of both the debit networks and the financial institutions, Paymentech did not perform or cause to be performed each and every element of the claims.") The question comes down to causation. In general, causation is a question of fact. *See, e.g., Westfed Holdings, Inc. v. U.S.*, 407 F.3d 1352, 1364 (2005).

### III. THE PATENT IN SUIT, AND THE ACCUSED METHODS

#### A. THE '142 PATENT

The '142 Patent contains five independent claims. Each claim of the '142 Patent discloses a method for packaging "a mattress assembly constructed of coil springs wherein each spring is contained within an individual pocket of fabric." The process starts with a tube of deformable material having a predetermined length 22. The mattress assembly 10 is placed in the tube 22, and one end of the tube is sealed. In the next step, air is evacuated from the tube, causing the tube to deform around the mattress assembly and causing the mattress assembly to compress. The second end of the tube may be sealed at this point. The next step involves inserting the evacuated tube into a containment sleeve 26 which is dimensioned and configured to retain the mattress assembly 10 in a compressed state for shipment. *See* '142 Patent at Fig. 3 (pictured here) and 3:10-39 and 4:5 – 6:30.

Each claim goes on to recite the step of "removing said evacuated tube from said containment sleeve." Finally, each claim discloses the step of "allowing said mattress in said tube to gradually return to an uncompressed state" or similar language, without necessarily specifying how this result is to be achieved. *See* '142 Patent at 4:30-32, 4:66-67, 5:23-24, 6:3-4 and 6:33-34.

#### B. THE ACCUSED METHOD

Zinus' method of packaging its Duffel Bag Mattress-In-A-Box involves putting the mattress in a plastic "sheath," compressing the mattress, rolling up the compressed mattress and sheath, and

then putting the rolled-up mattress in a "duffel bag" to secure it. The secured roll is then put in a box.[2]

### IV. DISCUSSION

#### A. DENIAL OF ZINUS' MOTION IS WARRANTED

It appears there is a genuine issue of material fact regarding whether Zinus "caused" Wal-Mart's customers to perform the final step(s) of removing the mattress from its duffel bag "whereby said mattress assembly in said tube gradually returns to an uncompressed state" and/or then puncturing the sheath "to allow said mattress assembly in said tube to gradually return to said uncompressed state."

#### 1. There Is a Triable Issue of Fact Regarding "Causation."

The Federal Circuit has not specified whether the "causation" requirement for divided infringement is only causation "in fact" or also requires a finding of proximate cause. Either way, there is a genuine issue of material fact with regard to causation.

There is evidence in the record that, along with its Duffel Bag Mattress-In-A-Box product, Zinus provides directions for unpacking the mattress, including the steps of: 1) cutting open the vacuum sealed bag (at which point the mattress will expand some amount) and then removing the bag; and 2) "allow[ing] the mattress to fully expand to its original shape." *See* Declaration of Scott Reeves in Support of Zinus, Inc.'s Motion for Summary Judgment of Non-Infringement Due to No Direct Infringement, filed herein 1/14/08, Exh. E. This is evidence from which a rational juror could find that Zinus in fact "caused" Wal-Mart's customers to perform the final step(s) of the '142 Patent. Such a juror could find that, but for Zinus packaging and selling its Duffel Bag Mattress-In-A-Box product (along with the unpacking directions), Wal-Mart's customers would not have opened the packages and allowed the mattresses to return to their uncompressed states.

To the extent the stricter requirements of proximate cause apply, there is ample evidence to

---

[2] The statement of the accused method is based on Dreamwell's description and its supporting evidence.

support a finding of proximate cause in this case.  Generally, the proximate cause element of a tort[3] "ensure[s] that 'a defendant is not answerable for anything beyond the natural, ordinary and reasonable consequences of his conduct.'"  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 470 (2006) (Scalia, J. concurring).  A rational juror could easily find that the actions of Wal-Mart's customers in unpacking the mattresses were the "natural, ordinary and reasonable consequences" of Zinus' conduct.

In a nutshell, it is unlikely that the kinds of "arms-length agreements" that can avoid liability on a theory of divided infringement would include situations where, as here, the end-use of a product necessarily requires that the customer first perform the last step(s) of a patented process.

**2.    There Is a Triable Issue of Fact Regarding Whether the Mattress "Gradually" Returns to an Uncompressed State**

While the court has not yet construed the term "gradually," the fact the directions supplied by Zinus indicate the expansion of the mattress occurs in two separate steps suggests there is at least an inference that the mattress "gradually" returns to its uncompressed state.  The Oxford English Dictionary (accessed online at http://dictionary.oed.com) lists "by degrees" as one definition of "gradually," and in turn lists "a step or stage in a process" and "by successive steps or stages" as definitions of "degree" and "by degrees," respectively.  Thus, depending on how the court construes the term "gradually," and depending on whether the mattress does in fact decompress in two steps or stages, it is quite possible a rational trier of fact could find that the mattress gradually returns to an uncompressed state.

**B.    RELIEF UNDER RULE 56(f) IS WARRANTED**

Dreamwell argues that Zinus' motion is premature, and has applied for relief under Rule 56(f). Rule 56(f) provides:

> "**When Affidavits Are Unavailable.**  If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> "(1) deny the motion;

---

[3] Patent infringement is a tort. *See, e.g., Trintec Industries, Inc. v. Time to Invent*, LLC, 395 F.3d 1275, 1280 (Fed.Cir.2005); and *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583 (Fed.Cir.1996).

ORDER, *page 6*

> "(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> "(3) issue any other just order."

Dreamwell cites the following evidence that it contends it needs to obtain before this motion is briefed and heard:

    1)      evidence that Zinus provided to Wal-Mart and its customers directions or instructions regarding removal of the mattress from its packaging;

    2)      evidence that Zinus has performed or caused to be performed the final steps of the claims of the '142 Patent; and

    3)      evidence that Zinus' Mattress-in-a-Box product expands in a gradual and controlled fashion.

Given the early stage of discovery at which Zinus filed this motion, and the fact that there are pending requests for some of the pertinent discovery, the court finds good cause to grant Dreamwell's 56(f) application to allow it to conduct further discovery on the foregoing subjects.

### V.     CONCLUSION

Based on the evidence in the record, it appears there are triable issues of fact with regard to whether Zinus causes Wal-Mart's customers to perform the last step(s) of the '142 Patent. Thus, summary adjudication appears to be unwarranted. And, in any event, Dreamwell has shown good cause for relief under Rule 56(f).

Dated: *3/11/08*

                                   PATRICIA V. TRUMBULL
                                   United States Magistrate Judge