UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZINUS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMMONS BEDDING COMPANY, et al.,<br><br>        Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: C 07-3012 PVT<br><br>**ORDER DENYING PARTIES' JOINT MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |

On April 21, 2008, the parties filed a Joint Motion to Vacate Order Granting Plaintiff's Motion for Summary Adjudication. Based on the motion submitted, and the file herein,

IT IS HEREBY ORDERED that the parties' motion to vacate is DENIED. The parties' argument in support of their motion amounts to no more than the conclusory assertion that there are "no considerations here that would justify denial of this motion." The court disagrees. Although the parties are requesting that the court vacate an interlocutory order rather than a judgment, all of the policy considerations applicable to a court's vacatur of a judgment are pertinent, and in the present case justify denial of the motion.

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994) ("*Bancorp*") the Supreme Court held that, where the party requesting vacatur of a judgment under appellate

ORDER, *page 1*

review causes mootness by its own voluntary litigation-related action such as settlement, the appellate court may not grant the motion absent exceptional circumstances. *Id*. at 29. In contrast, in *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the Supreme Court explained that it is inequitable to bind parties to unappealable adjudications where they lost their right to appeal by "happenstance." *Id*. at 39-40. Although the Ninth Circuit has held that an equitable balancing test, rather than the "exceptional circumstances" test of *Bancorp*, applies to motion for vacatur at the district court level (*see American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998)), the distinction between mootness caused by happenstance versus voluntary action remains a pivotal threshold question in the district court's consideration of the motion.

In the present case, mootness was caused not by "happenstance," but by the parties' voluntary decision to settle the entire case. Thus, *Munsignwear* is inapplicable and, at a minimum, the court must balance the equitable factors of the hardship imposed on Defendants if this motion is denied against public policy concerns such as the interest in the finality of judgment. *See American Games*, 142 F.3d at 1167-70.

The hardship on Defendants if this motion is denied is the possibility that the order at issue may have collateral estoppel effect in later infringement actions Defendants may wish to pursue. The court gives this factor little weight due to the vast differences between the accused methods and the invention claimed in the patent-in-suit as described in its specifications. The claimed invention is described as a method for retaining strings of pocketed springs, or "bolsters," in a compressed state during shipment to a location where the bolsters are then assembled into a mattress. There is no mention in the specification of packaging an entire rolled-up compressed mattress in a box so that it is easily carried home by the end user. The preclusive effect, if any,[1] of this court's summary adjudication order is unlikely to hamper Defendants' ability to assert the patent-in-suit against any alleged infringer who is using the claimed method to retain bolsters in a compressed state during

---

[1] With regard to claim construction portion of the order at issue, any claim of prejudicial hardship is somewhat speculative because it is not clear what preclusive effect a partial claim construction order has. Compare *TM Patents, L.P. v. International Business Machines Corp.*, 72 F.Supp.2d 370, 376-377, 379 (S.D.N.Y. 1999) (giving preclusive effect to a claim construction order) with *Kollmorgen Corp. v. Yakawa Elec. Corp.*, 147 F.Supp.2d 464, 468, 470 (W.D.Va. 2001) (ruling that claim construction orders should not be given preclusive effect before they are subjected to Federal Circuit review).

shipment to a location where the bolsters are then assembled into a mattress.

Nor does the court give much weight to the fact that the parties' agreement to jointly file this motion was an important factor in their settlement. While the potential availability of vacatur may have encouraged the parties in this particular case to settle at this time, it may well discourage other litigants from settling their disputes *before* a court issues dispositive rulings such as claim construction or summary adjudication of non-infringement. *See Bancorp*, 513 U.S. at 28 (noting that parties may wish to roll the dice rather than settle "if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur").

On the other side of the scale, allowing a patent holder to litigate issues of claim construction and infringement, only to settle and obtain vacatur of any unfavorable rulings, would raise weighty policy concerns. *See, e.g., Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316, 319 (E.D.Wisc. 2001) ("[t]he result sought by the parties ... would ... encourag[e] litigants to test their proposed claim constructions via a full-blown *Markman* hearing and decision before settling, thereby relegating the court's *Markman* decision to the category of 'advisory opinion.'"); *see also, Visto Corp. v. Sproqit Technologies, Inc.*, 2006 WL 3741946 (N.D. Cal. 2006) (denying motion to vacate all interlocutory orders, including a partial claim construction order, based on the patent holder's voluntary decision to extend to the alleged infringer a covenant not to sue); and *Bancorp*, 513 U.S. 18.

The court is also mindful that "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *See Bancorp*, 513 U.S. at 26; *see also Ericsson, Inc. v. Interdigital Communications Corp.*, 2004 WL 1636924 (N.D. Tex. June 3, 2004) *rev'd on other grounds*, 418 F.3d 1217 (Fed.Cir.2005) (extending reasoning of *Bancorp* to motions for vacatur directed to a district court).

In the present case, the court entertained several rounds of briefing, spent a substantial amount of time studying the asserted claims, the accused method and the Magni prior art, heard an hour of oral argument, and spent several days drafting the opinion. The public paid for this use of court resources through its tax dollars. Vacatur would render that expenditure a waste, and the

parties cite no public interest that would be served by vacatur which would justify the waste of public funds. Under all the circumstances of this case, the court finds that the balance of equities weigh strongly against vacatur, and thus denial of the parties' motion is warranted.

Dated: *4/23/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge